IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTRONE CHEATHAM | ) |
| MOVANT/PETITIONER, | ) |
| | ) |
| | ) 2:06CV 210 - F |
| | ) |
| vs. | ) CR. No. 02-07-N |
| | ) |
| | ) Civil No. (To be furnished by the Court) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| RESPONDENT. | ) |

MEMORANDUM IN SUPPORT OF MOTION PURSUANT
TO 28 U.S.C. §2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY

BRIEF OF ARTRONE CHEATHAM

ARTRONE CHEATHAM, PETITIONER, PRO SE
REGISTER NO. 11101-002
FEDERAL CORRECTIONAL COMPLEX-LOW
P.O. BOX 9000
FORREST CITY, AR 72336-9000

# TABLE OF CONTENTS

SECTION:                                                              PAGE(S):

TABLE OF CITED AUTHORITIES................................. (ii)

CONSTITUTION, STATUES, AND RULES........................... (iii)

CERTIFICATE OF INTERESTED PARTIES AND DISCLOSURE STATEMENT.. (iv)

STATEMENT OF JURISDICTION.................................. (v)

STATEMENT OF THE CASE...................................... 1

ISSUE I: INEFFECTIVE ASSISTANCE OF COUNSEL,
         VIOLATION OF FIFTH AND SIXTH AMENDMENT RIGHTS...... 3

ISSUE II: INEFFECTIVE ASSISTANCE OF COUNSEL,
          VIOLATION OF SIXTH AMENDMENT RIGHTS............... 8

ISSUE III: INEFFECTIVE ASSISTANCE OF COUNSEL,
           VIOLATION OF SIXTH AMENDMENT RIGHTS............... 12

ISSUE IV: PROSECUTORIAL MISCONDUCT......................... 16

ISSUE V:  SENTENCING ISSUE:
          INEFFECTIVE ASSISTANCE OF COUNSEL................. 21

REQUEST FOR EVIDENTIARY HEARING............................ 27

CERTIFICATE OF SERVICE..................................... 31

EXHIBITS OF EVIDENCE---DOCUMENTED RECORD................... 33

(ii)

## TABLE OF CITED AUTHORITIES

**CASES:**

PAGE(S):

United States v. James,
590 F.2d 575 (5th Cir.................................... 3,5

U.S. V. Alvarez,
696 F.2d 1307, 1310 (11th Cir.1988)........................ 4

United States v. Nixon,
418 U.S. at 701, 94 S.Ct. at 3104, 41 L.Ed.2d at 1060....... 6

Potts v. Zant,
638 F.2d 727, 751 (5th Cir.1981)........................... 7

Bonner v. City Of Prichard,
661 F.2d 1206 (11th Cir.1981)............................. 7

United States v. Toler,
144 F.3d 1423,1426 (11th Cir. 1998)........................ 8,10

United States v. Mercer,
No. 97-3224 (11th Cir. 1999).............................. 8

United States v. Towsend,
924 F.2d 1385, 1394 (7th Cir.1991)........................ 8

United States v. Carcaise,
763 F.2d 1328 (11th Cir.1985)............................. 8

United States v. Wright,
63 F.3d 1067, 1072 (11th Cir. 1995)....................... 8

Mendoza v. U.S. Atty. Gen.,
327 F.3d 1283,1286 n.4(11th Cir.2003)..................... 8

United States v. Lopez-Ramirez,
68 F.3d 438, 440 (11th Cir.1995).......................... 10

United States v. Lyons,
53 F.3d 1198, 1202 (11th Cir.1995)........................ 10

United States v. Hardy,
895 F.2d 1331, 1335 (11th Cir.1990)....................... 10

United States v. Kelly,
888 F.2d 732, 741 (11th Cir.1989)......................... 10

Murray v. Carrier,
477 U.S. 478, 496 (1986)................................. 13

U.S. v. Williamson,
183 F.3d 458, 463-64(5th Cir.1999)....................... 13

Evitts v. Lucey,
469 U.S. 387, 394,105 S.Ct.830,83 L.Ed.2d 821(1985)........ 14

Green v. Johnson,
160 F.3d 1029,1043 (5th Cir.1998)........................ 14

## CITED AUTHORITIES, cont.

### CASES:                                              PAGE(S)

United States v. Welliver,
  601 F.2d 203, 208-09(5th Cir.1979)......................... 14

United States v. Daniels,
  572 F.2d 535,541 (5th Cir.1978)........................... 14

Strickland v. Washington,
  466 U.S. 668 (1984)....................................... 14

Berger v. United States,
  295 U.S. 78, 88, 55 S.Ct.629,79 L.Ed. 1314 (1935).......... 18

United States v. Rodriguez,
  765 F.2d 1546, 1559 (11th Cir.1985)....................... 19

United States v. Solivan,
  937 F.2d 1146, 1156 (6th Cir.1991)........................ 19

United States v. Alate,
  47 F.3d 1103 (11th Cir.1995).............................. 20

Davis v. Zant,
  36 F.3d 1538, 1550 (11th Cir.1994)........................ 20

United States v. Blakely,
  14 F.3d 1557 (11th Cir.1994).............................. 20

United States v. Hands,
  184 F.3d 1322 (11th Cir.1999)............................. 20

United States v. Simpson,
  228 F.3d 1294,(11th Cir.)................................. 21

In re Winship,
  397 U.S. 358, 363 (1970).................................. 22,23

United States v. Booker,
  128 S.Ct.73 (2005)........................................ 23,24

Ivan V. v. City of New York,
  407 U.S. 203, 205 (1972).................................. 23

Hankerson v. North Carolina,
  432 U.S. 233 (1977)....................................... 24

Aron vs. United States,
  291 F.3d 708, 714 (11th Cir.2002)......................... 27

Harding v. Sternes,
  380 F.3d 1034, 1045 (7th Cir.2004)........................ 29

Hampton vs. Leibach,
  347 F.3d 219, 246 (7th Cir.2004).......................... 29

## CONSTITUTION, STATUES, AND RULES

                                                        **PAGE(S)**

**UNITED STATES CONSTITUTION:**

Amend. V............................................. 3,12,16,24,25

Amend. VI............................................ 3,8,12,21,25,29


**STATUTES:**

28 U.S.C. §2255.........................................15,27,31


**RULES:**

Fed.R. Crim. P. 52(b)............................................ 5

Fed.R. App. P. 28........................................ 8,9,10,13,28

Fed.R. Crim.P. 35(a)..................................... 25,26,

(iv)

## CERTIFICATE OF INTERESTED PARTIES AND DISCLOSURE STATEMENT

Movant/Petitioner Artrone Cheatham, filing in a pro se capacity, certifies that the following listed persons and parties have an interest in the outcome of this case:

1. Artrone Cheatham, a federal prisoner, I.D. No. 1102-002; currently incarcerated at the Federal Correctional Complex-Low, P.O. Box 9000, Forrest City, AR 72336-9000.

2. Honorable Mark E. Fuller, United States District Judge, Middle District of Alabama, P.O. Box 711, Montgomery, Alabama 36101-0711.

3. United States Attorney, Leura Garrett Canary, Middle District of Alabama, P.O. Box 197, Montgomery, Alabama 36101-0197.

4. Assistant United States Attorney, Todd A. Brown, P.O. Box 197, Montgomery, Alabama 36101-0197.

5. Donald G. Madison, Esquire, 609 South McDonough Street, Montgomery, Alabama 36104.

6. Maurice S. Bell, Esquire, 609 South McDonough Street, Montgomery, Alabama 36104.

7. Jimmy Carter Jr., a federal prisoner, I.D. No. 10986-002; currently incarcerated at the Federal Correctional Institution, P.O. Box 34550, Memphis, Tennessee 38138-0550.

(v)

## STATEMENT OF JURISDICTION

Movant/Petitioner Artrone Cheatham, is a federal prisoner in custody under sentence of a court established by Act of Congress, invoking the jurisdiction of this court pursuant to 28 U.S.C. 2255. Final judgment was entered in the United States District Court for the Middle District of Alabama, following the joint trial of Mr. Cheatham and Mr. Carter, and jury verdict was entered on June 19, 2003; before the Honorable Mark E. Fuller, United States District Judge. The Court sentenced Cheatham on September 23, 2003, to 235 months to be served in the Federal Bureau of Prisons. Mr. Cheatham, filed his timely Restated and Joint Notice of Appeal(Doc 281).

On February 19, 2004, Attorney Donald G. Madison, submitted the Joint Direct Appeal Brief, Case No. 03-13602-D, on behalf of Mr. Cheatham and Mr. Carter; to the Eleventh Circuit Court of Appeals. Assistant United States Attorney, Todd A. Brown, submitted his Appellee Brief on March 5th, 2004. On August 2, 2004, the Eleventh Circuit Court of Appeals, affirmed the convictions of both Cheatham and Carter. Attorney Madison, submitted a timely application for Rehearing En Banc; that was subsequently denied by the Eleventh Circuit Court of Appeals, dated October 27, 2004.

A timely filed Petition for Writ of Certiorari was submitted by Attorney Madison, on behalf of Artrone Cheatham solely; and the Supreme Court issued Order denying Petitioner's Writ of Certiorari on March 7, 2005. Therefore, Petitioner's 28 U.S.C. 2255 petition is timely filed under the 1-year period of limitation, from the date the judgment of conviction became final. This Court has jurisdiction pursuant to 28 U.S.C. 2255.

## STATEMENT OF THE CASE

A. HISTORY OF THE PROCEEDINGS AND STATEMENT OF FACTS.

On August 15, 2002, a federal grand jury seated in the Middle District of Alabama, returned a six-count superseding indictment; charging Carter and Artrone Cheatham with conspiring to distribute and possess with intent to distribute cocaine and cocaine base, along with the four substantive counts relating to Carter, and a count charging Cheatham with possessing cocaine base with intent to distribute it.

On May 5, 2003, Cheatham's jury trial began. Cheatham was tried separately, and his trial resulted in a hung jury. The note from the jury dated May 7, 2003, stated that the jury was at an impasse and sought the Court's counsel. On May 8, 2003, the jury in the Artrone Cheatham severed trial advised the Court that each side, based on their deep convictions, remained in a stale-mate. The Court subsequently declared a mistrial in Cheatham's severed case.

Due to the fact that the Government could not successfully make their case against Cheatham in the severed trial; on May 8, 2003, after the mistrial, the Government then filed a Motion to Join the trial of Carter and Cheatham. Although, motions were filed for dismissal, by the defense; on May 30, 2003, the district court granted the joinder motion. The joint trial began on June 16, 2003; and on June 19, 2003, the jury sent a note to the trial

-1-

judge stating the jury was hung and could not arrive at a unanimous decision as to Cheatham; but they had concluded a verdict as to Carter. Mr. Cheatham's counsel then moved for a Motion to Dismiss against Cheatham, based upon the fact the first jury on the severed trial had been hung; and on the joined trial this jury had returned hung.  The motion was denied and the jury was sent back and continued deliberations.  On June 19, 2003, the jury sent a second clarification stating: "Government exhibits 3,9,11,14,16, these reports are on evidence which was presented against Jimmy Carter. We would like to know why Artrone Cheatham's name is on the file title." Cheatham requested a special instruction be made to the jury; and although the Court withdrew the said evidence from the jury, the Court refused special instructions requested; notwithstanding the prejudicial affect of the said information.

The jury then returned a  verdict of guilty against Cheatham and on September 23, 2003, Cheatham was sentenced to 235 months imprisonment. Numerous objections were made at the pre-sentence hearing to the pre-sentence investigative report; that placed an additional amount of 30 kilograms of cocaine powder on Cheatham that was not found and proven to be true by the jury. Several appeal's were initiated on behalf of Cheatham at the appellate level; but due to numerous errors that were made by counsel, Cheatham did not receive proper review of his appellate issues. This Appeal now ensues.

-2-

QUESTION OF LAW PRESENTED & CASE LAW OF AUTHORITY

**ARGUMENT--STANDARD OF REVIEW:**

> I. WHETHER PETITIONER'S FIFTH AMENDMENT DUE PROCESS RIGHT
> WAS VIOLATED, AS WELL AS HIS SIXTH AMENDMENT RIGHT TO
> ASSISTANCE OF COUNSEL; DUE TO THE INEFFECTIVE ASSISTANCE
> OF COUNSEL BY ATTORNEY DONALD G. MADISON, FOR FAILING
> TO REQUEST A "JAMES" HEARING AND FAILING TO OBJECT TO
> THE ABSENCE OF THE HEARING, AS IT RELATED TO THERE
> BEING CORROBORATIVE EVIDENCE THAT CONNECTED CHEATHAM
> TO THE ALLEGED CONSPIRACY.

It was very evident from the Petitioner's first trial that ended in a mistrial, that there was no corroborative evidence nor **substantial** independent evidence that identified Cheatham as participating in the alleged conspiracy. Although Attorney Madison, was well aware of this very important fact, he yet allowed the Petitioner's Due Process Right's to be blatantly violated; when he failed to request a **JAMES** hearing during the trial court proceedings.[1] In the Petitioner's Direct Appeal Brief, Attorney Madison identified his incompetence and ineffectiveness when he submitted the following:

**ATTORNEY MADISON:** "The Court did not conduct a James hearing to determine whether there was corroborative evidence other than Carter's alleged statement made to Salery. The only evidence of a conspiracy was the testimony of Wallace Salery who testified that Carter said the other cocaine was Cheatham's when Carter allegedly picked up more than one kilo. Under United States v. James, 590 F.2d 575 (5th Cir.) (en banc), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283(1979), the trial judge

---

[1] See EXHIBIT "A-1"--Brief of Appellant--Attorney Donald G. Madison--Direct Criminal Appeal--Pages 28 & 29.

**ATTORNEY MADISON,(CONT.):** must determine the admissibility of a coconspirator's statements by deciding whether the government has offered substantial independent evidence of a conspiracy sufficient to go to the jury.Usually this is accomplished by holding a **James** hearing out of the presence of the jury. If, after the hearing, the judge is satisfied that there is substantial independent evidence that (1) a conspiracy existed, (2) that the coconspirator and the defendant against whom the statement is to be offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy, then he may allow into evidence the statements of the coconspirator. Fed.R.Evid. 801(d)(2) (E). As an additional measure of protection the trial judge, on appropriate motion at the conclusion of all the evidence, must determine as a factual matter whether the prosecution has established the three facts listed above by a preponderance of the evidence. If the prosecution has failed to link the coconspirator statements to proof of a conspiracy, the judge must determine whether a curative instruction to the jury to disregard the coconspirator's statements will correct the default or whether a mistrial is mandated." **James,** 590 F.2d at 582-83. **U.S. v. Alvarez,** 696 F.2d 1307,1310 (11th Cir. 1988).

Attorney Madison, went on to state in the brief that: "there was no testimony as to any agreement between Carter and Cheatham; no testimony as to how they conspired together or the elements of a partnership; no testimony as to whom Cheatham supposedly sold to; no evidence as to Cheatham cooking any cocaine. Carter's statements are the only statements implying a conspiracy, which violates **U.S. v. James,** id."

In the Assistant United States Attorney, Todd Brown's brief of response, he specifically identified and exposed Attorney Madison's ineffectiveness when he stated: "Because Cheatham never moved for such a hearing, nor did he object to the failure to

-4-

such a hearing in the case below, the decision to admit Salery's testimony must be reviewed under plain error analysis. Fed.R.Crim. P. 52(b). <u>Pielego,</u> 135 F.3d at 709. Cheatham has failed to meet his burden in this respect."[2]

Attorney Madison, forfeited the following protections for Cheatham during the trial court proceedings, by failing to request the <u>JAMES</u> hearing; as it related to the testimony of Wallace Salery:

    A. Whether the alleged coconspirator's statements offered sub-substantial independent evidence of a conspiracy sufficient to go to the jury.

    B. Whether the alleged coconspirator and the defendant against whom the statement was to be offered, were members of the alleged conspiracy.

    C. Whether a pretrial hearing outside the presence of the jury, would have allowed the trial judge to correctly and factually determine the admissibility of the alleged coconspirator statements.

**United States v. James, 590 F.2d 575 (5th Cir.)(en banc), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979).**

Attorney Madison, specifically presented to the Appellate Court that the trial court did not conduct a **James** hearing; and that Carter's statements were the only statements presented at the proceedings implying a conspiracy; which violated **U.S. v. James.** However, what Attorney Madison failed to acknowledge is that it was because of his failure to request the hearing, that resulted in his client's Due Process Rights being violated; and a man that was actually innocent of the alleged conspiracy being wrongfully convicted.

---

    [2] See **EXHIBIT "B-2"**--Brief of Appelle--Assistant United States Attorney, Todd Brown--Direct Criminal Appeal--Page 10.

It is a well established fact in this circuit that it is the trial court who has the responsibility for determining those questions of fact relating to admissibility of the statements of coconspirators. Petitioner Cheatham, was placed in a **prejudiced** position by his own counsel; when Attorney Madison failed to request the **James** hearing. Attorney Madison, failed to understand and comprehend that a requested **James** hearing would have invoked the substantial evidence rule on the behalf of his client; rather than the obvious "preponderance" of evidence that was utilized to link Cheatham to the alleged conspiracy. **United States v. Nixon**, 418 **U.S. at 701, 94 S.Ct. at 3104, 41 L.Ed. 2d at 1060.**(there must be substantial, independent evidence of a conspiracy, at least enough to take the question to the jury).

At the conclusion of the Government's case, it was quite apparent that there was no testimony as to any agreement between Carter and Cheatham; no testimony as to how they conspired together or the elements of a partnership; no evidence or testimony as to whom Cheatham allegedly sold cocaine to. In actuality, the failure of Attorney Madison to put the statement of the alleged coconspirator to the **James** hearing, allowed an actual innocent man to be tried and convicted for a crime that he was in no way guilty of. Due to the fact that Attorney Madison, made this critical error during the trial court proceedings; it resulted in the issue failing to be reviewed at the appellate level. The cause for this default, and the actual prejudice from not having this issue reviewed, is directly due to the ineffective assistance of counsel

-6-

that was connected to the representation of Attorney Donald Madison; and the constitutional violation resulted in the conviction of one who was actually innocent. There is no procedural default or bar concerning this issue, due to the fact that a fundamental miscarriage of justice has taken place because of the incompetence and errors of Attorney Madison; and due to his ineffectiveness he allowed his client to be denied his Due Process Rights; and to be convicted of a crime that he was innocent of.

In this circuit, as well as in the Supreme Court, when a §2255 petitioner sets out detailed factual allegations, as Cheatham has concerning this claim; the petitioner is entitled to an evidentiary hearing. The corroboration to the petitioner's allegation is supported by the documented, Exhibits of Evidence; that are submited with this claim. Potts v. Zant, 638 F.2d 727, 751(5th Cir. 1981) (citations omitted).[3]  Therefore, Petitioner Cheatham, respectfully request's that his conviction and sentence would be vacated and set aside; and that a hearing would be scheduled to grant him the relief that he is facually and legally entitled to.

_____

[3] In Bonner v. City of Prichard,  661 F.2d 1206(11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

**ARGUMENT--STANDARD OF REVIEW:**

> II. WHETHER SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL
> WAS VIOLATED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL
> OF ATTORNEY DONALD MADISON; WHEN HE FAILED TO COMPLY
> WITH THE REQUIREMENTS SET FORTH IN RULE 28, FED.R.APP.P.
> IN THE DIRECT APPEAL APPELLANT BRIEF, AS IT RELATED TO
> WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE
> CONVICTION. DUE TO COUNSEL'S PREJUDICIAL AND DEFICIENT
> REPRESENTATION IN SUBMITTING THE DIRECT APPEAL BRIEF;
> IT RESULTED IN A VERY IMPORTANT ISSUE BEING ABANDONED
> AND WAIVED FROM BEING REVIEWED BY THE APPELLATE COURT.

A review of the documented record will clearly show, as it relates to this issue, that Attorney Madison failed to legally and factually present the Petitioner's claim of lack of sufficient evidence to support the conviction, on Direct Appeal, in namely that:

A. That the conspiracy conviction under section 846, was not supported by sufficient evidence, due to the fact that the Government did not prove: (1) an agreement between the defendant and one or more persons, and (2) the object of which is to do either an unlawful act or a lawful act by unlawful means, in violation of **United States v. Toler,** 144 F.3d 1423, 1426 (11th Cir. 1998).

B. That there was absolutely no evidence that there was any agreement between Salery and Cheatham at any time, concerning the alleged conspiracy, in violation of **United States v. Mercer,** No. 97-3224 (11th Cir.1999).

C. That the evidence sufficiently lacked in establishing an agreement between Salery and Cheatham on the multitude of decisions and acts necessary to constitute a conspiracy, in violation of, **United States v. Towsend,** 924 F.2d 1385, 1394 (7th Cir.1991).

D. That the evidence lacked in supporting any details or references between Cheatham and other alleged conspirators, regarding the conspiratorial agreement, in violation of **United States v. Carcaise,** 763 F.2d 1328 (11th Cir.1985).

E. That the evidence lacked in supporting that there was any conversation at any time between Salery and Cheatham that an actual agreement was consumated to establish a conspiracy, in violation of **United States v. Wright,** 63 F.3d 1067, 1072 (11th Cir. 1995).

-8-

Rather than submitting the above stated lack of evidence and cited authorities in the Direct Appeal Brief; Attorney Madison, erroneously made naked claim's and vaguely submitted a general citation describing the standard of review in a sufficiency of the evidence issue.[4] It is a well established fact in the Eleventh Circuit that a brief falling to meet requirements of Rule 28, Fed.R.App.P., may result in waiver or abandonment of issues. **Mendoza v. U.S.Atty. Gen.,** 327 F.3d 1283, 1286 n. 4 (11th Cir.2003). Attorney Madison, specifically failed to comply with, as it related to the sufficiency of evidence claim, **Rule 28(9):**

**A.** Appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

**B.** For each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues.

Due to Attorney Madison's failure to sufficiently acquaint himself with the F.R.App.P., it resulted in the Appellate Court waiving review of a crucial issue that dealt directly with the illegal conviction of the Petitioner. A proper review of the sufficiency of the evidence issue at the appellate level; would have revealed that the trial court erred in not granting Cheatham's motion for judgment of acquittal at the close of the Government's case and at the end of the case, in namely that:

A. The evidence failed to show beyond a reasonable doubt that Cheatham agreed to participate in a conspiracy to distribute crack cocaine.

----

[4] See EXHIBIT "C-3"--Brief of Appellee-Assistant United States Attorney, Todd Brown--Direct Criminal Appeal--Pages 16 & 17.

-9-

B. The evidence if reviewed de novo by the Court of Appeals, would have conclusively shown that a reasonable jury could not have concluded beyond a reasonable doubt; that Cheatham was guilty of the crime that he was charged with.

C. That a verdict of guilty will stand, **"only"** if there is substantial evidence to support it "unless no trier" of fact could have found guilt beyond a reasonable doubt.

D. That even when the evidence was viewed in the light most favorable to the government, it did not contain sufficient evidence to show beyond a reasonable doubt that Cheatham was guilty of the alleged conspiracy.

See: United States v. Lopez-Ramirez, 68 F.3d. 438, 440 (11th Cir. 1995); United States v. Lyons, 53 F.3d 1198, 1202,(11th Cir.1995); United States v. Toler, 144 F.3d 1423, (11th Cir.1998).

Although the evidence did not need to exclude every reasonable hypothesis of innocence in order to sustain a guilty verdict; however, a conspiracy conviction predicated on conjecture cannot be sustained. Attorney Madison, forfeited his client's legal right to appellate review relating to this issue; for failing to properly comply with the F.R.App.P Rule 28; thereby, clearly constituting ineffective assistance of counsel. See United States v. Hardy, 895 F.2d. 1331, 1335(11th Cir.1990); United States v. Kelly, 888 F.2d. 732, 741 (11th Cir.1989).

In analyzing Attorney Madison's performance under the standard of Ineffectiveness, it is quite evident that no reasonable attorney on appeal, would have made such elementary errors. The adversial process on appeal did not work adequately, due to Attorney Madison's ineffectiveness. No competent counsel would have forfeited his client's right to appellate review; simply because he would not take the time or effort to acquaint himself with the Federal Rules of

-10-

Appellate Procedure. the documented errors made by Attorney Madison;
are confirmed by the Rules; the brief of the Assistant United States
Attorney; and the Court of Appeals that chose to deny appellate re-
view on this particular issue; and but for counsel's unprofessional
errors, the outcome of the proceeding would have been different.

Therefore, in light of the documented record presented, and
because of the ineffective assistance of counsel verified by the
petitioner's argument; the conviction and sentence of Petitioner
Cheatham should be vacated and set aside in order to correct the
manifest injustice that occurred in this instant case. The errors
that were made by counsel were so serious that counsel was not
functioning as the 'counsel' guaranteed the Petitioner by the Sixth
Amendment. **Strickland**, **466 U.S. at 687.** This is not a situation of
second-guessing the strategy of Attorney Madison, as it relates to
his representation; but rather a documented record of his deficient
performance that created an extreme prejudiced position for the
Petitioner.

It is quite obvious, by reviewing the Direct Appeal Brief that
Attorney Madison filed on behalf of the Petitioner; that he impaired
his ability to properly argue this issue due to attempting to present
seventeen(17) different issues for appellate review. Only one(1) issue
survived appellate review; and this issue that dealt directly with
the evidence that was utilized to falsely convict Cheatham, was
waived and abandoned because of Attorney Madison's errors. Therefore,
ineffective assistance of counsel has been substantiated by the record.

-11-

**ARGUMENT--STANDARD OF REVIEW:**

> III. **WHETHER PETITIONER'S FIFTH AND SIXTH AMENDMENT RIGHTS WERE VIOLATED, AS IT RELATED TO THE TRIAL COURT IMPROPERLY IN-FLUENCING THE JURY; DUE TO ATTORNEY MADISON'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMPLY WITH THE RE-QUIREMENTS SET FORTH BY RULE 28, FED.R.APP.P., WHEN HE ERRONEOUSLY FAILED TO PRESENT THE DIRECT APPEAL BRIEF PURSUANT TO THE PRESCRIBED RULE. DUE TO COUNSEL'S PREJUDICIAL AND DEFICIENT REPRESENTATION AT THE APPELLATE LEVEL; IT RESULTED IN A VERY IMPORTANT ISSUE BEING ABANDONED AND WAIVED FROM BEING REVIEWED BY THE APPELLATE COURT.**

Once again, we need only to look at the documented record, to see the incompetence and ineffective assistance of counsel; that Attorney Madison provided on behalf of the Petitioner as it re-lates to this issue. Attorney Madison's errors were well identified by Assistant United States Attorney, Todd A. Brown, when he filed his Appellee Brief to the Court, stating the following factual position:

" These bald assertions are unsupported by any legal authority, with the exception of a few inapposite cases supporting a position related to whether and under what circumstances a trial judge may question a witness or comment on evidence. **App. Br., at 44-45.** Further, the appellants do not explain how they were prejudiced by the court's statements or rulings. Accordingly, as the appellant's brief does not comport with the requirements set forth in Rule 28, Fed.R.App.P., the appellant's argument fails. **See Adler, supra, Mendoza, supra.**" [5]

The issue that is now raised is not whether the trial court improperly influenced the jury, infringing Cheatham's due process right to an impartial jury and fair trial; but rather the factual evidence that Attorney Madison erroneously and due to his incompetence,

---

[5]
    See EXHIBIT "D-4"--Brief of Appellee--United States of America-Direct Criminal Appeal, Pages 19 & 20.

caused the Petitioner's issue as it relates to this argument; to
have been waived and abandoned at the Appellate level. In deciding
whether a counsel's performance was ineffective, a court takes the
position, of considering the totality of the circumstances. See
**Murray v. Carrier**, 477 U.S. 478, 496(1986). ("the right to effective
assistance of counsel...may in a particular case be violated by even
an isolated error of counsel if that error is sufficiently egregious
and prejudicial").

In the instant case, the Petitioner does not rely on surrounding
circumstances to prove ineffective assistance; but rather identifies
the specific error and omission that was made by Attorney Madison,
as it related to not comporting with the requirements set forth in
Rule 28, F.R.App.P. We have an Officer of the Court in the person
of Assistant United States Attorney, Todd A. Brown, who on record
and under oath identifies the error of Attorney Madison at the
Appellate level; and clearly states that it fails to comprt with the
requirements established by this rule. The failure of Attorney Madison,
to comport with the rules established by the F.R.App.P., Rule 28, was
objectively unreasonable and resulted in prejudice to the Petitioner,
due to having his issue waived and abandoned at the appellate level.
**U.S. v. Williamson**, 183 F.3d 458, 463-64(5th Cir.1999).

Prejudice was established against the Petitioner, concerning
this issue, when Attorney Madison erroneously caused it to be waived
for appellate review. The entitlement to effective assistance does
not end when the sentence is imposed, but extends to one's first

-13-

appeal of right. See <u>Evitts v. Lucey</u>, 469 U.S. 387, 394, 105 S.Ct.
830, 83 L.Ed.2d 821 (1985); <u>Green v. Johnson</u>, 160 F.3d 1029, 1043
(5th Cir. 1998). The issues that Attorney Madison, caused to be
forfeited at appellate review, were namely:

   A. That there was conclusive proof from the documented record
that the trial court improperly influenced the jury by its comments;
thereby, prejudicing Cheatham, and infringing his due process right
to an impartial jury and fair trial.

   B. That there was conclusive proof from the documented record
that the trial court on two occasions elicited testimony not pro-
vided until the Court's question.

   C. That there was conclusive proof from the documented record
that the trial court allowed testimony to be provided against
Cheatham; where there were no notes regarding the event, and also
violated Cheatham's due process rights established under the stand-
ard of <u>MIRANDA</u>.[6]

   It was without question that the trial judge improperly inter-
jected himself into the trial by questioning and answering for
witnesses; clearly in violation of the precedent established in,
<u>United States v. Welliver</u>, 601 F.2d 203, 208-09(5th Cir.1979); and
<u>United States v. Daniels</u>, 572 F.2d 535, 541 (5th Cir.1978). The
stated legal and factual argument was waived and abandoned; due to
the errors that were made by Attorney Madison not comporting with
the Federal Rules of Appellate Procedure.

   The two-prong test to evaluate ineffective assistance claims
as established by, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984);
clearly identifies that when counsel's performance falls below an
objective standard of reasonableness, and his deficient performance

---

   [6] See EXHIBIT "E-5"--Brief of Appellant--Attorney Donald G.
Madison--Direct Criminal Appeal--Pages 42--45.

places the defendant in an unreliable or fundamentally unfair out-
come in the proceedings, that it constitutes ineffective assistance
of counsel.

Both prongs have been proven by the presented documentation
in this instant case, and the record clearly supports the claims
of the Petitioner; as it relates to Ineffective Assistance of Counsel.
Therefore, in the interest of justice, and to correct the miscarriage
of justice that has taken place; the Petitioner's conviction and
sentence should be vacated and set aside.    Due to the extent of
the evidence that was available to Attorney Madison, to raise on
appellate review; it would have provided conclusive proof that plain
error had taken place, due to the errors of the trial court. There
is more than a reasonable probability that the results of Cheatham's
instant appeal; would have been different but for Attorney Madison
errors.

It has been a tactic of many Assistant United States Attorney's
to attempt to utilize the argument of procedural default, when a
petitioner on collateral attack presents events that transpired that
violated his constitutional rights. Petitioner submits only the details
of this particular argument, in order to establish before the court,
the deficiency and prejudice that he suffered as a result of Attorney
Madison's ineffective assistance of counsel. Therefore, the petitioner
in no way has surrendered his legal and factual right to challenge
the constitutional violation of ineffective assistance of counsel;
and request's that the Court would grant him the relief that he now
seeks by way of his 28 U.S.C. §2255 Petition.

-15-

ARGUMENT---STANDARD OF REVIEW:

IV. PROSECUTORIAL MISCONDUCT: THE GOVERNMENT ENGAGED IN PROSECUTORIAL MISCONDUCT BY:

PLACING ARTRONE CHEATHAM'S NAME ON THE FILE TITLE OF GOVERNMENT EXHIBITS 3, 9, 11, 14, 16, WHILE FULLY KNOWING THAT THE EXHIBITS WERE EVIDENCE THAT WERE PRESENTED SOLELY AND COMPLETELY AGAINST ALLEGED COCONSPIRATOR JIMMY CHARTER. THE GOVERNMENT UTILIZED THIS TACTIC TO COERCE, PERSUADE, MISLEAD, CONVINCE, AND MOVE THE JURY TO FIND CHEATHAM GUILTY, AFTER IT WAS IDENTIFIED THAT THE JURY WAS HUNG AND COULD NOT REACH AN UNANIMOUS DECISION CONCERNING CHEATHAM.

The trial of the Petitioner began on June 16, 2003. On June 19, 2003, the jury sent a note to the trial judge (Doc 252), stating the jury was hung and could not arrive at a **unanimous decision as to Cheatham**; but they had concluded a verdict as to Mr. Carter. It was quite obvious at this particular point that the jury could not unanimously agree beyond a reasonable doubt; that the Government had made their case against Cheatham that he was guilty of the alleged conspiracy.

A few of the outstanding reasons that contributed to the fact that created the hung jury, were:

A. Alleged statements that were solicited by the Prosecutor that were not disclosed to the defense, that in turn violated Cheatham's MIRANDA rights.

B. That there had been no evidence, no witness who had presented any evidence, of conspiracy, or that any "crack" cocaine was attributed to him.

C. Overruled and denied objections that requested proper jury instructions as it related to the difference between "powder" and "crack" that was already the established law of the case.

-16-

After the jury retired on June 19, 2003, and then identified
by way of note that they could not come to a unanimous decision on
Artrone Cheatham; the government requested a 11th Circuit <u>ALLEN</u>
charge, over the objections of Attorney Madison,that noted:

   A. This was the second time the case had been tried.
   B. That the first trial against Cheatham resulted in a hung jury.
   C. That in the second trial Cheatham had been improperly tried
      with alleged co-defendant Carter; and it yet resulted in a
      hung jury against Cheatham.
   D. That it would be prejudicial against Cheatham to instruct
      the jury that they should find a verdict, as it may impact
      a juror to change their mind.
   E. That the case should now be dismissed.[7]

At this time of the Court proceedings, Attorney Madison objected
to any exhibits remaining in the jury's view; due to the fact that
the exhibits pertained only to Mr. Carter and not Mr. Cheatham; and
to allow the jury to infer any basis or existence of those exhibits
to support any inference of guilty or non-guilt would be inappropriate.[8]
In open court, when questioned by the trial judge, Prosecutor Brown,
openly admitted that none of the exhibits of evidence was linked to
Mr. Cheatham; and that Officer Sisson had testified that it was his
opinion that the evidence was not linked to Mr. Cheatham. However,
while acknowledging that none of the evidence in exhibits 3, 9, 11,
14,16, was attributable to Cheatham; in the jury's <u>second note</u> after
they had already informed the court that they could not reach a

---

[7] See EXHIBIT "F-7"--- Brief of Appellant--Attorney Donald G.
Madison--Direct Criminal Appeal--Page 16.

[8] See EXHIBIT "G-8"-- Brief of Appellant--Attorney Donald G.
Madison--Direct Criminal Appeal--Page 17.

unanimous decision in their first note, the Court noted:

COURT:    "Ms. Johnson, I have another note from the jury, and I will
          read it so that I can ensure that it is accurate. We need
          a clarification on the following Government exhibits 3,9,
          11,14,16. These reports are on evidence presented against
          Jimmy Carter. We would like to know why Artrone Cheatham's
          name is on the "file title". It's signed Betty Johnson." [9]

Although, the Court ruled that the evidence had been withdrawn,

and that the jury was told to continue their deliberations without

regard to those exhibits; the premeditated deception of the govern-

ment attaching Cheatham's name on the file created confusion and

doubt concerning his innocence. This was well evidenced, when the

jury then returned a guilty verdict against Cheatham on the charge

of 50 grams or more.

As the Supreme Court stated in **Berger v. United States**, 295

U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed 1314 (1935); a landmark case

that is still applicable law throughout the United States, that:

          "The United States is the representative not of an ordinary
          party to a controversy, but of a sovereignty whose obligation
          to govern impartially is as compelling as its obligation to
          govern at all; and whose interest, therefore, in a criminal
          prosecution is not that it shall win a case, but that justice
          shall be done. As such, he is in a peculiar and very definite
          sense the servant of the law, the twofold aim of which is
          that guilty shall not escape or innocence suffer. He may
          prosecute with earnestness and vigor, indeed, he may strike
          hard blows, **he is not at liberty to strike foul ones**. It is
          as much his duty to refrain from **improper methods** calculated
          to produce a wrongful conviction as it is to use every
          legitimate means to bring about a just one."

_____

[9] See EXHIBIT "H-9--Brief of Appellant--Attorney Donald G.
Madison--Direct Criminal Appeal--Page 18

In this instant case, the documented record clearly supports
the fact that Prosecutor Todd A. Brown, failed to refrain from
improper methods; in the fact that he falsely connected Cheatham
to the exhibit file that had absolutely nothing to do with him. When
it was extremely apparent that the jury could not reach a unamimous
decision concerning the guilt of Cheatham in the alleged conspiracy
the government sought a unfair, improper, and illegal advantage by
attaching Cheatham's name to the exhibit file. While the government
will attempt to excuse this misconduct, by suggesting that it was
a mistake or that it was done inadvertently; the facts remain the
same: **the jury would not and could not unanimously reach a decision
concerning Cheatham; until after the improper conduct of the govern-
ment took place. In United States v. Rodriguez, 765 F.2d 1546,1559
(11th Cir. 1985);** it was well established in this circuit that a
prosecutor must refrain from improper methods calculated to produce
a wrongful conviction. **Rodriguez, 765 F.2d at 1559.**

The Prosecutor's improper methods cannot be viewed as harmless,
due to the fact of the impact that the trickery and deception, had on
the jury's final decision. It is without question, that the Court's
instruction to the jury to disregard the exhibits; could not correct
the damage and prejudice that had already taken place against
Cheatham. It is an established fact that an error may be so prejudicial
that no cautionary instruction, however swiftly and forcibly given,
can safely eradicate its effect. **United States v. Solivan, 937 F.2d
1146, 1156 (6th Cir.1991).** Due to the fact that there was no physical

-19-

evidence that connected Chatham to the conspiracy; no testimony
that established that Cheatham conspired in any agreement to the
conspiracy; no testimony as to whom Cheatham supposedly sold to;
the jury could not unanimously render a decision against Cheatham
until after they had been misled by the Government's misconduct.
The prosecutor's misrepresentation to the jury about the exhibit
evidence file, is tantamount to the knowing use of false evidence.
On several cases in the Eleventh Circuit, cases have been reversed
due to: prosecutor's misrepresentations to the jury about the
witnesses' agreements, as it relates to sentence reduction; improper
arguments by prosecutors where the government's case rested on the
credibility of witnesses; improper methods as it related to plea
agreements; and in this instant case an examination of the documented
record will clearly show that the jury notified the court by way of
note that : "We can not come to a unanimous decision on Artrone
Cheatham. We have concluded the verdict on the defendant Jimmy Carter"[10]
See: <u>United States v. Alate</u>, 47 F.3d 1103 (11th Cir.1995);
<u>Davis v. Zant</u> 36 F.3d 1538, 1550 (11th Cir. 1994); <u>United States v.
Blakey</u>, 14 F.3d 1557 (11th Cir.1994); and <u>United States v. Hands</u>, 184
F.3d 1322(11th Cir. 1999). Bare assertions and naked claims are not
needed concerning this issue, for the documented record clearly shows
the Prosecutorial Misconduct of Assistant United States Attorney, Todd
A. Brown.

---

[10] See EXHIBIT "I-10"-- Note from the jury--Stamped filed on
June 19, 2003; and signed by Foreperson--Betty Johnson.

ARGUMENT---STANDARD OF REVIEW:

### V. SENTENCING ISSUE:

PETITIONER'S SIXTH AMENDMENT RIGHT TO TRIAL BY JURY WAS VIOLATED AT SENTENCING BECAUSE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL OF ATTORNEY DONALD G. MADISON; DUE TO THE FACT THAT ATTORNEY MADISON ERRONEOUSLY ATTEMPTED TO BASE HIS OBJECTION AND ARGUMENT ON, UNITED STATES V. SIMPSON, THAT DEALT SPECIFICALLY WITH RELEVANT CONDUCT THAT PRECEDED THE CONSPIRACY TIME FRAME.[11]

Petitioner submits that the documented record and exhibit will clearly set forth the fact of Attorney Madison's erroneous attempt to utilize the SIMPSON case to challenge relevant conduct for the purposes of sentencing, as is noted by the following:

COURT: "In reviewing the case that has been submitted by the defense, case of **United States vs. Darrell Simpson**, cited at 228 F.3d 1294, the court finds that the argument of the defendant, although accurate to the facts contained in this case, **being the Simpson case,** it does not necessarily---I do not find that the argument of counsel is persuasive to the facts of this case, United States of America vs. Cheatham."

What was at issue at the time of the Petitioner's sentencing hearing was the fact that the jury had returned a specific, special verdict that found the Petitioner guilty of 50 grams or more of Cocaine base only.[12] It must be noted by the Court, and should have been known to Attorney Madison, that a special verdict form utilized by a jury, sets forth the following standards:

A. That the special verdict stands as a **final decision** of the special matters with which it deals.

---

[11] See EXHIBIT "J-11"--Sentencing Transcript--Pages 16,17, and 22&23--Honorable Mark E. Fuller, Judge.

[12] See EXHIBIT "K-12--Verdict of the Jury--Signed by Foreperson Betty Johnson---June 19, 2003.

-21-

B. That the special verdict sets forth the **essential elements** of the offense, or the conviction is invalid.

C. That the special verdict specified and designated the type, and amount of drugs that the Petitioner could **only** be held responsible for.

D. That the Petitioner's sentencing exposure could only be determined by what the special verdict set forth, in response to what was alleged in the charging indictment.

E. That whatever is not found in the special verdict is **considered as not existing.**

F. That the special verdict is solely responsible for finding the **only** facts that are material to the case.

See **75B Am Jur 2d §1847 & 1848.**

The documented record clearly shows on the special verdict form of Artrone Cheatham, that he was eventually found guilty of: "Conspiracy to possess with intent to distribute--Cocaine base ("crack cocaine")-- Weighing 50 grams or more." (Exhibit "K-12"); and as stated above concerning the set standards of a special verdict, that whatsoever is not found in the special verdict is considered as not existing. However, Attorney Madison, allowed the Petitioner's Due Process rights to be blatantly violated; due to the fact that he failed to direct the court's attention to the set and prescribed standards of the special verdict form that set the **only** criteria that Cheatham could be held responsible for.

What was readily available to Attorney Madison at the Petitioner's sentencing hearing, was the standard established in the landmark case known as, **In re Winship, 397 U.S. 358, 363(1970);** that established that the reasonable doubt requirement "has vital role in our criminal procedures." The special verdict form specifically gave notification

-22-

that the **only** thing that had been unanimously decided by the jury
beyond a reasonable doubt was what the jury stated in the form.
However, at the sentencing hearing, the trial court placed an
additional **30 kilograms of cocaine powder** on the Petitioner; that
the jury did not find the Petitioner guilty of by the reasonable
doubt standard.

The reasonable doubt standard set forth in, **In re Winship**, has
been expressly confirmed that: "Judicial fact-finding that enhances
sentences under the preponderance of the evidence standard, which
was never charged or submitted to a jury nor proven beyond a reason-
able doubt, violates a defendant's Sixth Amendment rights under the
Constitution." **United States v. Booker,** 128 S.Ct. 73 (2005) . The
standard that was in violation at the Petitioner's sentencing hear-
ing, that failed to be articulately presented by Attorney Madison
was the very fact that:

"The Supreme Court has acknowledged that the standard of proof
can significantly impact factfinding accuracy and society's confidence
in the result. The reasonable-doubt standard plays a vital rule in
the American scheme of criminal procedure. It is a prime instrument
for reducing the risk of convictions resting on factual error; for the
reasonable-doubt standard is indispensable to command the respect and
confidence of the community in applications of the criminal law."

[**In re Winship**, 397 U.S. 358 , 363, 364 (1970); **Ivan V. v. City of**
**New York**, 407 U.S. 203, 205 (1972). ]

Attorney Madison, could have presented before the sentencing
court, the very fact that, the purpose of the Petitioner having a
special verdict form to specifically establish what he was being
found guilty of by the jury; was to insure and protect the truth-
finding function from being substantially impared.

-23-

In, **Hankerson v. North Carolina**, 432 U.S. 233 (1977); it
clearly established that the constitutional right of Due Process,
required proof of all elements of crime beyond a reasonable doubt
and voiding presumptions that shift burden of proof to defendants.
The Petitioner notes to the court, that the existing precedent,
that was available to Attorney Madison at sentencing; failed to be
utilized, and resulted in his Due Process Rights being blatantly
violated. The Fifth Amendment required proof beyond a reasonable
doubt, not by a preponderance of evidence, of **any** fact that increases
the sentence beyond what could have been lawfully imposed on the
basis of **facts found by the jury or admitted by the defendant.**
Booker, 125 S.Ct. At 798, n. 6 (THOMAS, J, dissenting). In the instant
case of the petitioner, it is an established fact that the preponderance
of evidence standard that the Government utilized to increase his guide-
line range had no statutory basis; and clearly violated the Petitioner's
Fifth amendment rights.

The **reasonable doubt standard,** that was violated at the sentencing
hearing, was utilized by the Government to increase and enhance the
Petitioner's sentencing exposure by **115 months.** The documented
record clearly shows exactly what the jury found Cheatham guilty of;
that in essence would have rendered a 120 month mandatory sentence at
the time of the sentencing hearing. Since the time of the Petitioner's
hearing, the Supreme Court held in, **United States v. Booker**, 124 S.
Ct. 738 (2005); **before Cheatham's sentence was final;** that judicial
fact-finding that enhances sentences under the preponderance of the

-24-

evidence standard, which was never charged or submitted to a jury
nor proven beyond a reasonable doubt, violates a defendant's Sixth
Amendment right under the Constitution. This standard confirms the
fact that because Cheatham's sentence was determined based on Guide-
line enhancements decided by a judge under a preponderance standard;
Cheatham's "legal right to a lesser sentence" was violated under
the Sixth Amendment right to trial by jury. Petitioner Cheatham,
had an absolute right to have the <u>facts</u>  surrounding: (1) the
elevation of his offense from 50 grams or more of cocaine base,
(for which he was convicted and stipulated to at trial) to an extra
30 kilo's of cocaine powder reached by "relevant conduct" and dis-
missed conduct; **to be decided by a jury under the reasonable doubt**
**standard.**  The sentence of the Petitioner is clearly illegal,
violating the maximum authorized by law; and in direct conflict
with what the jury found Cheatham guilty of, and must be vacated,
set aside and corrected.

   A final note on counsel's ineffectiveness took place when
Attorney Madison erroneously attempted to file an incorrect, un-
timely Motion pursuant to Fed. R. Crim.P. Rule 35(a); that was not
requested, solicited, nor authorized by the Petitioner. Once again,
Attorney Madison demonstrated his deficiency and incompetence in
understanding the Federal Rules of Criminal Procedure, in namely
that Rule 35(a) provides that:

   "Within 7 days after sentencing the court may correct a sentence
that resulted from "arithmetical, technical, or other clear error."
The Order of the Court went on to state: "Thus assuming (without so

-25-

finding) that the movants set forth claims falling under the ambit of Rule 35(a) an attempt to challenge their sentences under that rule would be untimely." [13]

These are exactly the errors that Attorney Madision, made continuously throughout the Petitioner's appellate process in not comporting to the rules; not establishing the clear case law precedent already established in the Eleventh Circuit; and thereby placing  Cheatham in a prejudiced position throughout the proceedings. Due to his errors, Attorney Madison, had to submit a motion to with-draw the faulty Rule 35(a) motion that he had attempted to submit to the District Court on behalf of the Petitioners. Attorney Madison, had to acknowledge that: "The undersigned counsel may have erroneously denoted the Motion as a Rule 35 motion as opposed to a Rule 44 request for Rehearing." [14] This pattern of incompetence was not connected to one isolated event; but rather a consistent pattern that clearly reveals the Ineffective Assistance of Counsel on the behalf of Attorney Madison. The Petitioner has clearly, by way of the numerous documentation, proven that Attorney Madison was ineffective in his representation of assisting the Petitioner.

---

[13]
See EXHIBIT "L-13"--Order of the Court--United States Magistrate Judge, Charles S. Coody.

[14]
See EXHIBIT "M-14"-- Motion to withdraw Petition -- filed by Attorney Donald G. Madison---Erroneous Motion.

-26-

## REQUEST FOR EVIDENTIARY HEARING

Petitioner has pleaded facts and presented sufficient evidence by way of the documented record, and exhibits of evidence that clearly shows that he is entitled to an evidentiary hearing.

28 U.S.C. 2255 reads, in pertinent part, as follows:

> Unless the motion, and the files, and the records of the case **conclusively show** that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

It has been well established in this circuit by way of **Aron vs. United States**, 291 F.3d 708, 714 (11th Cir. 2002):

> " As we have previously stated, if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."

The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege--not prove--reasonably specific non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the

petitioner must offer proof. Petitioner Cheatham, has presented by way of the documented record of the Court; exhibits of evidence from the brief of his previous counsel as well as statements that were made under oath by the Assistant United States Attorney; that clearly substantiate and proves his claim of Ineffective Assistance of counsel. Petitioner submits the following official request for aid and assistance that will clearly verify his submitted claims at the evidentiary hearing:

1. A subpoena of Assistant United States Attorney, Todd A. Brown, to testify under oath to the following allegations:

A. The extent of his willful and knowingly intent to falsely place the Petitioner's name on the evidence file.

B. The extent of the arrangements that were made on behalf of the Government's key witness, Wallace Salery, in order to solicit his fabricated testimony against the Petitioner.

C. The extent of the sentence reduction that was given to the Government's key witness, Wallace Salery, after he provided his testimony and statements at the Petitioner's trial proceedings.

D. Any other allegations that have been raised in the Petitioner's Brief, concerning the intentional misconduct of Assistant United States Attorney, Todd A. Brown.

2. A subpoena of Defense Counsel, Donald G. Madison, to testify under oath to the following allegations of Ineffective Assistance of Counsel.

A. The extent of his ineffectiveness to comport with the requirements as identified by Rule 28 of the Federal Rules of Appellate Procedure; especially as it related to whether there was sufficient evidence to support the conviction of the Petitioner.

B. The extent of his ineffectiveness to request a "JAMES" hearing on behalf of the Petitioner during the trial proceedings; and the

-28-

legal and factual explanation on why he placed the Petitioner in such a prejudiced position.

C. The extent of his ineffectiveness to comport with the requirements as identified by Rule 28 of the Federal Rules of Appellate Procedure; especially as it related to whether the trial court improperly influenced the jury.

D. The extent of his ineffectiveness at sentencing, when he erroneously attempted to base his objection and argument on the SIMPSON case; failing to present to the court the legal and factual argument of a violation of the special verdict decision made by the jury; in violation of the Petitioner's Due Process Rights.

An Evidentiary Hearing, where the key participants, would have to provide their testimony and statements under oath; will serve to affirm and verify the Petitioner's claims. It is without question, that the District Court will have to make a determination whether the error or errors prejudiced some aspect of this case. Prejudice is a "reasonable probability" as a probability sufficient to undermine confidence in the outcome. A reasonable probability is a standard utilizing a less demanding standard than "more likely than not." Strickland, 466 U.S. at 693-94, 104 S.Ct. at 2052. Harding v. Sternes, 380 F.3d 1034, 1045(7th Cir.2004) defines "reasonable probability" as follows:

A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694, 104 S.Ct. 1052. "Even if the odds that the defendant would have been acquitted had he received effective representation appear to be less than fifty percent, prejudice has been established so long as the chances of acquittal are better than negligible." Hampton vs. Leibach, 347 F.3d 219, 246 (7th Cir. 2004).

Therefore, in conclusion, the Petitioner respectfully request's

-29-

the following:

1. That the conviction and sentence would be vacated and set aside; and that he would be released from Federal Custody immediately.

2. In the alternative, that an evidentiary hearing would be ordered and scheduled immediately, pursuant to Rule 8 of the Section 2255 Proceedings; and that transcripts and records of prior proceedings would be reviewed to determine the fact that an evidentiary hearing is warranted.

3. That subpoena's would be issued and ordered by the Court for United States Attorney Todd A. Brown; as well as the Petitioner's previous counsel, Donald G. Madison; in order to depose the stated Officers of the Court under oath to ascertain the Petitioner's claims.

4. That the petitioner gives full consent for this motion to be referred to a Magistrate Judge, as the District Court Judge sees fit; in order for the Magistrate Judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.

5. That the Petitioner reserves the right to file objections if necessary, to the proposed findings and recommendations of the Magistrate Judge; as provided by the local court rules.

6. That the Court would appoint Counsel to represent the Petitioner in his post-conviction proceedings. Due to the fact that the Petitioner submits that an evidentiary hearing may be warranted; this Court has jurisdiction to appoint counsel under 18 U.S.C. § 3006A.

7. That the Court would order a production of the Government's witness, Wallace Salery, statements, interviews, agreements, offer for sentence reduction for substantial assistance; and any off the record statements given to the Prosecutor or his designated staff or Law Enforcement Authorities; pursuant to the Federal Rule of Criminal Procedure 26.2(a)--(d) and (f). The production of this material will provide great disclosure concerning the Petitioner's claims.

WHEREFORE, based upon the foregoing, Petitioner respectfully request's that the conviction and sentence would be vacated, and set aside; and any other relief that the Court deems fair and just.

I, Artrone Cheatham, verify and state under penalty of perjury that the foregoing is true and correct, to the best of my known ability.

_Mar 1, 2006_
(Executed Date)

_Artrone Cheatham_
ARTRONE CHEATHAM, PETITIONER PRO SE.

-30-

## CERTIFICATE OF SERVICE

I, Artrone Cheatham, Movant/Petitioner pro se, do certify and affirm that the Motion entitled: "Memorandum in Support of Motion Pursuant to 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody;" was mailed on the ___1___, day of _Mar___, 2006, by way of first class postage prepaid mail to the following:

United States District Court
For the Middle District of Alabama
Clerk's Office
P.O. Box 711
Montgomery, Alabama  36101-0711


                    RESPECTFULLY SUBMITTED,


                    _Artrone Cheatham_
                    ARTRONE CHEATHAM, MOVANT/PETITIONER, PRO SE
                    Register No. # 11101-002
                    Federal Correctional Complex-Low
                    P.O. Box 9000
                    Forrest City, AR  72336-9000


-31-