IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | |
| ) | NO. 2:06cv210-MEF-CSC |
| ARTRONE CHEATHAM ) | (CR NO. 02-07-N) |
| ) | |
| Defendant/Movant. ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Artrone Cheatham's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On August 15, 2002, a grand jury for the Middle District of Alabama returned a six-count indictment against Artrone Cheatham, a/k/a, "Moochie" and co-defendant Jimmy Carter, Jr. See Exhibit A, the indictment.[1] Count 1 of the indictment charged that, from in or about January, 1999, and continuing up to and including January, 2002, the exact dates being unknown to the grand jury, in Montgomery and Elmore Counties, Cheatham and Carter knowingly and intentionally combined, conspired, confederated, and agreed together and with persons both known and unknown to the grand jury to distribute and possess with intent to distribute 50 grams

---

[1] On January 29, 2002, a grand jury for the Middle District of Alabama returned a four-count indictment against Jimmy Carter, Jr. That original indictment did not include any charges against Cheatham, but was realleged in its entirety in the superseding indictment, which added Cheatham as Carter's co-defendant.

or more of a mixture or substance containing cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Counts 2-6 realleged the charges in the original indictment, and related only to Carter. Count 6 of the indictment charged that, on or about July 25, 2001, in Montgomery County, Cheatham knowingly and intentionally possessed with intent to distribute 5 grams or more of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

On May 5, 2003, the United States made an oral motion to dismiss Count 6 against Cheatham. The Court granted the motion. Cheatham and Carter were tried before a jury on June 16, 2003. Wallace Salery, a cooperating defendant, testified at trial that he had provided approximately 60 kilograms of cocaine to Carter during a one year period, and that half of this amount was given to Cheatham. See Exhibit B, Excerpt from June 16, 2003 trial proceedings, at 27, 33-36. At the close of the government's evidence, counsel motioned for a judgment of acquittal, which this Court denied. See Exhibit C, Excerpt from June 18, 2003 trial proceedings, at 689-693. On June 19, 2003, the jury found Cheatham guilty of conspiring to possess with intent to distribute 50 grams or more of cocaine base, as charged in Count 1 of the superseding indictment. See Exhibit D, a copy of the verdict form in this case.

Cheatham was sentenced on September 23, 2003. See Exhibit E, a transcript of the sentencing proceedings. The sentencing Court reviewed trial testimony by Wallace Salery which identified Cheatham as Jimmy Carter's partner in a conspiracy to distribute cocaine base. Exhibit E at 20-22. The Court specifically found that Cheatham was responsible for distributing up to 30 kilograms of cocaine and/or cocaine base during 1999. Id. at 24. The Court stated that Cheatham's offense level was 38, which, when combined with a criminal history category of I,

resulted in a guideline range of 235 to 293 months. <u>Id</u>. at 25. The Court then sentenced him to serve 235 months in prison. <u>Id</u>. at 25. Judgment was entered in Cheatham's case on September 29, 2003.

Cheatham appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. Cheatham's attorney, Donald Madison, filed a joint brief which raised numerous issues on behalf of Cheatham and co-defendant Carter. <u>See</u> Exhibit F, Issue Statement excerpted from Brief of Appellants. On August 2, 2004, the Eleventh Circuit affirmed this Court's judgment in an unpublished decision. <u>See</u> Exhibit G, a copy of the Eleventh Circuit decision in this case. The opinion stated that the only issue worthy of discussion was Carter's claim that he was prejudiced during the grand jury proceedings that resulted in the superseding indictment against him. Exhibit G, at 2. After explaining why that issue was due to be dismissed, the decision stated that each of the other 16 issues were without merit. <u>Id</u>. at 4. Counsel filed a petition for rehearing <u>en banc</u>, which was denied on October 27, 2004.

Cheatham petitioned the United States Supreme Court for a writ of certiorari. His petition was denied on March 7, 2005.

Cheatham filed this Motion to Vacate, Set Aside or Correct Sentence on March 1, 2006. On March 15, 2006, this Court entered an order directing the United States to respond within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Cheatham raises the following issues in his § 2255 motion:

1.  Counsel provided ineffective assistance at trial due to his failure to request a <u>James</u>

      hearing that would have challenged the existence of a conspiracy;

2. Counsel provided ineffective assistance on appeal due to his failure to adequately challenge the United States' lack of sufficient and independent evidence to establish Cheatham's participation in a conspiracy;

3. Counsel provided ineffective assistance on appeal due to his failure to adequately raise the issue of whether the trial court improperly influenced the jury;

4. Counsel provided ineffective assistance at sentencing due to his failure to argue that Cheatham was sentenced in violation of <u>United States v. Booker</u>; and,

5. His conviction was improper due to prosecutorial misconduct.

### III. RESPONSE TO CLAIMS FOR RELIEF

**A.** **<u>Cheatham Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255</u>**.

      The United States notes at the outset that Cheatham has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

      The Eleventh Circuit Court of Appeals has held that "a conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits." <u>Barnes v. United States</u>, 437 F.3d 1074, 1077 (11th Cir. 2006), quoting <u>Jones v. United States</u>, 304 F.3d 1035, 1038 n.5 (11th Cir. 2002). The Supreme Court denied Cheatham's petition for a writ of certiorari on March 7, 2005 and his conviction became final on that date. His March 1, 2006 filing of this § 2255 motion is within one year of March 7, 2005, and his motion is therefore timely.

**B.     Cheatham's Claim of Prosecutorial Misconduct Is Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because It Could Have Been Raised On Direct Appeal, But Was Not, And Cheatham Has Failed To Demonstrate Cause And Prejudice To Overcome This Default.**

Cheatham's fifth claim, that prosecutorial misconduct in the presentation of evidence to the jury, is barred from this Court's review because the issue could have been, but was not, raised on direct appeal. Cheatham's failure to raise this claim on direct appeal bars its presentation in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bar. A motion under § 2255 cannot be used as a substitute for appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal that could have been are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Mills v. United States, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

Id. at 1055-56 (internal citations omitted). See also McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g.,

Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Cheatham has offered nothing to this Court as cause to overcome the procedural default on this issue. Therefore, this claim should be dismissed on procedural grounds.

C. **Cheatham's Prosecutorial Misconduct Claim Is Without Merit.**

Cheatham's motion alleges that prosecutorial misconduct regarding the presentation of evidence to the jury produced an illegal conviction in his case. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[2]

In the event this Court does not find that Cheatham's claim of prosecutorial misconduct is procedurally barred, the claim should nonetheless be dismissed. Cheatham complained that Drug Enforcement Administration investigatory forms, indexed under his name, were presented to the jury even though the documents pertained only to his co-defendant Carter. During the jury's

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

deliberations as to Cheatham's guilt, it submitted a note questioning why Cheatham's name was on the file title. See Exhibit H, Excerpt from June 19, 2003 trial proceedings, at 790-93. The Court sought to determine which defendant the evidence was submitted against, and the Assistant United States Attorney clarified that at least one witness opined that evidence listed in those documents was not related to Cheatham. Exhibit H at 791-92. The Court resolved the matter by withdrawing the evidence from the jury's consideration as to Cheatham. Id. at 793.

Cheatham asserts that the submission of evidence against Carter in a file titled with his own name was "premeditated deception" which "created confusion and doubt concerning his innocence." Cheatham Memorandum at 18. The record makes clear that the exhibits at issue were collected from Carter's person or residence, and were not linked to Cheatham in any way. Exhibit H at 792. Cheatham does not explain, beyond mere assertion, how the mislabeling of an exhibit file could so confuse the jurors that they would wrongfully convict him, particularly in light of the fact that the file's contents were withdrawn from their consideration. "Juries are presumed to follow their instructions." United States v. Zafiro, 506 U.S. 534, 540 (1993). Further, in this Circuit "the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004). The simplicity of this Court's instructions to the jury corrected any incorrect notion as to which defendant the exhibits in question pertained. Therefore, this claim should be dismissed.

**D.    Cheatham's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Any Merit.**

In the remaining claims, Cheatham asserts that his counsel was ineffective on the following grounds: (1) counsel provided ineffective assistance at trial due to his failure to request a James hearing that would have challenged the existence of a conspiracy; (2) counsel provided ineffective assistance on appeal due to his failure to challenge the United States' lack of sufficient and independent evidence to establish Cheatham's participation in a conspiracy; (3) counsel provided ineffective assistance on appeal due to his failure to raise the issue of whether the trial court improperly influenced the jury; and, (4) counsel provided ineffective assistance at sentencing due to his failure to argue that Cheatham was sentenced in violation of United States v. Booker.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington). More specifically, Cheatham must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

9

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343.  In raising ineffective assistance of counsel, Cheatham has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions.  For that reason, his § 2255 motion should be summarily dismissed.

> 1. **Cheatham cannot establish that he was prejudiced by trial counsel's failure to request a James hearing.**

Cheatham asserts that he was prejudiced by his counsel's ineffectiveness when a James hearing was not requested.  In United States v. James, 590 F.2d 575 (5th Cir. 1979), the former Fifth Circuit stated that before a statement made by one member of an alleged conspiracy may be used against other members of the alleged conspiracy, the trial court must decide, as a factual matter, that (1) a conspiracy probably existed; (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy; and, (3) that the statement was made during and in furtherance of the conspiracy.  Cheatham suggests that a hearing would have shown that there was no substantial, independent evidence of a conspiracy, and that the question of his guilt would not have been submitted to the jury.

First, Cheatham's attorney cannot be deemed deficient when the trial court had full discretion as to whether to even hold a James hearing, as it is merely a tool for the use and assistance of the trial judge.  See United States v. Padilla-Martinez, 762 F.2d 942, 950 (11th Cir. 1995).  Second, counsel cannot be ineffective for failing to raise an issue that would not succeed,

and a request for a James hearing would not have produced a different outcome. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). The trial court, whom a James hearing was designed to assist, found that Wallace Salery's testimony was sufficient to support a conspiracy, to deny Cheatham's motion for judgment of acquittal, and to pronounce sentence in accordance with Salery's testimony. Therefore, Cheatham cannot demonstrate the necessary prejudice required under Strickland, and this claim should be dismissed.

    **2.    Counsel adequately challenged the sufficiency of the evidence as to Cheatham's participation in a conspiracy on appeal.**

Cheatham asserts that counsel was ineffective because he failed to adequately challenge the sufficiency of the evidence as to Cheatham's participation in a conspiracy on appeal. The appellate record negates the factual accuracy of this claim. The twelfth issue in Cheatham and Carter's joint appeal questioned whether the "trial court erred in not granting judgment at [the] close of the Government's case and Motion for Judgment [of acquittal] at [the] end of [the] case." Exhibit E at 2. This appellate claim asserts that this Court erred when it ruled that the United States has established sufficient evidence for Cheatham's conviction. Exhibit C at 693.

Cheatham asserts that counsel's presentation of this issue on appeal constituted an abandonment of the issue, which in itself constituted ineffective assistance of counsel. The Eleventh Circuit has stated that it "liberally read[s] briefs to ascertain the issues raised on appeal." United States v. Starke, 62 F.3d 1374, 1379 (11th Cir. 1995). In addition, the Eleventh Circuit has recently affirmed its responsibility to "apply the correct rules of law to the issues before it whether the parties have correctly stated those rules in their briefs or not." Espy v. Massac, No. 04-16416, ___ F.3d ___, 2006 WL 845376, slip op. at 5 n.2 (11th Cir. Apr. 3, 2006). The

appellate decision in this case demonstrates that the Court reviewed the actual issues submitted by counsel on behalf of Cheatham, despite any alleged fault in his counsel's presentation. The decision concluded with the view that "Carter and Cheatham's other sixteen grounds for appeal are without merit." Exhibit G, at 4. This indicates that, rather than deeming any issues abandoned, the Eleventh Circuit reviewed the submitted claims and dismissed them on their lack of merit.

Cheatham's claim of counsel's ineffective performance is rebutted by the trial and appellate records in his case, which clearly show that the sufficiency challenge was made, but deemed to have no merit at trial or on appeal. Accordingly, this claim must be dismissed.

    **3.**    **Counsel adequately raised the issue of whether the trial court's questioning of a witness improperly influenced the jury on appeal.**

Cheatham asserts that his counsel was ineffective because he failed to adequately raise the issue of whether this Court's questioning of a witness improperly influenced the jury on appeal. Again, the appellate record shows that this was the fourteenth issue raised in Cheatham and Carter's joint brief. Exhibit F at 2. The appellate brief submitted by counsel set forth the exchange that allegedly provided a basis for this claim, and was the same is restated by Cheatham's memorandum of law.

Cheatham again asserts that counsel's presentation of this issue on appeal constituted an abandonment of the issue. As stated in Part III.D.3. above, the Eleventh Circuit "liberally read[s] briefs to ascertain the issues raised on appeal." Starke, 62 F.3d at 1379. The Court did not deem the issue of jury influence to have been abandoned, but reviewed the claim and dismissed it for lack of merit. Exhibit G at 4. This claim of ineffective performance is rebutted by the appellate

record in this case, which clearly shows that the issue of improper jury influence was raised, but deemed to have no merit on appeal, and must be dismissed.

    **4.    Counsel was not ineffective at sentencing, and Cheatham was not sentenced in violation of <u>United States v. Booker</u>.**

Cheatham asserts that his counsel was ineffective at sentencing because this Court found that he was responsible for an additional drug quantity that was not included in the special verdict form which found him guilty of conspiring to distribute cocaine base weighing 50 grams or more. Exhibit D.  He claims that his sentence was improperly increased due to the judicial finding that he was responsible for this additional quantity of drugs, in violation of <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005).  Although <u>Booker</u> was decided after the appellate decision in this case, Cheatham's petition for a writ of certiorari advanced the argument that the sentencing court violated <u>Booker</u>.  <u>See</u> Exhibit I, Excerpt of Cheatham's petition for writ of certiorari, at 12-13.  The denial of his petition indicates that his <u>Booker</u> claim had no merit.

Further, Cheatham suffered no prejudice at sentencing.  This Court indeed found that Cheatham was responsible for distributing up to 30 kilograms of cocaine and/or cocaine base during 1999.  Exhibit E at 24.  These findings as to additional drug quantity were specifically tied to reliable trial testimony, and therefore met the preponderance standard which continues to govern sentencing proceedings.  <u>Id</u>. at 20-22, 24.  <u>See</u> <u>also</u> <u>United States v. Rodriguez</u>, 398 F.3d at 1298, 1296 (11th Cir.), <u>cert</u>. <u>denied</u> 125 U.S. 2935 (2005) (reaffirming the preponderance standard at sentencing, even after <u>Booker</u>.)

The statutory punishment for violating 21 U.S.C. §§ 841(a)(1) and 846 where the relevant drug quantity is 50 grams or more of a mixture or substance containing cocaine base "may not be

less than 10 years or more than life." See 21 U.S.C. § 841(b)(1)(A)(iii).  Cheatham's sentence of 235 months fits within this sentencing range, in contradiction of his claim that he had a "legal right to a lesser sentence."  Cheatham's Memorandum at 25.  Because Cheatham has not demonstrated inadequate performance or prejudice in sentencing, this final issue of ineffective assistance should be dismissed.

Cheatham has failed to show in any of his ineffective assistance allegations that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his proceeding would have been different.  Yordan v. Dugger, 909 F.2d at 477.  Therefore, these claims should be dismissed.

### IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Cheatham has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Cheatham has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Artrone Cheatham, has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 14th day of April, 2006.

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | ) |
| | ) NO. 2:06cv210-MEF-CSC |
| ARTRONE CHEATHAM | ) (CR NO. 02-07-N) |
| | ) |
| Defendant/Movant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, I electronically filed the foregoing with the Clerk f the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Artrone Cheatham, #11101-002, Federal Correctional Complex, P.O. Box 9000, Forrest City, AR 72336-9000.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    todd.brown@usdoj.gov