IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

CASE NO. 03-13602-D

UNITED STATES OF AMERICA,

PLAINTIFF-APPELLEE,

v.

JIMMY CARTER, JR.;
ARTRONE CHEATHAM

DEFENDANTS-APPELLANTS.

BRIEF OF DEFENDANTS-APPELLANTS
JIMMY CARTER, JR.;
ARTRONE CHEATHAM

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CASE NO.: 02-7-N

Donald G. Madison, Esquire
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
Counsel for Jimmy Carter, Jr.
Counsel for Artrone Cheatham

## STATEMENT OF THE ISSUES

COME NOW Artrone Cheatham and Jimmy Carter, Jr., and respectfully submit this, their Statement of Issues on Appeal.

1.   Whether the Government in using testimony consisting of excerpts from Carter's proffer statement and agreement to cooperate in both the original Grand Jury Hearing, as well as the Superseding Grand Jury Hearing, requires dismissal of this case.

   (A)   Use of Carter's proffer statements and agreement to cooperate in both grand juries violated Rule 11(e)(6) of the *Federal Rules of Criminal Procedure*.

   (B)   Evidence of plea negotiation is inadmissible in any criminal prosecution against author/defendant. As to the Plea Negotiation statement of the Co-Defendant Jimmy Carter's admissibility.

   (C)   The proffer statements were not made in furtherance of conspiracy; therefore, Carter's plea negotiation statements were not statements falling within the co-conspirator hearsay exception as the statement was made in connection with a plea agreement and as not a statement made during the course of a Conspiracy.

   (D)   The trial court, with all due respect, misconstrued *U.S. v. Pielago*, 135 F.3d 703 (11th Cir. 1998), in denying Carter and Cheatham's Motion to Dismiss where the proffer statement was used against Carter to obtain the Superseding Indictment.

2.   Whether the Government in obtaining the Superseding Indictment without new evidence violated Rule 7 of *Federal Rules of Criminal Procedure*.

3.   The trial court in Cheatham's first trial erred in not directing a verdict in Cheatham's favor at the close of all the evidence as a result of the fatal variance of proof as to counts charged under the Indictment.

1

4.   The trial court committed prejudicial error in consolidating the Defendants in a joint trial.

5.   The District Court never acquired jurisdiction over Cheatham by reason of the Montgomery city magistrate issuing a warrant returnable only in State court in a Federal investigation.

6.   That a constructive amendment to the Indictment occurred where the only evidence attributable to Cheatham during the conspiracy period was "powder" cocaine, not "crack" cocaine as alleged in the Indictment.

7.   That a *Batson* challenge was upheld which should have required a mistrial and/or dismissal.

8.   That Wallace Salery's testimony regarding the conspiracy as to Cheatham was premised upon the statements of Carter who did not testify, which violated Carter and Cheatham's right to confrontation.

9.   That the Government, in failing to produce exhibits pursuant to Standing Order and then proffering the same for trial, with trial court admitting the same, represented *Brady v. Maryland* violation.

10.   This Honorable Court, in allowing the Wallace Salery testimony, permitted evidence of a separate conspiracy to be submitted to the jury. This represented a constructive amendment to the Indictment adding Salery to the conspiracy.

11.   Whether sufficient prosecutorial misconduct existed so as to require dismissal of the Indictment.

12.   Trial court erred in not granting judgment at close of Government's case and Motion for Judgment at end of case.

13.   That Cheatham's speedy trial rights were violated.

14.   Whether the trial court improperly influenced the jury?

15. Whether the trial court erred in revisiting the suppression issue where Counts I and II of the original Indictment were suppressed (whether Carter's Fourth Amendment rights were violated).

16. Whether the court should have dismissed Counts IV and V of the Superseding Indictment (Counts III and IV of the original Indictment) against Carter as the 304 Payson Road, Millbrook, Alabama, home was not owned by Carter.

17. Carter's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution were violated. Franks v. State of Delaware, 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (U.S. S.Ct. 1978)