[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 02 2004
THOMAS K. KAHN
CLERK

No. 03-13602

D. C. Docket No. 02-00007-CR-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY CARTER, JR.,
ARTRONE CHEATHAM, a.k.a. Moochie,

Defendants-Appellants.

Appeals from the United States District Court
for the Middle District of Alabama

(AUGUST 2, 2004)

Before CARNES, HULL and ____, Circuit Judges.

PER CURIAM:

Jimmy Carter, Jr. and Artrene Cheatham were convicted by a federal jury of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. Carter was also convicted on four counts of possession and of possession with the intent to distribute cocaine powder and crack cocaine, in violation of 21 U.S.C. §§ 844(a) and 841(a)(1). In their appeal, Carter and Cheatham's raise a total of seventeen issues, only one of which merits any discussion.

Carter asserts that his proffer statement was used against him in grand jury proceedings in order to obtain a conspiracy charge in the superseding indictment. After Carter raised this issue in a timely manner in the district court, the court directed the government to file, ex parte, any grand jury testimony relating to the proffer statement for the court's in camera review. Carter then filed a motion in the district court "to allow defendant to review grand jury minutes of the original indictment and superseedous (sic) indictment and to allow defendant to file a late motion to dismiss." The district court denied Carter's motion, stating that "[a]fter carefully reviewing the matter ..., the court concludes that the motion for leave to file a motion to dismiss would be futile because the substantive basis for the defendant's motion to dismiss the indictment is erroneous."

Carter appeals the district court's denial of his untimely motion and contends that his indictment should have been dismissed. We review the denial a

2

motion to dismiss an indictment only for abuse of discretion. <u>United States v. Waldon</u>, 363 F.3d 1103, 1108 (11th Cir. 2004); <u>United States v. Pielago</u>, 135 F.3d 703, 707 (11th Cir.1998). We review the district court's underlying factual determinations only for clear error.

Carter's ultimate conviction by a jury which found him guilty beyond a reasonable doubt weighs heavily against his claim that he was prejudiced by the grand jury proceedings. See <u>United States v. Garate-Vergara</u>, 942 F.2d 1543, 1550 (11th Cir. 1991) ("Conviction beyond a reasonable doubt without the use of the tainted testimony or alleged misconduct at trial makes it highly improbable that the grand jury indictment was based on insufficient probable cause.").

Moreover, Carter's pre-indictment proffer statement itself was not put before the grand jury. The transcripts show that the only testimony dealing with Carter's agreement to cooperate with the government did not include any proffer statements he had made. The grand jury did hear that Carter had agreed to give the government information about Montgomery, Alabama area drug suppliers "in exchange for judicial consideration in his case," and was told that the agreement was terminated when the government found out that Carter was still selling drugs. Because Carter's proffer statement itself was not used before the grand jury, and because he was found guilty beyond a reasonable doubt by a petit jury that heard

3

nothing about any agreement or attempted **agreement between Carter and the government,** we cannot say that the **district court abused its discretion when it dismissed Carter's** untimely motion **as unfounded.**

Carter and Chastain's other sixteen **grounds for appeal are without merit. Therefore, the** convictions are AFFIRMED.

4