## Page 706

```
1              IN THE UNITED STATES DISTRICT COURT FOR
2                    THE MIDDLE DISTRICT OF ALABAMA
3                              NORTHERN DIVISION
4
5
6    UNITED STATES OF AMERICA
7
8         vs.                  CR. NO. 02-07-N
9
10   JIMMY CARTER, JR. and
11   ARTRONE CHEATHAM
12                *   *   *   *   *   *   *   *
13                           JURY TRIAL
14                *   *   *   *   *   *   *   *
15              Before Hon. Mark E. Fuller, Judge,
16              and a Jury, at Montgomery, Alabama,
17              Commencing on June 16, 2003
18                *   *   *   *   *   *   *   *
19                      VOL. IV (June 19, 2003)
20   APPEARANCES: For the Government: Todd A. Brown,
21                                    Assistant U.S. Attorney
22              For the Defendant, Carter: Maurice S. Bell,
23                                    Attorney at Law Federal
24              For the Defendant, Cheatham: Donald G. Madison,
25                                    Attorney at Law
```

## Page 707

1   (The above case coming on for trial at Montgomery,
2  Alabama, June 16, 2003, before Honorable Mark E. Fuller,
3  Judge, and a Jury, the following proceedings were had outside
4  the presence of the jury on June 19, 2003, commencing at 9:07
5  a.m.:)
6       THE COURT: The record will reflect we are out of
7  the presence and the hearing of the jury before we begin
8  closing arguments. We are on the record, Mr. Madison.
9       MR. MADISON: And with the Court's indulgence,
10 yesterday when we made motions at the end of the government's
11 evidence as well as all of the evidence, I advised the Court
12 at that time I wasn't aware that the trial was going to be
13 over that soon. I inadvertently in the rush to make a motion
14 at that time omitted one or two arguments that I wanted to --
15 that we had raised previously. One dealt with the makeup of
16 the jury venire, I wanted to make sure that was included.
17      THE COURT: That's preserved. You have that
18 objection preserved.
19      MR. MADISON: And the other was the admission of the
20 documents that weren't produced to us under the standing
21 order of this Court.
22      THE COURT: Your objection is noted.
23      MR. MADISON: Yes, sir. And the other objections on
24 the record that I would make would be to the fact that the
25 Court has denied the special instruction number three which

## Page 708

1  Artrone Cheatham had submitted in this case on the jury
2  instructions, which is the difference -- where we requested
3  that the Court instruct the jury as to the difference between
4  cocaine hydrochloride and powder cocaine and crack cocaine,
5  in so far as their purposes of reviewing the evidence to
6  establish guilt or innocence of my client as he is charged
7  with the sale and distribution or conspiracy to sell and
8  distribute crack cocaine and not powder cocaine.
9       THE COURT: Anything else, Mr. Madison?
10      MR. MADISON: Yes, sir. The first instruction too,
11 and I understand the Court has stated that the Court denied
12 our special jury charge number one, in that we requested that
13 the Court instruct the jury that they must find as to one of
14 the overt acts alleged in the conspiracy, being the
15 possessory counts or the counts charged against the
16 co-Defendant Carter, being the only physical evidence
17 presented in this case of counts two through five as a
18 condition precedent to the jury's finding of guilt in this
19 case. And --
20      THE COURT: Okay. And the Court has ruled that that
21 is not a correct statement of the law under the pattern
22 instructions of 21 U.S.C. 846.
23      MR. MADISON: Yes, sir.
24      THE COURT: Anything else before we bring the jury
25 in?

## Page 709

1       MR. BROWN: Just since we are on to record, Your
2  Honor, the government has substituted redacted toxicology
3  reports for the record. Those are Government's Exhibits 3,
4  9, 11, 14 and 16. I have showed them to Mr. Bell who asked
5  that they be redacted, and I believe in speaking with him he
6  has no objection to the redacted version. We have kept a copy
7  of the unredacted version for the Court's file.
8       THE COURT: Have those copies been marked that will
9  be substituted for the unredacted copies?
10      MR. BROWN: Yes, sir.
11      THE COURT: They are marked with the same numbers?
12      MR. BROWN: Yes, sir.
13      MR. MADISON: Judge?
14      MR. BELL: That's correct, Your Honor.
15      MR. MADISON: I think I said this off the record but
16 didn't say this when we went on the record. With respect to
17 the charge on the powdered cocaine versus the crack, as the
18 Court is aware this case was tried -- severed previously with
19 Mr. Cheatham having been tried, and it's our position that at
20 the time that the Court ruled in that case to provide that
21 instruction to the jury that that became the law of this
22 case.
23      THE COURT: All right. I have a copy of the
24 indictment which has been redacted to take out count six
25 which I understand was dismissed. I think I showed this to

## Page 790

1  THE COURT: We will be in recess.
2  MR. BELL: Thank you.
3  THE CLERK: Court will be in recess while the jury
4  is deliberating.
5  (At which time, 4:18 p.m., a recess was had until
6  4:50 p.m., at which time, outside the presence of the jury,
7  the trial continued.)
8  MR. MADISON: I objected to those exhibits -- I
9  think I objected to any specific reference as to Artrone
10  Cheatham. Now, I didn't see that on the exhibit when it was
11  presented but I did request that -- I was concerned that any
12  information regarding Mr. Cheatham be redacted, if I recall
13  correctly.
14  THE COURT: And that's I am sure part of the
15  requirement that the Court has in requiring you to exchange
16  exhibits and premark them and look at them before they are
17  entered into evidence. I don't have any control over what
18  each of the attorneys says we have no objection to its
19  admissibility in the form that it's admitted. I can't unring
20  the bell, so-to-speak.
21  MR. MADISON: You might not be able take to unring
22  the bell but it's a misrepresentation of the character of the
23  evidence that's been presented to the jury because there's
24  been a conviction since those exhibits were made that those
25  exhibits don't apply to Artrone Cheatham, and now this

## Page 791

1  evidence shows it has no relationship to him and it's highly
2  prejudicial and I move to exclude those from the jury's view
3  as it pertains to Artrone Cheatham. Those exhibits were
4  admitted as to Carter, not Cheatham.
5  THE COURT: What says the government?
6  MR. BROWN: I think the way the Court was going to
7  handled it before Mr. Madison made that argument, we would
8  agree that that would be the way to do it.
9  MR. MADISON: Judge, again, the concession was that
10  those exhibits applied only to -- and the testimony was that
11  they applied only to Jimmy Carter, therefore, to allow the
12  jury to infer any other basis or existence of those exhibits
13  to support any inference of guilt or not guilt would be
14  inappropriate at this point in time. Judge, I meant to do
15  this too earlier, the -- after the finding of guilt with
16  respect to Mr. Carter I was going to request that all the
17  exhibits be removed from the jury's view anyway because of
18  the fact that they had previously conceded that those
19  exhibits and documents pertaining to those documents only
20  applied to Defendant Carter.
21  THE COURT: That request is denied. The exhibits are
22  in evidence and -- Mr. Brown, do you contend that any of the
23  evidence that is referred to by the jury's note, specifically
24  Government's Exhibits Numbered 3, 9, 11, 14 and 16 was
25  supported by any of the evidence presented by the government

## Page 792

1  against Mr. Cheatham?
2  MR. BROWN: I would agree that Agent Sisson
3  testified that it was his opinion that that evidence was not
4  linked to Mr. Cheatham. I don't know that that in and of
5  itself prevents the jury from finding otherwise, just like
6  they do on any other fact.
7  THE COURT: And I agree with you -- what I am trying
8  to wrestle with is a legal argument on a hypothetical basis,
9  and what evidence that I heard presented from the witness
10  stand. And the only evidence that I heard from the witness or
11  government's witness in this case, which is the only evidence
12  presented, is that the evidence collected from either Jimmy
13  Carter, Jimmy Carter's person or either of the residences
14  from which the evidence was recovered did not apply to
15  Artrone Cheatham. Was there any evidence to the contrary or
16  any testimony to the contrary that you can recall?
17  MR. BROWN: Directly, no.
18  THE COURT: Okay. It will be my ruling -- and there
19  is case law that would allow for the Court to either instruct
20  the jury as to any limited purpose for which evidence was
21  admitted, and I don't recall there being a request for any
22  limited purpose for this evidence to be admitted, but there
23  is law that will allow the Court to withdraw evidence from
24  the jury's consideration and instruct the jury to disregard
25  it, and that would be my ruling on these five pieces of

## Page 793

1  evidence. Let's bring the jury in.
2  (At which time, 4:59 p.m., the jury entered the
3  courtroom.)
4  THE COURT: Ms. Johnson, I have another note from
5  the jury, and I will read it so that I can ensure that it's
6  accurate. We need a clarification on the following government
7  exhibits: 3, 9, 11, 14, 16. These reports are on evidence
8  which was presented against Jimmy Carter. We would like to
9  know why Artrone Cheatham's name is on the, quote, file
10  title, end quote. It's signed Betty Johnson. Is that the
11  inquiry from the jury that you have sent?
12  THE FOREPERSON: Yes, sir, it is.
13  THE COURT: At the current status of your
14  deliberations in this case, ladies and gentlemen, and it is
15  not uncommon in cases from time to time for there to be
16  portions of the evidence for which you would receive further
17  clarification, or evidence for which the Court withdraws from
18  your consideration and instruct that you continue your
19  deliberations without considering that evidence. I have ruled
20  that this evidence that you have referred to specifically as
21  Government's Exhibits Numbered 3, 9, 11, 14 and 16 are
22  withdrawn from the evidence that you will consider in this
23  case against Artrone Cheatham, and you shall continue your
24  deliberations without regard to those exhibits. Does that
25  answer your question?

Page 794

1  THE FOREPERSON: Yes, sir. Thank you.
2  THE COURT: As Judge Hobbs says at times, the
3  biscuits may be getting cold at this point. I would ask that
4  you continue your deliberations, and you will be free to go
5  as long as you choose or break if you wish to come back in
6  the morning. But for the record, it is two minutes after 5:00
7  p.m., and I will allow you to continue your deliberations a
8  little longer and ask that you do so, but you are free to
9  break if you think that your deliberations will be better
10 served tomorrow morning than continuing on tonight. You are
11 free to begin your deliberations again. And I am going to ask
12 that the clerk go back and retrieve those exhibits since I
13 have ordered that they be removed from evidence.
14     (At which time, 5:03 p.m., the jury left the
15 courtroom.)
16 THE COURT: For the record we will be in recess.
17 MR. MADISON: Thank you, Your Honor.
18     (At which time, 5:03 p.m., a recess was had until
19 5:31 p.m., at which time, outside the presence of the jury,
20 the trial continued.)
21 THE COURT: I understand we have a verdict in this
22 case. Is there anything we need to take up before the jury is
23 brought back in?
24 MR. BROWN: No, sir.
25 THE COURT: Let's bring the jury in.

Page 795

1     (At which time, 5:32 p.m., the jury entered the
2 courtroom.)
3 THE COURT: Ms. Johnson, it's my understanding the
4 jury has reached its verdict in this case?
5 THE FOREPERSON: Yes, sir, we have.
6 THE COURT: Would you deliver the verdict to the
7 marshal and let him bring it to my attention.
8 THE FOREPERSON: (complies)
9 THE BAILIFF: (complies)
10 THE CLERK: (complies)
11 THE COURT: Ms. Johnson, is the -- and I would ask
12 each of your members if you would listen to the verdict as
13 it's being read by the clerk, and you may publish the
14 verdict. Please stand, Mr. Cheatham.
15 THE CLERK: United States of America versus Artrone
16 Cheatham. Verdict, one, we, the jury, find the Defendant,
17 Artrone Cheatham, guilty as charged in count of one of the
18 superceding indictment. Note, if you find the Defendant
19 guilty as charged in count one, proceed to paragraph 1-A
20 below. 1-A, we, the jury, having found the Defendant guilty
21 of the offense charged in count one, further finds with
22 respect to that count that he conspired to possess with
23 intent to distribute the following controlled substance in
24 the amounts shown: Crack cocaine, cocaine base. Checked is
25 weighing 50 grams or more. So say we all. Betty Johnson,

Page 796

1 foreperson. 19th June, 2003.
2 THE COURT: Ladies and gentlemen, as you have heard
3 the verdict read, if this is your verdict and your unanimous
4 verdict as to the verdict in the count against Mr. Cheatham,
5 would you indicate by raising your hands?
6 JURORS: (comply)
7 THE COURT: The record will reflect that it is a
8 unanimous verdict. I want to thank you again on behalf of the
9 United States and on behalf of the Defendants in this case
10 for your service. I know that it is evident that you worked
11 extremely hard in reaching your verdict. I find that your
12 verdicts are supported by the evidence and I appreciate the
13 dedication that you put into resolving these issues. At this
14 time you will be allowed to be dismissed and go home and I
15 appreciate what you have done. Thank you very much. Is there
16 anything that the government wishes to take up before the
17 jury is dismissed?
18 MR. BROWN: Not from the government.
19 THE COURT: Anything that the Defendant wishes to
20 take up before the jury is dismissed?
21 MR. MADISON: Other than a request for special
22 interrogatories, which I don't know if the Court would
23 indulge us at this point in time or not.
24 THE COURT: Request for special interrogatories is
25 denied. Anything else? Thank you ladies and gentlemen. You

Page 797

1 are dismissed and you can follow the marshal and I would ask
2 that they see that you leave without being contacted.
3     (At which time, 5:35 p.m., the jury left the
4 courtroom.)
5 THE COURT: I will take up the issue of release
6 pending sentencing in this case. And again, the record will
7 reflect that we are out of the presence and the hearing of
8 the jury. I find that the verdict is a proper verdict based
9 upon the evidence as the Court has heard the evidence. What
10 says the government as to the release of Mr. Cheatham pending
11 sentence?
12 MR. BROWN: The government would request detention
13 pending pursuant to 18 U.S.C. 3145.
14 THE COURT: I'm sorry?
15 MR. BROWN: We'd ask for the Defendant to be
16 detained.
17 THE COURT: Pursuant to 18 U.S.C. 3143?
18 MR. BROWN: Yes, sir.
19 MR. MADISON: We'd move the Defendant be allowed to
20 remain out on bail pending sentencing. I think the Court
21 should have the criminal background, criminal history of this
22 Defendant and the Court should note that there are absolutely
23 no prior felonies, no prior drug arrests. I think there was
24 a harassment charge or something to that effect, misdemeanor
25 at some point. I don't think that he has shown that he is

## Page 798

1  any danger of fleeing or that there is a danger of him
2  fleeing from prosecution.
3      THE COURT: Mr. Brown, with the quantity of cocaine
4  base that this Defendant has been convicted of, what is the
5  government's understanding of the minimum sentence that he
6  would be subjected to?
7      MR. BROWN: Minimum sentence in this case, Your
8  Honor, is ten years to life.
9      THE COURT: Again, as was stated earlier for Mr.
10 Carter in his request, absent exceptional circumstances and
11 absent a finding by the judicial officer by clear and
12 convincing evidence that the person is not likely to flee or
13 pose a danger to any other person or the community, it would
14 be inappropriate for the Court to release the Defendant
15 pending sentencing and/or appeal, I think is what the Code
16 says. Is there any exceptional circumstances that the
17 government indicates or wishes to bring to the attention of
18 the Court?
19     MR. BROWN: No, Your Honor.
20     THE COURT: What says the Defendant?
21     MR. MADISON: Judge, again, I would reiterate under
22 the second part of that aspect when you viewed Jimmy Carter's
23 prior history I think the Court had substantial problems with
24 a lot of what was indicated previously. And I don't think
25 that there is any clear and convincing evidence that my

## Page 799

1  client is likely to flee or pose a danger to any person or to
2  the community if the Court allows his continued release in
3  the community pending further proceedings in this cause.
4      THE COURT: And I have also had the benefit of the
5  report from -- make sure -- from pretrial services on Mr.
6  Cheatham, and without making a determination as to the
7  accuracy of the prior record of Mr. Cheatham I do find that
8  on September 3rd, 1997 Mr. Cheatham was involved in a -- two
9  traffic offenses for which there was a failure to appear
10 notice issued on December 16th, 1997. An alias warrant
11 issued on February 25th, 1998, and as of the date of this
12 report the warrant remained active and the traffic tickets
13 remained unpaid. Based upon the sentence that would be
14 imposed based upon the conviction of Mr. Cheatham, it is the
15 order of this Court that you be placed in custody pending
16 sentencing and you are remanded to the custody of the United
17 States Marshal. Your sentencing is set to begin at 9:00 a.m.
18 on August 28th, 2003, in courtroom A-200. I will sign the
19 sentencing order and order that you receive a copy of this
20 along with your attorney today.
21     MR. MADISON: Judge, I believe according to Mr.
22 Cheatham those were paid and I think that report may be
23 incorrect. He says when they arrested him he had to pay some
24 tickets at that time.
25     THE COURT: That's the order of the Court. You are

## Page 800

1  remanded to the custody of the marshals. Court will be in
2  recess.
3      THE CLERK: Court will be in recess until further
4  order.
5      (At which time, 5:41 p.m., the trial was adjourned.)
6      * * * * *
7      I certify that the foregoing is a correct transcript
8  from the record of proceedings in the above-entitled matter.
9  This the 28th day of August, 2003.

    _____
    Official Court Reporter