NO.:_____

**IN THE**
**SUPREME COURT OF THE UNITED STATES**

ARTRONE CHEATHAM,

*Petitioner,*

vs.

THE UNITED STATES OF AMERICA,

*Respondent.*

**On Petition For A Writ of Certiorari**
To The Supreme Court of the United States
From Decision of the United States Court of Appeals for
The Eleventh Circuit

**PETITION FOR WRIT OF CERTIORARI**

DONALD G. MADISON
Attorney for Petitioner
418 Scott Street
Montgomery, Alabama 36104
(334) 263-4800

## QUESTIONS PRESENTED FOR REVIEW

I. This case requires reversal because of reference to and use of information Carter provided in his proffer meeting where said information was presented at both grand jury proceedings; more specifically in obtaining the superseding indictment alleging the conspiracy between Co-Defendants Carter and Cheatham which added Cheatham to the Indictment.

II. Salery's testiony as to what Carter allegedly said about the other cocaine being Cheatham's was testimonial hèarsay and prohibited from use before the grand jury and at trial.

(A) Carter's statement was testimonial hearsay and prohibited from use before the grand jury and at trial.

(B) Carter's statement did not qualify as a co-conspirator's statement as it was used against Carter to support the conspiracy charge.

See also III (a) and (b) and the credibility and reliability of the Salery testimony in light of the Rule 35 downward departure.

III. That the trial court violated Cheatham's right to trial by jury in sentencing Cheatham on hearsay testimony provided by Salery attributed to the co-conspirator Carter where:

(a) the Salery testimony was not alleged in the Indictment and, therefore, could not be found as an element of the offense by the jury; and

(b) Cheatham's confrontation rights and right to cross-examine the declarant were violated.

IV. The Trial Court and the Eleventh Circuit ignored the compelling prejudice which arose from the joint trial of Cheatham and Carter where the Government had stipulated that none of the physical evidence in the case applied to

- ii -

Cheatham particularly where the Trial Court refused to sustain Cheatham's objections to admission of the Carter physical evidence against Cheatham.

There was a fatal variance between indictment alleging conspiracy to sell crack cocaine and proof of allegedly Salery's sale of powder cocaine, particularly where the second trial Judge refused Cheatham a jury charge on the difference between crack and powder where the instruction was provided for Cheatham in the first, severed trial.

(A)   Congress in enacting the sentencing guidelines acknowledged the difference between crack and cocaine powder.

(B)   There was no testimony Cheatham converted powder to crack nor was there testimony which would make this inference forseeable by Cheatham.

(C.)   A constructive amendment to the Indictment occurred in the jury finding that Cheatham engaged in a conspiracy to sell crack cocaine.

(D)   The only evidence (which Cheatham denies) at best supported separate conspiracies (i.e., Salery sold to Carter (buyer/seller) and Salery sold to Cheatham (buyer/seller).

- iii -

## PARTIES TO THE PROCEEDINGS

Petitioner: Artrone Cheatham

Counsel for Petitioner:
Donald G. Madison, Esquire
418 Scott Street
Montgomery, Alabama 36104

Respondent: The United States of America

Counsel for Respondent:
Honorable Leura G. Canary
United States Attorney
Middle District of Alabama
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable Todd A. Brown
Assistant United States Attorney
Middle District of Alabama
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable W. Harold Albritton, III
United States District Judge
Middle District of Alabama
United States Courthouse
15 Lee Street
Montgomery, Alabama 36104

Maurice S. Bell, Esquire
609 South McDonough Street
Montgomery, Alabama 36104

"...The contents of the statement shall be considered but are not alone sufficient to establish...or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under (E)."

The statement was offered against both Carter and Cheatham. The co-conspirator exception only allows the statement to be presented against the other alleged co-conspirator, not against the declarant himself (see Issue I).

As Salery's testimony of what supposedly told him is the only evidence of any alleged "crack" cocaine dealings; there is no independent basis for the finding of a conspiracy. Therefore, the Rule itself precludes the statement.

See also III (a) and (b) and the credibility/reliability of testimony in light of Rule 35 downward departure.

III.   That the trial court violated Cheatham's right to trial by jury in sentencing Cheatham on hearsay testimony provided by Salery aattributed to the co-conspirator Carter where:

    (a)    the Salery testimony was not alleged in the Indictment and, therefore, could not be found as an element of the offense by the jury; and

    (b)    Cheatham's confrontation rights and right to cross-examine the declarant were violated.

(a)   Cheatham argued these issues on appeal, more particularly at pages 32-33 of his trial. Cheatham argued that by reason that the Government dismissed the physical evidence counts against Cheatham by stipulating the counts were dismissed and had nothing to do with Cheatham that the jury, under Apprendi v. New Jersey, cited by Cheatham from United States v. Cavender, 228 F.3d 792 (7th Cir. 2000), could not find a drug quantity against Cheatham.

The jury found Carter and Cheatham guilty of conspiracy to sell 50 grams or more of crack, with no other specific amount stated in the verdict form. Cheatham had no prior felony convictions nor enhancements. The trial court attributed crack plus the kilograms of crack cocaine in amounts established by Salery's testimony.

Alternatively, the 50 grams should have been the maximum amount attributable for sentencing purposes as the sole specific amount found by a jury.

The Salery drug quantities (which Cheatham denies) were not alleged in the Indictment. This is particularly true where the physical evidence alleged in the Indictment was cocaine and crack allegedly seized from Carter in 2001 and 2002, which was over one and one-half years after Salery was incarcerated. Cheatham also objected to use of the Salery attributed drugs at sentencing. See Appendix A.

"Pursuant to Apprendi, [HN2] in order to sentence a defendant under § 841 (b)(1)(B), instead of § 841 (b)(1)(C)'s catch-all [**6] statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proved to a jury beyond a reasonable doubt. N2 *United States v. Angle*, 230 F. 3d 113, 2000 WL 1515159, at *10 (4th Cir. 2000), *United States v. Doggett*, 230 F. 3d 160, 2000 WL 1481160, at *3 (5th Cir. 2000), *United States v. Cavender*, 288 F.3d 792, 2000 WL 1459838, at *58 (7th Cir. Oct 3, 2000)."

According to this Court's recent case of *U.S. v. Booker*, 2005 WL 50108(U.S.) _____ S. Ct. _____, the holding of *Blakely v. Washington*, 542 U.S. _____ (2004), was extended to cases involving the Federal Sentencing Guidelines. The facts of this case with respect to sentencing are very similar to those cited in *U.S. v. Booker, id.*, pages 4 and 5 thereto. Therefore, the Salery drug amounts not being alleged in the Indictment could not be utilized as premise for conspiracy charge.

(b)   In Crawford v. Washington, 541 U.S. _____ (2004), this Court held that testimonial hearsay (confession) where the declarant is unavailable to be cross-examined should be precluded as a violation