IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAY 22  A 9: 38

|  |  |  |
|---|---|---|
| ARTRONE CHEATHAM | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| vs. | ) | NO. 2:06cv210-MEF-CSC |
| | ) | (CR NO. 02-07-N) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MOVANT/DEFENDANT'S TRAVERSE TO UNITED STATES' RESPONSE
TO 28 U.S.C. §2255 MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, Artrone Cheatham, Movant/Defendant--Pro Se, and submits his reply to the Government's response as it related to his 28 U.S.C. §2255 motion to vacate, set aside, or correct sentence by a person in federal custody. The Movant sets forth the following factual reasons why the government's response should be denied, and his 28 U.S.C. §2255 motion granted; and an evidentiary hearing immediately scheduled:

I. THE GOVERNMENT IS IN VIOLATION OF THE COURT'S ORDER
THAT WAS ISSUED AND ENTERED ON THE 15th day of March
2006.

In the Order of the Court that was entered on March 15, 2006, the Order specifically stated: " In filing its response, the government shall identify and produce all **documents** and court records relevant to the issues pending in this cause of action."[1]

_____

[1]  See Exhibit "A-1", ORDER of the Court, signed by Chief United States Magistrate Judge, Charles S. Coody, entered on March 15, 2006.

-1-

In the Movant's original 28 U.S.C. §2255 motion, he specifically requested pursuant to the Federal Rules of Criminal Procedure 26.2(a) (d) & (f); that the government would produce the following documents that were relevant to the issues pending in this cause of action:

A. A production of the Government's witness, Wallace Salery, statements, interviews, agreements, offer for sentence reduction for substantial assistance; and any off the record statements given to the Prosecutor or his designated staff or Law Enforcement Authorities.(See P.30 original 28 U.S.C. §2255 motion).

The document's that were requested by the Movant, in accordance with the stated rules identified; directly related to his claim that was presented concerning the sufficiency of evidence inadequacy; and the government has intentionally refused to produce the documents that were identified by the Court. The Movant clearly raised in his issue concerning the absence of sufficient evidence to support the conviction, the following:

A. That the evidence failed to show beyond a reasonable doubt that he had ever agreed to participate in a conspiracy to distribute crack cocaine.

B. That the evidence of the alleged coconspirator's statements offered no substantial independent evidence of a conspiracy that was sufficient to go to a jury.

C. That there was no evidence, other than the fabricated, false testimony of the alleged coconspirator, Wallace Salery; that he was a member of any alleged conspiracy.

What the government has attempted to do in their response, by intentionally failing to produce the documents that the Movant requested, and the Court ordered produced; is to avoid addressing a very critical issue that the government cannot justify or answer.

-2-

**II. THE GOVERNMENT'S RESPONSE TO THE MOVANT'S CLAIM OF PROSECUTORIAL MISCONDUCT MUST FAIL; DUE TO THE FACT THAT THE DOCUMENTED RECORD PROVIDES CONCLUSIVE EVIDENCE OF THE MISCONDUCT THAT TOOK PLACE IN THE TRIAL PROCEEDINGS.**

Although, the government attempts to excuse the conduct of Prosecutor Todd A. Brown; it is quite evident that the documented record supports the movant's claim, and the government's response must fail. As the movant identified in his original 28 U.S.C.§2255 motion, the following:

"While the government will attempt to excuse this misconduct, by suggesting that it was a mistake or that it was done inadvertently; the facts remain the same: **the jury would not and could not unanimously reach a decision concerning Cheatham; until after the improper conduct of the government took place.**" (See P.19 original 28 U.S.C. §2255 motion).

This is exactly what the government attempted to do, by stating: "The simplicity of this Court's instructions to the jury corrected any incorrect notion as to which defendant the exhibits in question pertained." However, what cannot be denied, is the very fact that the Court's instruction to the jury to disregard the exhibits; could not correct the damage and prejudice that had already taken place against Mr. Cheatham. As the movant identified in his original motion, of which the government failed to address and respond to:"it is an established fact that an error may be so prejudicial that no cautionary instruction, however swiftly and forcibly given, can safely eradicate its effect. <u>United States v. Solivan</u>, 937 F.2d 1146, 1156(6th Cir. 1991)."(See P.7 of the Government's response; and P.19 of the original 28 U.S.C. §2255 motion).

The government cannot rebut the fact that there was no physical

-3-

evidence that connected Mr. Cheatham to the conspiracy; no testimony that established that Mr. Cheatham conspired in any agreement to the alleged conspiracy; no testimony as to whom Mr. Cheatham allegedly sold drugs to; and it is without question that the jury could not unanimously render a decision against Mr. Cheatham **until after they had been influenced by the Government's misconduct.**

The government failed to answer the Movant's claim that their illegal action was tantamount to the knowing use of false evidence; and also failed to address the fact that in the Eleventh Circuit that this kind of misconduct had resulted in many cases being re-versed. (See P.20, of the original 28 U.S.C. §2255 motion). The government unknowingly in their response, has confirmed the Movant's claim when it was stated: "The record makes clear that the exhibits at issue were collected from Carter's person or residence, and were not linked to Cheatham in any way.(See P.7 of the Government's response). However, what cannot be excused or denied, is that although the exhibits did not pertain to Mr. Cheatham in any form or fashion; yet because of the government's improper methods his name was placed on the file, and in turn created confusion and doubt to the jury concerning his innocence. The objections that were raised during the trial proceedings, concerning this issue, clearly preserved the Movant's right to challenge the improper methods that the government utilized to produce the illegal conviction of Mr. Cheatham; and in no way can be procedurally barred from being raised in this venue. The Government's response to this stated issue must fail; and relief should be granted to the Movant because of the Prosecutorial Misconduct.

-4-

It should also be noted by the court, that the sworn affidavit of Attorney Donald G. Madison, who is an officer of the court; also supports the Movant's claim of prosecutorial misconduct. On page 9, of Attorney Madison's sworn affidavit, he alleges that:

A. That the prosecutor was guilty of improper conduct, as it related to the testimony of the witnesses in the two trial proceedings.

B. That the prosecutor was guilty of allowing the witnesses to review the proffer statement of Carter; in order for the witnesses testimony to be consistent with each other.

C. That the prosecutor was guilty of counseling the witnesses; and that this fact could easily be confirmed by reviewing the first trial that attempted in vain to link Mr. Cheatham to an alleged Haitian conspiracy.

D. That due to the fact of the witnesses not being able to remember what they were supposed to testify to, as the prosecutor had instructed them to say; that the only witness called to testify against Cheatham at the second trial was Salery.(See P.9&10, of the sworn affidavit of Attorney Donald G. Madison).

The pattern of corruption and prosecutorial misconduct is not just raised by Mr. Cheatham; but also by a sworn statement of an officer of the court in the person of Attorney Madison, who was ordered by the court to provide an affidavit rebutting the Movant's claim of ineffective assistance of counsel. The government conveniently attempts to "side-step" the conclusive evidence of their misconduct; however, the facts remain the same that when a fundamental miscarriage of justice has resulted because of the government's improper and illegal motions; that this court has authority and jurisdiction to consider the movant's constitutional claim. **Murray v. Carter**, 477 U.S. 478, 496 (1986).

**III. THE GOVERNMENT'S RESPONSE TO THE MOVANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, MUST FAIL IN ALL ASPECTS; DUE TO THE FACT THAT THE DOCUMENTED RECORD, AS WELL AS THE SWORN AFFIDAVIT OF ATTORNEY MADISON, PROVIDES CONCLUSIVE EVIDENCE THAT INEFFECTIVE ASSISTANCE OF COUNSEL WAS CONSTITUTED.**

The government attempts to rebut the Movant's claims of Ineffective Assistance of Counsel, by stating:

A. Cheatham cannot establish that he was prejudiced by trial counsel's failure to request a **James** hearing.

B. Counsel adequately challenged the sufficiency of the evidence as to Cheatham's participation in a conspiracy on appeal.

C. Counsel adequately raised the issue of whether the trial court's questioning of a witness improperly influenced the jury on appeal.

D. Counsel was not ineffective at sentencing, and Cheatham was not sentenced in violation of **United States v. Booker**.

A.   The government attempts to excuse the ineffective assistance of Attorney Madison, as it relates to the **James** hearing, by suggesting that it was the trial court's responsibility to present the need to hold the JAMES hearing and not the Movant's defense counsel. (See P.10, of the Government's response). However, what the government conveniently fails to recall and acknowledge is the very fact that in his appellate brief rebutting the Movant's claims on direct appeal he specifically stated: "Because Cheatham never moved for such a hearing, nor did he object to the failure of such a hearing in the case below, the decision to admit Salery's testimony must be reviewed under plain error analysis. Fed.R.Crim.P. 52(b). **Pielego**, **135 F.3d at 709.** Cheatham has failed to meet his burden in this respect."(See original 28 U.S.C.§2255 motion, Exhibit "B-2"). Further proof of Attorney Madison's incompetence and ineffective

assistance of counsel, as it relates to the **James** hearing is

identified in his sworn affidavit to the court when he stated:

    A. The necessity for a James hearing under U.S. v Alvarez had
pretty much been alleviated by Bourjouily v. United States, 483
U.S. 171, 182-184 (1987).

    B. U.S. v. Alvarez, relied upon by Cheatham, had been re-
placed by the logic of Bourjouily and, therefore, the allegation
is without merit.

(See P.3 & 4 of the Sworn Affidavit of Attorney Donald G. Madison).

    In the affidavit, Attorney Madison openly admits that he pre-

sented an issue to the appellate court on the behalf of the Movant

that was without merit; and was readily available to be known if

only he had done the proper research and provided adequate counsel

to his client. Attorney Madison, attempts to excuse his errors as

it relates to this issue, by stating that he raised adequate dis-

cussion of this argument in other issues; however, it cannot excuse

the fact that his representation at the appellate level by intro-

ducing this issue was without merit and was subsequently denied.

    In the Movant's original 28 U.S.C. §2255 motion, he specifically

sets forth the following protections that his attorney allowed to be

violated during the trial court proceedings, as it relates to this

issue; and due to the failure of Attorney Madison not raising this issue

in the proper forum where it should have been raised, he yet placed

the Movant in a prejudiced position by attempting to raise it in

error at the appellate level. Not only has the government's response

confirmed this fact, but the affidavit of Attorney Madison has now

verified this fact as well. Without a doubt, the documented record

of the government, sworn affidavit of Attorney Madison; clearly sets

forth his ineffective assistance of counsel.

B.    The next issue of rebuttal by the government, pertains to their
assertion that Mr. Cheatham's counsel adequately challenged the
sufficiency of the evidence as to Cheatham's participation in a
conspiracy on appeal. Once again, we find the government attempting
to avoid addressing the very fact that on Direct Appeal, the Assistant
United States Attorney presented the fact that Attorney Madison's brief
was in violation of Fed.R.App.P. Rule 28; and therefore resulted in
waiver and abandonment of the issues presented.(See P.9 of original
28 U.S.C. §2255 Motion). In the government's response, it attempts
to correct the obvious errors and ineffective assistance of counsel
of Attorney Madison, by stating: "In addition, the Eleventh Circuit
has recently affirmed its responsibility to "apply the correct rules
of law to the issues before it whether the parties have correctly
stated those rules in their briefs or not."(See P. 11 of the response
of the Government).

The government cannot correct the obvious errors of Attorney
Madison that were made at the appellate level; because a simple re-
view of this issue will clearly confirm that it was waived and re-
sulted in a man that was actually innocent of the crime that he
was convicted of being denied proper appellate review. A proper
review of the sufficiency of the evidence issue at the appellate
level, would have revealed that the trial court erred in not grant-
ing Cheatham's motion for judgment of acquittal at the close of the
Government's case, and also at the end of the trial proceedings.
Attorney Madison, admits in his sworn affidavit that the specific
cases that were raised by Cheatham in his 28 U.S.C. §2255 Motion

-8-

were not raised by him at the Movant's trial proceedings; and the Movant has clearly identified in his Section 2255 Motion that these cases had specific bearing on the sufficiency of evidence standard that should have been presented during the trial proceedings.

The government cannot correct the ineffective assistance of counsel that it pointed out to the appellate court, by simply stating at this stage of the proceedings that Attorney Madison's representation was adequate. It is a well established fact that Attorney Madison forfeited his client's legal right to appellate review relating to this issue; for failing to properly comply with the F.R.App.P. Rule 28; which clearly constitutes ineffective assistance of counsel. **United States v. Hardy**, 895 F.2d. 1331, 1335(11th Cir. 1990); and **United States v. Kelly**, 888 F.2d 732, 741 (11th Cir. 1989). In order to avoid fully addressing this issue, the government avoided making any reference to the stated rule; that they utilized to rebut Attorney Madison's representation at the appellate level.

As the Movant specifically established in his original 28 U.S.C. §2255 motion, it is quite evident that no reasonable attorney on appeal, would have made such elementary errors. The adversarial process on appeal did not work adequately, due to Attorney Madison's ineffectiveness; simply because he did not or would not take the time or effort to acquaint himself with the Federal Rules of Appellate Procedure. The errors that were made by counsel were so serious that counsel was not functioning as the 'counsel' guaranteed the Movant by the Sixth Amendment. The government's response must fail, and an Evidentiary hearing should be scheduled immediately; in order to grant Mr. Cheatham the relief he seeks by way of his Motion.

-9-

C.   The third issue that the government's response addressed, was
in relation to the Movant's claim that stated that because of
Attorney Madison's ineffective assistance of counsel; he failed
to properly raise to the appellate court that the trial court
improperly influenced the jury. Once again, in order to prevent
the court from seeing the entire picture; the government avoids
addressing the fact that this is exactly the argument that they
presented to the court, **under oath,** in their appellee brief on
direct appeal. The government certainly understands that it had
an ethical responsibility to present issues and arguments of
truth, as it related to all of the proceedings; therefore, in
order to keep from addressing this fact Assistant United States
Attorney Todd Brown simply states that: "the Eleventh Circuit
liberally reads briefs to ascertain the issues raised on appeal."
(See P.12 of the government's response).

One of the clearest indications that the government knows
that Attorney Madison was ineffective in representing Mr. Cheatham;
is verified by the fact that at no time in the government's response
do they attempt to verify his effectiveness by the sworn affidavit
that he presented in his behalf. It is quite common, and well
recognized by this court as well as other courts; that the affidavit
provided by the defense attorney is utilized to rebut the Movant's
claim of ineffective assistance  of counsel. However, in this stated
case, the seventeen(17) page affidavit that was presented by Attorney
Madison; is not acknowledged, referred to, quoted, or even mentioned
by the government. One of the most obvious reasons, is due to the
fact that the affidavit of Attorney Madison clearly establishes that

-10-

he yet does not understand or comprehend the correct legal pro-
cedures for presenting an issue before the appellate court. Attorney
Madison, attempts to re-argue the issue that he presented on appellate
review that related to the trial court improperly interjecting its
influence in the trial proceedings in his sworn affidavit. However,
once again he fails to understand, as the Assistant United States
Attorney previously pointed out in his Appellee brief; that it was
necessary that he presented his argument according to the F.R.App.P
Rule 28.

Attorney Madison, clearly establishes in his sworn affidavit,
that prejudice was established against the Movant concerning this
issue; due to the fact that it was waived and not reviewed at the
appellate level. As Mr. Cheatham, has stated in his original 28
U.S.C. §2255 motion, the entitlement to effective assistance does
not end when the sentence is imposed, but extends to one's first
appeal of right. **Green v. Johnson**, **160 F.3d 1029, 1043 (5th Cir.
1998).** The two-prong test to evaluate ineffective assistance
claims as established by, **Strickland v. Washington**, **466 U.S. 668
(1984);** has clearly been met in this stated case, due to the fact
that the Movant's counsel performance fell below an objective
standard of reasonableness; and his deficient performance placed
the Movant in an unreliable or fundamentally unfair outcome in the
proceedings. To even further illustrate, the incompetence of
Attorney Madison in his sworn affidavit, he states: "At page 15
of his petition, Cheatham attempts to argue something pertaining
to procedural default; however, procedural default is not applicable

-11-

to any issue which Cheatham raised throughout the motions filed
by Cheatham before trial; after trial; in his Appellants' Brief;
in his Petition for Rehearing en banc; in his Petition for Writ
to the United States Supreme Court; and request for Rehearing en
banc."(See P.8 & 9 of the sworn affidavit of Attorney Madison).

A simple review of Mr. Cheatham's 28 U.S.C. §2255 motion, will
show that his statement as it related to procedural default was
simply a fact that many Assistant United States Attorney's attempt
to utilize the argument of procedural default; when a petitioner
on collateral attack presents events that transpired that violated
his constitutional rights." (See P.15, of original 28 U.S.C. §2255
motion). However, due to Attorney Madison's inability to ascertain
or provide effective counsel; he misinterprets Mr. Cheatham's motion
to be an argument pertaining to procedural default. This is exactly
the pattern and process of ineffective assistance of counsel that
Attorney Madison presented throughout the trial proceedings;and as
a result of his deficient performance an innocent man has been
allowed to be convicted of a conspiracy that he had absolutely
nothing to do with. On page 16, of Attorney Madison's sworn affidavit
he confirms this fact when he states: "Finally, Counsel still feels
that for Cheatham to receive the sentence he received of 235 months
where he had no prior felonies is simply a miscarriage of justice,
particularly under the facts of this case; his conviction based
upon hearsay testimony; as well as in lieu of the stipulation as
to the physical evidence in the case." (See P. 16 & 17 of the sworn
affidavit of Attorney Madison).

-12-

D. The fourth issue that the government's response addressed, was in relation to the Movant's claim that his attorney erroneously attempted to utilize the SIMPSON case to challenge relevant conduct at the sentencing hearing. The first fact that should be noted concerning this issue, is identified in the sworn affidavit that was provided by Attorney Madison. Although, the sentencing court clearly identified that the SIMPSON case was not applicable to that of the Movant; Attorney Madison, yet attempts to substantiate and verify the accuracy of his argument using the SIMPSON case in his sworn affidavit.(See P.10, sworn affidavit of Attorney Madison).

What Attorney Madison fails to understand, and the government chooses to ignore; is the very fact that at the Petitioner's sentencing hearing when the jury finally reached a verdict of guilty, they also returned a specific, special verdict that found the Petitioner guilty of 50 grams or more of Cocaine base only. Attorney Madison, still fails to understand, as reflected by his sworn affidavit; that the special verdict stood as a final decision of the special matters with which it dealt. Attorney Madison, allowed the Petitioner's due process rights to be blatantly violated during the sentencing hearing; and in his sworn affidavit yet doesn't understand the set and prescribed standards of the special verdict form that set the only criteria that Mr. Cheatham could have be held responsible for.

In the government's response, it stated on P.13, in the third paragraph: "Further, Cheatham suffered no prejudice at sentencing. This Court indeed found that Cheatham was responsible for distributing up to 30 kilograms of cocaine and/or cocaine base during

-13-

1999. Exhibit E at 24. These findings as to additional drug quantity were specifically tied to reliable trial testimony, and therefore met the preponderance standard which continues to govern sentencing proceedings."( See P.13, of the Government's response). Here, the government openly admits that the jury did not find the Petitioner guilty of the 30 kilograms of cocaine that he was sentenced to; which completely supports the Petitioner's claim that his due process rights were violated. As the petitioner presented in his original 28 U.S.C. §2255 petition; the special verdict form that was utilized at his trial proceedings established the only thing that had been unanimously decided by the jury beyond the reasonable doubt standard. The government openly admits in their response that the trial court, and not the jury, placed the additional 30 kilograms of cocaine powder on the Petitioner by utilizing the preponderance of evidence standard.

The reasonable doubt standard set forth in, **In re Winship,** has been expressly confirmed that: "Judicial fact-finding that enhances sentences under the preponderance of the evidence standard, which was never charged or submitted to a jury nor proven beyond a reason-able doubt, violates a defendant's Sixth Amendment rights under the Constitution." **United States v. Booker**, 128 S.Ct. 73 (2005). The standard that was in violation at the Petitioner's sentencing hearing that has openly been conceded to by the government; and that also failed to be articulately presented by Attorney Madison was the very fact that: "The Supreme Court has acknowledged that the standard

-14-

of proof can significantly impact factfinding accuracy and
society's confidence in the result. The reasonable-doubt standard
plays a vital rule in the American scheme of criminal procedure.
It is a prime instrument for reducing the risk of convictions
resting on factual error; for the reasonable-doubt standard is in-
dispensable to command the respect and confidence of the community
in applications of the criminal law."
[**In re Winship**, 397 U.S. 358, 363, 364(1970); **Ivan V. v. City of
New York**, 407 U.S. 203, 205 (1972).]

Attorney Madison, failed at sentencing, as well as fails to
understand by reading his sworn affidavit; that the purpose of the
Petitioner having a special verdict form to specifically establish
what he was being found guilty of by the jury;was to insure and
protect the truth-finding function from being substantially im-
paired. The government concedes the fact that the reasonable doubt
standard was disregarded during the petitioner's sentencing hearing;
and thereby the Petitioner's sentencing exposure was increased by
a minimum of **115 months.** It is without question that the documented
record, sworn affidavit of Attorney Madison, and government's response;
confirms the fact that what the jury found Cheatham guilty of would
have rendered a 120 month mandatory sentence at the time of the
sentencing hearing. Because Cheatham's sentence was determined by
a judge under the preponderance standard; Mr. Cheatham's "legal
right to a lesser sentence" was violated under the Sixth Amendment
right to trial by jury. The government openly admits that the Court

-15-

rather than the jury elevated the amount of drugs from the 50 grams to 30 kilo's of cocaine powder; by allegedly reliable "trial testimony" and under the preponderance standard. What the government failed to provide, that was requested by the Petitioner, is the very documents that have great bearing on the credibility of Wallace Salery and his testimony; as well as the substantial reduction in Salery's prison sentence by giving his fabricated testimony at the trial proceedings. The sentence of the Petitioner is clearly illegal, violating the maximum authorized by law; and in direct conflict with the special verdit that the jury found Mr. Cheatham guilty of; and therefore must be vacated, set aside, and corrected.

E. Although, the petitioner clearly identified a final issue of ineffectiveness on the behalf of Attorney Madison; the government has conceded this issue by failing to address it in their response. Attorney Madison, attempts to justify filing an erroneous Rule 35 Motion; however, the facts are without dispute, he further demonstrates his deficiency and incompetence in understanding the Federal Rules of Criminal Procedure, in attempting to file this motion. (See P. 13, of the sworn affidavit of Attorney Madison). Further proof of Attorney Madison's incompetence is revealed when he states: "Counsel could not put his hands on any case, law or otherwise substantiating that the Motion should have been filed as a Rule 35; however, counsel thought that he had read it in either the old 28 U.S.C. statute or had seen it somewhere in his research."(See P.13, of the sworn affidavit of Attorney Madison). Attorney Madison's incompetence that constitutes both deficiency and prejudice to the petitioner; openly

-16-

admits that he "thought" his actions were correct; when a man's
life was at stake and facing an illegal **235 months of prison time**.
In a brief reading of Attorney Madison's sworn affidavit, of which
the government doesn't acknowledge, refer to, or even mention; it
is clear to see that he yet doesn't understand the procedures that
are involved with the Federal Rules of Criminal Procedure. Attorney
Madison, goes on to state in his sworn affidavit:"Therefore, while
rejected by this Honorable Court, counsel believes that it was
possibly the Dodd case which he had read which supported the under-
signed's reasoning behind the filing of the Cheatham and Carter
Rule 35 filings were in fact proper. (See P. 15, of the sworn
affidavit, of Attorney Madison).

Although, this Court properly rejected the Rule 35 Motion as
being untimely filed; Attorney Madison still states that he believes
the filings were appropriate and proper and filed prior to the time
that direct review terminated. From his own sworn affidavit, Attorney
Madison, still insists on improperly submitting motions, briefs,
and arguments based on his flawed logic rather than the proper standard
of following the rules of criminal procedure. There is absolutely
no question, and the government clearly knows it, that Attorney
Madison was ineffective in his representation of the Petitioner;
and therefore the Petitioner's relief that is requested should be
granted. Attorney Madison, states in his conclusion, that he was
paid less than a total of $6,500.00, for his services in the rep-
resentation of the Petitioner; however, the question that must be
answered is: "Was this the reason that he provided the ineffective

-17-

assistance of counsel, because he wasn't paid enough?" (See P.15 & 16 of the sworn affidavit of Attorney Madison). Attorney Madison, also states on Page 16 of the sworn affidavit that his efforts were quite the opposite of ineffectiveness; and "that still does not mean that counsel has to stomach the issues raised by Cheatham in his 28 U.S.C. §2255 Petition."

The consistent pattern of ineffectiveness is clearly confirmed by Attorney Madison's sworn affidavit; and as the petitioner has stated previously, this is the very fact why the government does not make mention of the affidavit at any time in their answer to the Petitioner's claims. It is without question, and a review of the record will clearly show; that the adversarial process through- out the entire proceedings did not work adequately, because of the ineffective assistance of counsel provided by Attorney Madison. The petitioner has met the burden in demonstrating that his counsel's deficient performance prejudiced not only his trial, sentencing hearing, but his direct appeal as well. The Eleventh Circuit has well noted that when a habeas petitioner has demonstrated both deficient performance and prejudice; it will constitute a claim of ineffective assistance of counsel. **Bottoson v. Moore,** 234 F.3d 526, **532 (11th Cir.2000).** In this instant case, the petitioner has not relied on unsupported allegations or unsupported facts; but rather has pleaded facts sufficient to demonstrate that he was prejudiced by the representation of Attorney Madison. Therefore, the petitioner is entitled to habeas corpus relief; and the conviction as well as the sentence should be vacated, set aside, and an evidentiary hearing should be scheduled immediately for further review.

-18-

**EVIDENTIARY HEARING:**

In the government's response, they state that an evidentiary hearing is not necessary; and that Mr. Cheatham's claims for relief should be denied without an evidentiary hearing. The government also states that should the Court determine that Mr. Cheatham has made any arguments not addressed in their response, that the United States would request the opportunity to further respond to those arguments. Mr. Cheatham  objects to the government being given any other chance or opportunity to respond to the claims that the Petitioner has identified in his traverse, that the government conceded to by failing to address or respond to. The Petitioner also addresses the fact that the law is clear that in order to be entitled to an evidentiary hearing, a petitioner need only allege---not prove---reasonably specific non-conclusory facts that, if true, would entitle him to relief. The record will conclusively show that the Petitioner has met this burden in his original 28 U.S.C. §2255; and also in his traverse to the government's response.

The Petitioner renews the official request that he specified in his 28 U.S.C. §2255, on P.28; and requests that the Court would review and rule on the specific items that were requested. Petitioner also re-states, re-alleges, and re-incorporates his argument that was raised in his 28 U.S.C. §2255 petition that related to the evidentiary hearing being granted. It must be noted by the Court that sworn or unsworn statements of an Assistant United States Attorney are entitled to no consideration when making the decision to grant or deny a hearing on a post conviction motion. **United States vs. White,** 366 F.3d 291,300

-19-

(4th Cir.2004)[AUSA's unsworn statement is not evidence]. It is also a well established fact that a sworn statement from an attorney cannot defeat the right to an evidentiary hearing. **Brown vs. Johnson, 224 F.3d 461 (5th Cir. 2000).** A review of the sworn affidavit of Attorney Madison will clearly confirm that a evidentiary hearing is in order; and should be scheduled immediately. As the petitioner presented in his 28 U.S.C. §2255 petition, it is well established in this circuit identified by **Aron vs. United States, 291 F.3d 708, 714 (11th Cir. 2002); that:** "If the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege--not prove--reasonably specific, non-conclusory facts that, if true would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

In conclusion, the petitioner also notes that in the sworn affidavit of Attorney Madison, who is a officer of the court; that he also supports and verify's the claim of prosecutorial misconduct throughout the trial proceedings. The claim of prosecutorial misconduct alone, is worthy of this hearing, in order to place Assistant United States Attorney, Todd A. Brown, on stand under oath; in order to discover the extent of his premeditated, intentional illegal behavior. In the sworn affidavit of Attorney Madison, he alleges serious, and severe allegations concerning the behavior of the government; therefore, it is not a conclusory claim

on the part of the petitioner in requesting this hearing in order to fully prove the government's illegal interference with the evidence in this stated case.

**CONCLUSION:**

WHEREFORE, based upon the foregoing, Petitioner respectfully request's that his 28 U.S.C. §2255 petition would be granted and the stated relief given; or in the alternative that an evidentiary hearing would be ordered immediately in order to affirm the evidence that has been presented concerning his claims.

_5-12-06_
(Executed Date)

_Artrone Cheatham_
ARTRONE CHEATHAM, PETITIONER-Pro SE

## CERTIFICATE OF SERVICE

I, Artrone Cheatham, Movant/Petitioner, Pro Se; do certify and affirm that the foregoing instrument was mailed on the _12_, day of May 2006, by way of first class postage prepaid mail to the following:

United States District Court
For the Middle District of Alabama
Clerk's Office
P.O. Box 711
Montgomery, Alabama 36101-0711
(2 copies)

Assistant United States Attorney
Todd A. Brown
P.O. Box 197
Montgomery, Alabama 36101-0197

(1 copy)

RESPECTFULLY SUBMITTED,

_Artrone Cheatham_
ARTRONE CHEATHAM, PETITIONER--Pro Se
Register No. #11101-002
Federal Correctional Complex-Low
P.O. Box 9000
Forrest City, AR 72336-9000

-21-