IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTRONE CHEATHAM,                         )
                                          )
        Movant/Petitioner,                )
                                          )
            v.                            )        CR. No. 02-07-N
                                          )        Civil No. CV-06-210
UNITED STATES OF AMERICA,                 )
                                          )
        Respondent.                       )
                                          )

MOVANT'S MOTION PURSUANT TO RULE 6 OF THE RULES GOVERNING
SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS
FOR LEAVE OF COURT TO CONDUCT DISCOVERY PURSUANT TO THE
FEDERAL RULES OF CRIMINAL AND CIVIL PROCEDURE

COMES NOW ARTRONE CHEATHAM, pro se, and moves the Court for an
Order authorizing the Movant herein, to conduct limited discovery
of the Government's files and records in connection with the Government's
witnesses Wallace Salery and Jimmy Carter, and in connection with
this request, respectfully shows the Court as follows:

1.      Movant has filed Motion to Vacate, Set Aside, or Correct
Sentence by a Person in Federal Custody as authorized by the provisions
of 28 U.S.C. §2255.  Among the issues raised in that motion concerns
the sufficiency of the evidence in the case, and most particularly,
the truthfulness of the testimony of Wallace Salery.  The Court will
recall that Movant's first trial ended after the trial jury could
not agree on a verdict, and the Court declared a mistrial.

2.      In a second trial, the Court having previously permitted
the joinder of Movant's case with that of Jimmy Carter's case for
trial, the  jury convicted Jimmy Carter, but experienced significant
disagreement among themselves as to the guilt of Movant.  Only after
a protracted period of further deliberations did the jury return a

- 1 -

verdict against the Movant.  Movant was subsequently given a 235-month sentence.

3.    The Government was able to make a barely submissible case against the Movant through the testimony of Wallace Salery.  It was only through the perjured testimony of Wallace Salery, which was as untruthful as it was uncorroborated, that Movant was convicted.  The slender reed upon which the entire conviction rested was a false claim by Salery that Jimmy Carter had told Salery when Carter was picking up a kilogram of cocaine from Salery , that some of the cocaine that Carter had was for Movant.

4.    It is central to Movant's claim for relief that the testimony of Salery was false.  Thus, if the facts surrounding the recruitment of Salery as a Government witness were fully developed, Movant will be able to demonstrate the validity of his claim.

## DISCUSSION

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides the following:

> (a) **Leave of Court Required.**  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary, for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A

The Supreme Court of the United States has had the occasion to consider the application of the above-cited Rule in <u>Bracy</u> v. <u>Gramley</u>, 520 U.S. 899 (1997).  There, the Court noted that before addressing whether an individual is entitled to discovery in a post-conviction context,  his claim's essential elements must be identified.  <u>United States</u> v. <u>Armstrong</u>, 517 U.S. 456, 468 (1996).  In this case, Movant asserts his conviction was based on the perjured testimony of the Government's sole witness connecting him to the

charged conspiracy, the use of which deprived him of due process of law, resulting in his conviction for a crime he did not commit.

However, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.  Thus, in Harris v. Nelson, 394 U.S. 286 (1969) the Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings..  The Court did conclude, however, that the All Writs Act, 28 U.S.C. §1651, gave federal courts the power to "fashion appropriate modes of procedure," 394 U.S. at 299. including discovery to dispose of habeas petitions "as law and justice require," id. at 300.   In that case the High Court recommended that "the rule-making machinery . . . be invoked to formulate rules of practice with respect to federal habeas corpus . . . proceedings." Id., at 300, n.7.  Accordingly, in 1976, the Supreme Court promulgated, and the Congress adopted the Rules Governing 2255 Cases.

The Bracy case arose out of the prosecution of a State Circuit Court Judge in Illinois, who was caught in the wide-ranging FBI investigation into Chicago's judicial corruption known as "operation Greylord.$\frac{1}{4}$  There a defendant had been convicted of the crime of murder.  His trial judge was later indicted in Federal Court for accepting bribes in murder cases.  The theory of his habeas claim was that the trial judge had been biased against him because he needed to favor the State in some murder cases in order to cover up the fact that he was taking bribes in other cases.  The petitioner's attorney at trial had been a former associate of the exposed and convicted

- 3 -

circuit judge.   Petitioner had sought leave to engage in discovery
in the district court where he had filed a motion under 28 U.S.C.
§2254.   §2254 cases, like §2255 cases, are now governed by their own
rules.   The district court, however, denied the motion for leave to
engage in discovery.   The Supreme Court reversed, holding that the
petitioner had shown good cause for discovery under Rule 6(a), noting
its holding in Harris where the Court stated that "where specific
allegations before the court show reason to believe that the petitioner
may, if the facts are fully developed, be able to demonstrate that
he is entitled to relief, it is the duty of the court to provide the
necessary facilities and procedures for an adequate inquiry."
In Bracy v. Granley, the Supreme Court held that Rule 6 is meant to
be "consistent" with Harris.

        Movant's theory in this case is that Wallace Salery perjured
himself for the reason that he sought to render "substantial assistance"
to the Government and falsely implicated the Movant in the conspiracy.
The Government had applied inducements to Salery in order to induce
him to implicate Movant, particularly after Movant had stood trial
and a jury was unable to reach a verdict concerning the Movant's charges.
At that point in time the Government redoubled its efforts to induce
Salery to implicate Movant in the conspiracy.   Movant believes that
the Government is in possession of information which will establish
that certain information provided by Salery had been unreliable, and
that Salery's desire for a determination that he had rendered substantial
assistance had caused him to be careless with the truth.

        In other words, Movant submits that the documents being requested
will expose the falsehood in Salery's testimony, to the extent which is

likely to impeach the testimony of the sole witness who offered any testimony against Cheatham. Salery's inconsistant testimony and it's benefits to Salery are most apparent. Where Salery testifies that he would be receiving some sort of reduction for his testimony against Cheatham. ( Trial Transcript Vol 1 Pg. 28 ) Salery also testified that Cheatham saw him two or three times by himself ( Trial Transcript Vol. 1 pg. 33 ). However, Salery did not disclose when these events occured, pre-1999 or thereafter. Contrary to Salery's testimony at the first tial, Salery testified that he sold Carter 30 kilos and Cheatham 30 kilos ( Trial 2 Transcript Vol. 1 pg. 35 ). Salery also admitted that he was incarcerated in February of 2000 ( Trial 2 Transcript Vol. 1 pg.107 ). When asked why his trial testimony differed from the statement he gave Officer Sisson in January 2003. Salery stated "he **( Sisson ) caught me off guard."** In the statement in question Salery told Sisson that Carter only received two kilos off and on for one year, and only one time did anyone else come with Cater. ( Trial 2 Transcript pg. 154 ).

   Additionally it should also be considered that Salery appear to be relieved of being impeached at trial. Where the exchange proceeded as follows'

      Carter Counsel :   You told them about Carter?

            Salery :   Yes sir

      Carter Counsel:   Who else did you tell them about?

            AUSA   :   Objection

         Court    :   Unless it is you told them about Cater and
                       whoever else did you tell them about.

```
     Mr. Bell    :   Yes sir.

   The Court    :   I presume that he told them about Cheatham.

    Counsel    :   I am going to object to that presumption.

   The Court    :   You can clarify that-but objection overruled.

    Salery     :   About Mr. Cheatham
```

When considering the requested documents may  clearly show that the Court's presumptions may have been incorrect. The requested documents Cheatham believe will reveal that the individual who Salery may have identified, as the person who accompanied Cater on an ocassion when he met with Salery was not Cheatham, and was possibly some other person. In short Cheatham has reason to belief the requested documents will impeach the testimony of Salery.

More importantly, the requested documents will reveal a critical time frame. Which can determine the lawful admissibility of Salery's statement(s) and testimony under Fed. Rule of Evid. 801(d)(2)(E).It may also show whether variance errors ocurred. Considering, Cheatham's first indictment charged him in a conspiracy with the Hattian Boys. Then when the jury failed to convict Cheatham under that theory. Then the AUSA's theory changed and Cheatham was alleged to be in a different conspiracy with Salery and Carter. Since the Court's record show that Salery did not offer any statement until 2003. Certainly Salery's conspiracy cannot be the one alleged in the indictment. Therefore, Cheatham has an exculpatiory as well impeachment inerest in the requested documents. Which may be fundamentally appropriate for discovery.

Where, as here, the entire case against Movant rest on a credibility determinatiom, and the witness, in his zeal to curry favor

with the prosecution had every motive to falsely implicate the Movant, a discovery request tailored to obtain specific information from the Government about instances where the Government found Salery's statements to be contradiced by other objective evidence should be disclosed to the Movant in connection with his pending §2255 motion.  Movant has no other way, other than to seek this information from the Government  by invoking the discovery processes.

This information is important to the Movant in the orderly prosecution of his §2255 motion before this Court.

Indeed, the untainted administration of justice is certainly one of the most cherished aspects of our institutions.  Its observance is one of our proudest boasts.  Fastidious administration of justice requires the Court to make certain that the doing of justice is made so manifest that only irrational or perverse claims cab be asserted. Mesarosh v. United States, 352 U.S. 1 (1956).

Where, as here, the conviction and ensuing substantial sentence imposed upon the Movant was based upon the wholly uncorroborated statement of a single witness,, fastidious administration of justice will be served by permitting the the limited discovery herein requested.


Respectfully submitted,


ARTONE CHEATHAM
Reg. No. 11101-002
Federal Correctional Complex-Low
Post Office Box 9000
Forrest City, Arkansas 72336-9000

Movant, pro se

## CERTIFICATE OF SERVICE

This is to certify the undersigned did mail a true and correct copy of the foregoing

MOVANT'S MOTION PURSUANT TO RULE 6 OF THE RULES GOVERNING
SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS
FOR LEAVE OF COURT TO CONDUCT DISCOVERY PURSUANT TO THE
FEDERAL RULES OF CRIMINAL AND CIVIL PROCEDURE

to:

United States Attorney
Middle District of Alabama
One Court Square
Room 201
Montgomery, Alabama 36104

by first-class mail, in a wrapper addressed as aforesaid, with sufficient first-class postage prepaid and affixed thereto, and by depositing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Complex (Low) at Forrest City, Arkansas, on this __1__ day of July, 2007.

_Artone Cheatham_
ARTONE CHEATHAM

ʃ

- 8 -



36101

0000

7006 0810 0003 7619 8198

Atrone Cheatham
Reg. No. 11101-002
Federal Correctional Complex (Low)
Post Office Box 9000
Forrest City, Arkansas 72336-9000

Clerk of the Court
United States District Court
Middle District of Alabama
Post Office Box 711
Montgomery, AL 36101-0711