RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE 2007 AUG 27  A 9: 20

MIDDLE DISTRICT OF ALABAMA
Northern Division

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Civil Docket No.  2:06-CV-210-MEF |
| | ) | |
| | ) | |
| ARTRONE CHEATHAM | ) | |
| Movant. | ) | |

OBJECTIONS TO MAGISTRATE"S ORDER PURSUANT
TO Fed. Rule. Civil Procd. 72(a)(b)

COMES NOW, Artrone Cheatham, herein Movant/Cheatham, Pro-se, and respectfully petition this Honorable Court Pursuant to Rule 72(a)(b) of the Federal Rules of Civil Procedures, and submits objections to the United State's Magistrates"s Judge, Charles S. Coody's Order denying Movant Leave for discovery purposes. As Grounds for these objections Movant states and shows the following:

(1)    Movant files a motion requesting leave for grant of discovery on July 9, 2007 in connection to Movant's 28 U.S.C. § 2255 litigations.

(2)    The Chief United States Magistrates Judge, Charles S. Coody, entered an order on August 17, 2007 Denying movant's request for discovery without any reasons or lawful opinion or explanation.

(3)     After     considering,     Movant's     request     for discovery set forth facts documented in the Court's record which appear to support a theory that the sole witness who testified against Movant appear to have perjured himself. Movant asserted that requested documents and materials could be used as impeachment materials,  Which would impeach the testimony of the government's only witness against  Movant.

(4)     The  Rules  for  discovery  under  6(a)  governing 28  U.S.C.  §  2255  proceedings,  advises  that  a  court  may authorize discovery, upon a showing of good cause.  In light of Movant's strong showing that the sole witness in his case may have perjured himself, and Movant's strong showing that the  sole  witness's  testimony,  appear  to  constitute  a different conspiracy than that charged in the indictment. Where Movant has charged that the requested documents are designated to be used as impeachment materials,  Movant has certainly shown good cause for discovery.  See **Bracy vs. Gramley**, 520 U.S. 899, 138 L.Ed.2d 97.

(5)     The  Supreme  Court in the **Bracy** case, held that "Where specific allegations before the court show reason to believe that  the  petitioner  may,,  if  the  facts  are  fully developed,  be  able  to  demonstrate  that  he  is  entitled  to relief, it is the duty of the court to provide the necessary facilities  and  procedures  for  an  adequate  inquiry." However,  in  the  case  at  bar  Movant  has  clearly  set  forth reasons  which  appear  to  establish  he  may  be  entitled  to

2

relief, upon the impeachment of the sole witness against him. however, the Chief Magistrate Judge in this case has decided in direct conflict with the **Bracy** case, and denied Movant leave for discovery.

(6)    Additionally, the Magistrate's denial of leave for discovery, without providing reasoning or lawful grounds are shown to be in direct conflict with Supreme Court directives. See **Foreman vs. Davis, 371 U.S. 178, 9 L.Ed.2d 222 at 226 [6,7]** asserting, "The leave sought should, as the rule require, 'be freely given.' Of course, the grant or denial .... that is within the discretion of the district court, but outright refusal to grant the leave without any justifiable reason appearing for    the denial, is not an excercise of discretion, it is merely an abuse of that discretion and inconsistant with  the spirit of the Federal Rules of Civil Procedures.

(7)    When considering, the Chief Magistrate Judge <u>Order</u> is shown to be contrary to Supreme Court decisions and inconsistant with the spirit of the Federal Rules Of Civil Procedure.  Also after considering Movant's good cause for discovery has not been disputed or in any other manner challenged. The government has abandon the issue and argument by remaining silent, and Movant appear to be entitled to the discovery request.

3

(8)    Therefore, Movant object to the clearly erroneous denial of his request for discovery. Considering there appear to be just and lawful grounds for this Honorable Court to grant the disclosure of the requested evidence.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Movant, respectfully request discovery under Rule 6(a), with respect to all the documents and/or evidence specified by his original motions for leave and Discovery, in compliance with the Supreme Court teaching in **Bracy vs. Gramley,** 520 U.S. 899.

CERTIFICATE OF SERVICE

This Pro-se litigant, hereby certifies that he has caused one original and two true and correct copies of the  foregoing pleading ( Movant's Objections To Magistrate's Order Pursuant To Federal Rules Of Civil Procedure, 72(a) And b ) to be served upon the following parties.


Clerk Of The Court
United States District Court
Middle District Of Alabama
Post Office Box 711

Todd A. Brown
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

By way of the United States Postal Service, Exceuted on;

This 23 Day Of August ,2007



ARTRONE CHEATHAM

Artrone Cheatham #11101-002
Federal Correctional Complex Low
P.O. Box 9000
Forest City, A.R. 72336

Clerk Of The Court
United States District Court
Middle District Of Alabama
Post Office Box 711
Montgomery, AL 36101-0711

