IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 2:06cv210-MEF |
| | ) | [WO] |
| ARTRONE CHEATHAM | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a motion by federal inmate Artrone Cheatham ("Cheatham") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 19, 2003, a jury found Cheatham guilty of conspiracy to distribute and possess with intent to distribute cocaine base, a violation of 21 U.S.C. §§ 846 and 841(a)(1).[1] Sentence was imposed on September 23, 2003, with Cheatham receiving a term of 235 months' imprisonment. Cheatham appealed, and on August 2, 2004, the Eleventh Circuit affirmed his conviction and sentence.[2] *United States v. Carter*, [No. 03-13602] 116 Fed.Appx. 244 (11th Cir. Aug. 2, 2004) (Table) (rehearing denied en banc, 124 Fed.Appx. 644 (11th Cir. Oct. 27, 2004)). Cheatham then petitioned the United States Supreme Court for a writ of certiorari, which was denied on March 7, 2005. *Cheatham v. United States*, [No. 04-1008] 544 U.S. 906 (Mar. 7, 2005) (rehearing denied, 545 U.S. 1135 (Jun. 20, 2005)).

---

[1]Cheatham was tried with codefendant Jimmy Carter, Jr.

[2]On appeal, Cheatham's counsel filed a joint brief raising a total of 17 issues on behalf of Cheatham and his codefendant Carter. *See* Government's Exhibit ("GX.") F. The appellate court found that all the issues were without merit. *See* GX. G.

On March 1, 2006,[3] Cheatham filed this § 2255 motion (Doc. No. 1), asserting the following claims:

1. The government engaged in prosecutorial misconduct by submitting to the jury a Drug Enforcement Administration file indexed under his name when the documents in the file pertained only to his codefendant.

2. He received ineffective assistance of counsel for the following reasons:

    a. Counsel failed to request that the trial court conduct a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), to determine the admissibility of certain coconspirator statements under Fed.R.Evid. 801(d)(2)(E).

    b. Counsel failed to adequately challenge the sufficiency of the government's evidence in his appellate brief.

    c. Counsel failed to adequately argue on appeal that the trial court's questioning of witnesses improperly influenced the jury.

    d. Counsel failed to argue at sentencing that his sentence violated the principles of *United States v. Booker*, 543 U.S. 220 (2005), because his offense level was increased based on facts as to drug quantity that were found by the trial court that were not submitted and proved to a jury beyond a reasonable doubt.

    e. Counsel attempted to file an incorrect, untimely

---

[3]Although the motion was date-stamped "received" in this court on March 3, 2006, under the "mailbox rule," the court deems it filed on the date Cheatham delivered it to prison authorities for mailing, presumptively, March 1, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

> motion pursuant to Fed.R.Crim.P. 35(a) that he
> neither requested, solicited, nor authorized.

The government answers that Cheatham's claims are either procedurally barred or without merit. (Doc. No. 7.) Cheatham was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 11.) After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

### A.  Substantive Claim Not Raised on Direct Appeal

Cheatham claims that the government engaged in prosecutorial misconduct by improperly submitting to the jury a Drug Enforcement Administration ("DEA") file indexed under his name, even though the documents in the file actually pertained only to his codefendant Carter. (Doc. No. 2 at 16-20.) He maintains that the government's conduct in this regard constituted "premeditated deception" which "created [among jurors] confusion and doubt concerning his innocence."[4] (*Id.* at 18.)

---

[4]The jury initially submitted a note to the trial court indicating that it had reached its verdict as to Carter but had not come to a unanimous verdict as to Cheatham. *See* Trial Transcript ("Tr.") at 778-79. The court gave an *Allen* charge, and the jury resumed its deliberations as to Cheatham. During these deliberations, the jury submitted a second note to the court asking why Cheatham's name appeared on the title of the DEA file, which included Government's Exhibits Nos. 3, 9, 11, 14, and 16. Tr. at 790-93. These exhibits were originally allowed to go to the jury when it began its deliberations as to both defendants. After the government's attorney conceded that a DEA agent had opined in his testimony that the evidence contained in the file was linked only to Carter but not

3

Cheatham did not raise this claim on direct appeal.[5] "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *see Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Cheatham does not attempt to establish "cause" for his failure to raise this claim on direct appeal. Consequently, his claim is barred from review by the procedural default doctrine.[6]

Even if this court were to review Cheatham's claim, it would nevertheless fail on its merits. The trial court ordered the exhibits in the DEA file withdrawn from evidence and instructed the jury to disregard this evidence in its deliberations as to Cheatham. *See* Tr. at 793. "In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004). The jury is presumed to follow instructions from the court. *See United States v. Kennard*, 472 F.3d 851, 858 (11th Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 3004 (2007). Under the circumstances, Cheatham has not established that the evidence submitted through the alleged

---

to Cheatham, the court resolved the matter by withdrawing the exhibits from evidence and instructing jurors to disregard such evidence in their deliberations as to Cheatham. Tr. at 793.

[5]Although Cheatham did raise a claim of prosecutorial misconduct on appeal, the claim was premised on different instances of alleged governmental wrongdoing. *See* Appellants' Brief "Issue 11" at 40-41.

[6]A procedural default can also be overcome if a petitioner can show a fundamental miscarriage of justice, such as actual innocence. *Mills*, 36 F.3d at 1055 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Cheatham, however, has made no such showing.

prosecutorial misconduct could have so confused jurors that he was unfairly prejudiced by their consideration of improper matters. Cheatham is entitled to no relief based on this claim.

### B.   Ineffective Assistance of Counsel Claims

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The

5

prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id.* at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. Failure to Request Hearing on Admissibility of Coconspirator Statements

Cheatham contends that his counsel rendered ineffective assistance at trial by failing to request that the trial court conduct an independent hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.1979) (en banc), to determine the admissibility under Fed.R.Evid. 801(d)(2)(E) of cooperating witness Wallace Salery's testimony concerning certain coconspirator statements. (Doc. No. 2 at 3-7.)

At trial, Salery testified that Cheatham and codefendant Carter came to him together, and on each other's behalf, to obtain cocaine to sell in crack form, and that the crack amounted to 30 kilograms each for Cheatham and Carter during the course of the conspiracy. *See* Tr. at 30-37. In his testimony, Salery alluded to statements by Cheatham and Carter regarding their arrangement in procuring and selling drugs and the quality of the drugs they obtained from Salery. Tr. at 33, 36. Cheatham argues that a hearing pursuant to *James* would have shown that there was no substantial, independent evidence of a conspiracy and that, consequently, the question of his guilt would not have been submitted to the jury. (Doc. No. 2 at 5-6.)

In *James*, the former Fifth Circuit held that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator."[7] 590 F.2d at 582. The Court recognized, however, that if the district court "determines it is not reasonably practical

---

[7]The Eleventh Circuit has recognized the case law of the former Fifth Circuit as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

to require a showing to be made before admitting the evidence, [it] may admit the statement subject to being connected up." *Id*; *see, e.g., United States v. Norton*, 755 F.2d 1428, 1431 (11th Cir. 1985). This circuit has stressed that "*James* did not establish an inflexible rule that a hearing must be held. Rather, the hearing is a tool for the use and assistance of the trial judge." *United States v. Padilla-Martinez*, 762 F.2d 942, 950 (11th Cir. 1995) (citations omitted). *See United States v. Monaco,* 702 F.2d 860 (11th Cir. 1983); *United States v. Miller*, 664 F.2d 826, 827 (11th Cir. 1981).

The court in *James* held that "fulfillment of the conditions of admissibility [of coconspirator statements pursuant to Fed.R.Evid. 801(d)(2)(E)] must be accomplished by evidence independent of the coconspirator statement[s] [themselves]." 590 F.2d at 581. However, in *Bourjaily v. United States*, 483 U.S. 171 (1987), the Supreme Court held that Fed.R.Evid. 104(a), which provides that district courts are not bound by the rules of evidence (except those with respect to privileges) in determining preliminary questions concerning the admissibility of evidence, permits district courts to consider the coconspirator statements sought to be admitted under Rule 801(d)(2)(E) in determining whether a conspiracy existed, whether the defendant and the declarant were members of the conspiracy, and whether the statements were made in the course of and in furtherance of the conspiracy. 483 U.S. at 175-76. Thus, *James* has been wholly undermined to the extent that it prohibited district courts, in making preliminary factual determinations under Rule 801(d)(2)(E), from examining the coconspirator statements sought to be admitted. Moreover, *James* held that preliminary facts relevant to Rule 801(d)(2)(E) had to be proven by "substantial evidence." 597 F.2d at

580-81. However, in *Bourjaily*, the Supreme Court held that such facts need only be proven by a "preponderance of the evidence." 483 U.S. at 176.

Cheatham simply fails to establish how a "*James* hearing" was necessary to assist the trial court or how the absence of such a hearing led to the admission of otherwise inadmissible evidence in his case. Salery's testimony concerning coconspirator statements clearly related to declarations made in the course of and in furtherance of the conspiracy, and his testimony as a whole was sufficient to demonstrate the existence of a conspiracy. As such, the coconspirator statements were admissible pursuant to Rule 801(d)(2)(E) and under the standards of *Bourjaily*. Counsel cannot be ineffective for failing to raise an issue that would not succeed. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Consequently, this court concludes that Cheatham has failed to show that his counsel's failure to request a hearing pursuant to *James* was objectively unreasonable and prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Cheatham is entitled to no relief based on this claim.

  **2. Failure to Adequately Challenge Sufficiency of Evidence**

Cheatham contends that his counsel on appeal failed to adequately challenge the sufficiency of the government's evidence as to his participation in the conspiracy. (Doc. No. 2 at 8-11.)

On appeal, Cheatham's counsel, citing the standard of review for issues of sufficiency of the evidence, argued that the trial court erred in denying the defense's motion for judgment at the close of the government's case and the motion for judgment of acquittal at

the end of all the evidence. *See* Appellants' Brief "Issue 12"at 41. In its decision upholding Cheatham's conviction and sentence, the Eleventh Circuit found that all issues presented on appeal were without merit. *See* GX. G at 4. Thus, the appellate court passed on the issue of the sufficiency of the evidence and determined that Cheatham's conviction was supported by the evidence. In light of the Eleventh Circuit's consideration and rejection of the merits of Cheatham's challenge to the sufficiency of the evidence, Cheatham fails to demonstrate any prejudice resulting from his appellate counsel's performance in this regard. *Strickland*, 466 U.S. at 687-89.

Cheatham insists that his appellate counsel's cursory presentation of this issue in his appellate brief effectively "forfeited" his right to appellate review of the merits of his challenge to the sufficiency of the government's evidence. (Doc. No. at 9-11.) While counsel's argument in his appellate brief was no model of thoroughness, it is clear that the appellate court reviewed the sufficiency-of-the-evidence claim on its merits. In his § 2255 motion, Cheatham sets forth various arguments that he says counsel should have presented in support of this claim on appeal. (*See* Doc. No. 2 at 8.) However, Cheatham's arguments in this regard – which really may be boiled down to a claim that there was no evidence of an agreement among the conspirators – are not supported by the record. Salery's testimony was sufficient to show such an agreement. The weight to be afforded such testimony was a matter for the jury to decide. Cheatham has demonstrated no entitlement to any relief based on this claim.

### 3. Failure to Adequately Challenge Trial Court's Influence upon Jury

Cheatham contends that his counsel on appeal also failed to adequately argue the issue of whether the court's questioning of witnesses during the trial improperly influenced the jury. (Doc. No. 2 at 12-15.) As he does with his sufficiency-of-the-evidence claim, Cheatham maintains that his appellate counsel effectively waived this claim by failing to present adequate arguments in support of it in his appellate brief. (*Id.*) Again, also, Cheatham fails to present legal arguments or point to facts sufficient to establish the merits of his underlying claim. In any event, the appellate court reviewed the underlying claim and determined that it was meritless.[8] *See* GX. G at 4. That determination became the law of the case. *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) (law-of-the-case doctrine "bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case"). Accordingly, Cheatham does not demonstrate the prejudice necessary to prevail on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687-89.

In his motion, Cheatham maintains that "[t]he issue that is now raised is not whether the trial court improperly influenced the jury, infringing Cheatham's due process right to an impartial jury and fair trial[,] but rather the factual evidence that [counsel] erroneously and due to his incompetence, caused the Petitioner's issue as it relates to this argument ... to have

---

[8]The very same instances of allegedly improper comments by the trial court that are set forth by Cheatham in his § 2255 motion were set forth by his counsel in his appellate brief. (*See* Doc. No. 2 at 14; Appellant's Brief, "Issue 14" at 42-45.) Thus, this court rejects Cheatham's suggestion that the merits of the same claim were not passed on by the appellate court.

been waived and abandoned at the Appellate level." (Doc. No. 2 at 12-13.) While the record does not support the assertion that this issue was waived for appellate review, under the *Strickland* standard, it is nevertheless incumbent upon Cheatham to establish the prejudice that resulted from his counsel's allegedly deficient performance in this regard. 466 U.S. at 687-89. Cheatham fails to do this, and he is entitled to no relief based on this claim.

### 4. Failure to Raise *Booker* Argument at Sentencing

Cheatham contends that his counsel rendered ineffective assistance at sentencing by failing to argue that his sentence violated the principles of *United States v. Booker*, 543 U.S. 220 (2005), because his offense level was increased based on facts as to drug quantity that were found by the trial court but were not submitted and proved to a jury beyond a reasonable doubt.[9] (Doc. No. 2 at 21-25.)

In *Booker*, the Supreme Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury beyond a reasonable doubt. *See* 543 U.S. at 231-45. As a remedy in *Booker*, the Court rendered the Federal Sentencing Guidelines "effectively advisory." *Id.* at 259.

Cheatham was sentenced on September 23, 2003. *Booker* was not decided until January 12, 2005. It is well settled that an attorney's failure to anticipate a change in the law

---

[9]At sentencing, the court found that Cheatham was responsible for 30 kilograms of cocaine, which placed his base offense level at 38. *See* Sentence Hearing at 24; U.S.S.G. § 2D1.1(c)(1).

does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74). Consequently, Cheatham's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Booker*. Thus, this court concludes that Cheatham has not established that his counsel's failure to a raise a *Booker* claim at sentencing fell below an objective standard of reasonableness, and Cheatham is entitled to no relief based on this claim of ineffective assistance of counsel.[10] *See Strickland*, *supra*, 466 U.S. at 688.

### 5. Rule 35 Motion

Cheatham contends that his counsel rendered ineffective assistance when he "erroneously attempted to file an incorrect, untimely Motion pursuant to Fed.R.Crim.P. Rule 35(a) that was not requested, solicited, nor authorized by the Petitioner." (Doc. No. 2 at 25-26.) Counsel filed that motion with the trial court on January 24, 2005, asserting the then recently released *Booker* decision as a basis for resentencing Cheatham. *See* Civil Action No. 2:05cv348-MEF, Doc. No. 2. This court construed the motion as a motion for relief

---

[10]Nor can Cheatham's counsel be faulted for failing to raise a *Booker* claim on direct appeal to the Eleventh Circuit, as *Booker* was not decided until several months after the appellate court affirmed Cheatham's conviction and sentence. This court notes that Cheatham's petition for a writ of certiorari advanced the argument that his sentence violated *Booker*. *See* GX. I at 12-13. The Supreme Court, however, denied the petition for certiorari review. *Cheatham v. United States*, [No. 04-1008] 544 U.S. 906 (Mar. 7, 2005) (rehearing denied, 545 U.S. 1135 (Jun. 20, 2005)).

13

under 28 U.S.C. § 2255. *See* Civil Action No. 2:05cv348-MEF, Doc. No. 3. Cheatham later moved to voluntarily dismiss the motion, and this court granted his motion to withdraw the § 2255 motion and dismissed the action without prejudice. *See* Civil Action No. 2:05cv348-MEF, Doc. Nos. 4, 5, 7, 10 & 11. Cheatham, acting pro se, later filed the instant § 2255 action on March 1, 2006. He initiated this action in a timely fashion. Cheatham fails to show how he was in any way prejudiced by his counsel's filing of the Rule 35 motion that was deemed a § 2255 motion and was eventually dismissed without prejudice. As noted above, it is incumbent upon a petitioner alleging ineffective assistance of counsel to establish the prejudice that resulted from counsel's allegedly deficient performance. *See Strickland*, 466 U.S. at 687-89. Because Cheatham fails to do this, he is not entitled to relief based on this claim of ineffective assistance.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Cheatham be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 26, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

   Done this 13th day of December, 2007.


                           /s/Charles S. Coody
                           CHARLES S. COODY
                           CHIEF UNITED STATES MAGISTRATE JUDGE