IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 JAN -4  A 9: 50

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:06-CV-210-MEF |
| | ) | |
| | ) | |
| | ) | |
| ARTRONE CHEATHAM, | ) | |
| PETITIONER, | ) | |
| | ) | |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PETITIONER'S OBJECTIONS TO MAGISTRATE'S RECOMMENDATION

COMES NOW, Artrone Cheatham, herein Petitioner/Cheatham, Pro-se, and respectfully petition this Honorable Court and submits, Petitioner's Objections to the Chief United States Magistrate's recommendation to deny Petitioner's Motion To Vacate, Set Aside or Correct a federal sentece pursuant to 28 U.S.C. § 2255. And for grounds in support of these objections, Petitioner states and show the following facts and authorities;

## PROCEDURAL HISTORY

Petitioner/Cheatham was charged in a six Count superseding indictment, filed on August 15, 2002 with violations under Title 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Where Cheatham was charged in Count one (1) of the indictment with "Conspiracy To Distribute" 50 grams or more of a mixture or substance containing cocaine base, (crack). However, Count six (6) charged Cheatham with "Possession With Intent To Distribute 5 grams or more of a mixture or substance

containing cocaine base (crack). **See (Doc. 54).**

After count 6 was dismissed at a suppression of the evidence hearing, Cheatham proceeded to trial on the "conspiracy" charge on May 7 , 2003 and the jury advised that they were hopelessly deadlock as to a non-unamimous verdict on May 8, 2003. Causing the Court to declare a mistrial. A new trial date was scheduled and Cheatham proceeded to trial again on June 16, 2003. **See (Magistrate Recommendation pg. 10).**

The jury once again forwarded a note to the Court which stated that it was hung. **(Doc. 25).** The jury also sent a second note which asserted "Government exhibits 3, 9, 11, 14 and 16. These reports are on evidence which was presented against Jimmy Carter. We would like to know, why Artrone Cheatham's name is on the file title." Cheatham requested special instructions be made to the jury. The Court with-drew the evidence and refused to give special instructions. However the Court did instruct the jury to disregard the evidence in question. The jury then went back to deliberations and returned a guilty verdict as to Cheatham. **See (Doc 258).**

Cheatham was sentenced on September 23, 2003 to a sentence of 235 months of imprisonment, with a five year term of supervised release to follow the actual incarceration term, as a direct result of the District Court exceeding the special verdict of a petit jury. Which returned a verdict of guilty,

with respect to only 50 grams or more of a mixture or substance containing cocaine base (crack). **See (Doc. 278).** However, the Court found Cheatham responsible for 30 kilograms of (crack) over the jury's special verdict.

Cheatham's trial Counsel filed a timely notice of appeal and raised 17 grounds on appeal. Where counsel charged (1) whether use of Carter's Proffer Statement in the Original Grand Jury Hearing Require As Well As The Superseding Grand Jury Hearing Require Dismissal Of His Case (2) Whether The Government In Obtaining The Superseding Indictment Without new Evidence Violated Fed. Rules Of Crim. Procd. 7, (3) Whether Cheatham Was Entitled To A Direct Verdict In The First Trial As A Result Of Fatal Variance Of Proof As To Count's Charged Under The Indictment, (4) Whether Trial Court Committed Prejudicial Error In Consolidating The Defendant's Joint Trial. (5) The District Court Never Acquired Jurisdiction Over Cheatham By Reason Of Montgomery City Magistrate Issuing A Warrant Returnable Only In State Court In A Federal Investigation, (6) Whether A Constructive Amendment Of The Indictment Occurred Where The Only Evidence Attributable To Cheatham During The Conspiracy Period Was "Powder" Cocaine, Not "Crack" Cocaine As Alleged In The Indictment, (7) Whether A Batson Challenge Was Upheld Which Should Have Required A Mistrial, (8) Whether Wallace Salery's Testimony Regarding The Conspiracy, As To Cheatham Was Premised Upon Statements Of

Carter Who Did Not Testify, Which Violated Carter's And Cheatham's Right To Confrontation.

Counsel also raised on Direct Appeal, (9) Whether The Government, In Failing To Produce Exhibits Pursuant To Standing Order And Then Proffering The Same For Trial, With Trial Court Admitting The Same, Represent A Violation Of **Brady vs. Maryland,** (10) Whether The Trial Court Allowing Wallace Salery Testimony Permitted Evidence Of A Separate Conspiracy To be Submitted To The Jury.  This Represented A Constructive Amendment To The Indictment, Adding Salery To The Conspiracy, (11) Whether Sufficient Prosecutorial Misconduct Existed, So As to Require Dismissal Of The Indictment, (12) Whether The Trial Court Erred In Not Granting Judgment At Close OF Government's Case And Motion For Judgement At The End Of The Case, (13) Whether Cheatham's Speedy Trial Rights Were Violated, (14) Whether The Trial Court Improperly Influenced The Jury, (15) Whether the Trial Court Erred In Revisiting Suppression Issue Where Count I and II Of The Original Indictment Were Suppressed, (16) Whether The Court Should Have Dismissed Count's IV and V Of The Superseding Indictment (Count's III and IV Of The Original Indictment) Against Carter As The 304 Payson Road, Millbrook, Alabama Home Was Not Owned By Carter, and (17) Whether Carter's Constitutional Rights As Guaranteed By The Fourth And Fourteenth Amendments Were Violated According to **Franks vs. Delaware.**

Cheatham's conviction and sentence was affirmed by the Eleventh Circuit on August 2, 2004 and rehearing enbanc was denied on October 27, 2004. Subsequently Cheatham petition the United States Supreme Court, and his request for the Writ Of Certiorari was denied on March 7, 2005.

Then on March 1, 2006 Cheatham Filed a motion to vacate, set aside or correct a federal sentence pursuant to 28 U.S.C. § 2255. The Government submitted it's response to Cheatham's pleadings on April 14, 2006 and the Chief United States Magistrate Judge, Charles S. Coody, herein (Magistrate's Recomd.) submitted it's report and recommendation to deny Cheatham § 2255 relief, based on misleading factual and lawful grounds. Therefore, Cheatham file these objections to the Magistrate Recomd. as follows;

## Discussion

It is worthy of noting that the Magistrate's Recomd. in it's entirety represent a flagrant attempt to deprive Cheatham of "due process" of law. After considering, Cheatham respectfully requested discovery pursuant to Rule 6(a) of the rules governing 28 U.S.C § 2255 proceedings, in order to fully develop his arguments. Where Cheatham specifically asserted that an inspection of Salery's declaration, proffers and interviews with law enforcement would not only provide Cheatham with impeachment material, but the same would also determine the admissibility of the same under Fed Rules of Evid.

5

801(d)(2)(E) and reveal the occurrence of variance between the first conspiracy for which Cheatham was tried. Which was alleged to be connected to the "Hattian Boys," and the conspiracy found by the jury between Carter, Salery and Cheatham.

Being that Salery was the sole witness who offered incriminating testimony against Cheatham at his second trial. Impeachment of Salery would no doubt change the outcome of Cheatham's trial. In other words the admissibility of Salery's testimony is indispensable to the Government's case. Therefore, Cheatham is lawfully entitled to disclosure of Salery's proffers, declarations, and interviews with law enforcement under **Brady v. Maryland**, 373 U.S. 83, 10 L.Ed.2d 215 at 218 [3]  Where he has clearly pointed out that the disclosure of the requested materials has the potential to change the outcome of his trial.

Even more importantly, the Government has not disputed the impeaching nature of the requested evidence Nor has the Government disputed any fact Cheatham asserted the requested evidence would prove. However, the Magistrate recommended the denial of Cheatham's evidentiary request, without any reasoning at all. Such denial of discovery without reasoning constitute an abuse of discretion according to the Supreme Court in **Foreman vs. Davis**, 371 U.S. 178, 9 L.Ed.2d 222 at 226 [6, 7].

6

The Eleventh Circuit has "admonished district court's that their orders should contain sufficient explanations of their rulings, so as to provide this Court with an opportunity to engage in meaningful review." **See Danley vs. Allen, Lexis 5438, also see Clay vs. Equifax Inc., 762 F.2d 952 at 957-58 (11th Cir. 1985).** It is also obviously fundamentally deficient for the Magistrate to deny Cheatham's dicovery request, in which Cheatham has expressed a need for such materials, in order to support his legal arguments adequately. Then request the District Court to deny his pleadings, due to some deficiencies for which Cheatham expressed his desire to correct. The Magistrate intent here appear to be quite obvious.

Additionally, the Magistrate has made it's recommendation to dismiss Cheatham's 28 U.S.C. § 2255 pleadings and has asserted numerous misstatement of facts, or either has made misleading statement(s) in relation to applicable law. Therefore, Cheatham submits his objections to the Magistrates recommendation in order to clarify the disputed factual contents of the Magistrates's recommendation as follows:

   1.    **Objections To Magistrate's Recommendation That Petitioner's Prosecutorial Misconduct Claim Is Procedurally Barred And Meritless.**

The Magistrate contend that Cheatham's Prosecutorial Misconduct argument is procedurally barred, due to the argument not being raised on Direct Appeal. **See (Magistrate's Recomd.**

7

pg. 4) unless Cheatham can show cause, for his failure to raise the issue on direct appeal, his claim is otherwise barred from review.

The record of this Court is very clear on the claim at hand. Where the record show that counsel objected to the display of Cheatham's name being on evidence, in which the AUSA knew or should have known was only attributable to Carter. However, the jury was allowed to inspect the evidence which obviously appear to infer that Cheatham and Carter was somehow connected to the same. See (**Trial Transcript pg. 791 Thru 792**).

When counsel objected to the error at trial, counsel effectively reserved the argument for Direct Appeal, and/or any post-conviction review. However, counsel failed to raised the claim on Direct Appeal, after reserving the issue at trial, Therefore, it is shown to be the "cause" for this procedural default of this issue. Even more importantly, it is well settled that ineffective assistance of counsel can establish cause that should remove the default. See **Henderson vs Haley**, **353 F.3d 880 at 892 (11th Cir. 2003), also see Johnson vs Dugger,** 911 F.2d 440 t 46 (11th Cir. 1990).

When considering, Cheatham must also show "prejudice" directly related to the error for which is the focus of this argument, (Prosecutorial Misconduct) in order to remove the default. See **United States vs Frady**, 456 U.S. 152, 71 L.Ed.2d 816. The record of the District Court clearly show that

8

Cheatham was prejudiced by his name appearing on evidence, submitted for the jury's determination. Which had no factual or lawful connection to Cheatham, not withstanding the cautionary instructions by the Court, after the jury had inspected the evidence.

When considering the record clearly show that Cheatham proceeded to trial on May 8, 2003, and the jury was unable to reach a verdict as to Cheatham at the close of the evidence. **See (Docket Entry _____ ).** Then the record show that another trial date was scheduled for Cheatham on June 16, 2003 and Cheatham again proceeded to trial, and again the jury failed to reach a verdict as to Cheatham, and advised the Court that it was hung. **See (Magistrate Recomd. pg. 3 and 4).** However, the jury sent a note requesting an answer to the questions as to "Why Cheatham's name appeared on the title of the evidence?" Obviously the government's error was the focus of the jury's concerns with the connection between Cheatham and the evidence.

After the Court refused to give a requested special instruction and simply instructed the jury not to consider Cheathams name being on the evidence. The jury a short time later returned a guilty verdict as to Cheatham. Although the evidence with Cheatham's name on it appeared to be the focus of the jury's inquiry, and was the only connection to any physical drugs that was made in the entire trial, to Cheatham. This error certainly appear to undermine the integrity of the

9

jury's verdict and resulted in prejudice upon Cheathams conviction in the case at bar.

Although it is strongly presumed that the jurors are able to follow and respect limiting instructions, as rendered in **United States vs. Blankenship**. The jury in the case at bar appear to make the error directly related to the Government the center of it's inquiry, as it concerned Cheatham's guilt and/or innocence. since the incorrectly introduced evidence appear to be the jury's chief concern and only link to Cheatham while deciding his guilt or innocence. It can not be said that the jury in this case followed the instructions. Where there was no other evidence linking Cheatham to the crime being controverted before the jury delivered it's verdict.

In short, it appears from the record that Cheatham was prejudiced by the AUSA's error. When considering, the AUSA's error appear to be the primary factor of the jury's concern, subsequent to it;s verdict. Therefore, counsel's failure to raise the argument on Direct Appeal is not only shown to be the "cause" of Cheatham's procedural default, but since Cheatham appear to be prejudiced by the same. Counsel's failure to raise the issue on Direct Appeal appear to constitute ineffective assistance of counsel. When considering, counsel's deficiencies has met the two prong test under **Frady**, as to remove the procedural default, and counsel's deficient performance has also met the two prong test under **Strickland vs. Washington**, as to render ineffective assistance of counsel.

10

Which should be lawfully corrected under 28 U.S.C. § 2255, and show that it is the Magistrate's recommendation that Cheatham is procedurally barred, and can not prevail on this claim that is without merit, and should be disregarded by this Court.

### 2.    Ineffective Assistance Of Counsel.

The Supreme Court set standards under which claims concerning ineffective assistance of counsel cases are determined, and held under **Strickland vs. Washington, 466 U.S. 668, 80 L.Ed.2d 674.** In order to prevail on such a claim, a petitioner must meet a two prong test which demonstrate a denial of his or her constitutional right to counsel under the Sixth Amendment. The two prong test was explained as follows:

(a) The petitioner must demonstrate that counsel's decisions, advise and actions were so seriously deficient. That counsel was not functioning to the standard guaranteed by the Sixth Amendment. In other words this prong may be satisfied by a showing that counsel's advise, decisions and efforts did not meet an objective standard of reasonableness expected of a trained and competent attorney, involved in a criminal matter.

(b) The second prong is met by a showing that there exist reasonable possibilities that the outcome of the petitioner's trial or other proceedings would have been different, or the trial or proceeding was rendered unfair and/or unreliable, as

a direct result of counsel's unreasonable or unprofessional errors. In simpler words, the right to counsel is the right to reasonable and effective representation, on the part of counsel. See **Kimmelman vs. Morrison**, **477 U.S. 365, 91 L.Ed.2d 305 at 321.**

When considering Cheatham can demonstrate the two prong test of **Strickland vs. Washington**, in connection to each ground raised under his motion pursuant to 28 U.S.C § 2255, Cheatham should easily prevail on the issues at hand, and the Magistrate's Recommendation should be disregarded for all the following reasons:

### a. Petitioner Object To Magistrate's Recommendation To Dismiss Petitioner's Argument Concerning The Admissibility Of Co-Conspirators Statements

The Magistrate's recommendation to deny Cheatham's §2255 relief with respect to his argument, which asserted that counsel rendered ineffective assistance when counsel failed to request a **James** hearing, concerning the admissibility of Salery's statement(s) to law enforcement is an inaccurate and misleading conclusion of fact, in relation to applicable law, and is for these reasons an erroneous recommendation.

Specifically, the Magistrate's allegations, asserting that "Cheatham and Carter came together, and on each other's behalf." **See (Magistrate's Recomd. pg. 7)** is a false and misleading statement, when reviewing the portions of the record which the Magistrate refers. **See (Trial Trans pg. 30 thru 37).**

12

The Magistrate's claims are refuted by the record. Where there is no testimony by Salery to establish that Cheatham either came to Salery on behalf of Carter, or Where Carter came to Salery on behalf of Cheatham. The record instead clearly show that any alleged interactions between Carter and Cheatham was merely suggested by Salery. **See (Trial Trans. pg. 33, 34 and 36).**

There is no testimony or any other evidence to support a conclusion that Carter and/or Cheatham agreed to Salery's suggestions. Additionally, the Magistrate's allegations that Salery alluded to statement(s) by Cheatham and Carter regarding their arrangement in procuring and selling drugs and quantities of drugs they obtained from Salery, is another false and/or misleading statement, that is refuted by the record. **See (Magistrate's Recomd. pg. 7).**

Considering the record of the case clearly show that Salery alluded to an alleged arrangement he and Cheatham allegedly agreed upon. **See (Trial Trans. pg. 33).** However, the record failed to show where Carter was present, in order to agree with such arrangement, and the record has failed to reveal anywhere any interactions between Carter and Cheatham could have established such an understanding or agreement. Even more importantly, this Circuit has instructed that "Mere knowledge, acquiescence or approval without cooperation or agreement to cooperate is not enough to constitute one is a

13

party to a conspiracy." **See United States vs. Mendez**, **496 F.2d 128 at 129 (5th and 11th Cir. 1974)**. "In order to fasten guilt on one accused of being a co-conspirator it is necessary to prove that he actually participated in the conspiracy," charged. **Id 129.**

The record does not show where Carter agreed to anything suggested by Salery with respect to Cheatham. Futhermore, because the conspiracy in the indictment was alleged between Cheatham and Carter. There must be proof of an agreement between Cheatham and Carter. Salery's alluding to an allege understanding between he and Cheatham does not show any participation on the part of Carter. After considering, Carter can not agree to participate in activities he has no knowledge of. **See United States vs. Arbane**, **446 F.3d 1223 at 1223 (11th Cir. 2006)** asserting "It is impossible to have an agreement absent knowledge by both parties,as to what it is they have agreed."

After considering Salery or the Magistrate has not pointed out any conduct or activities with respect to Cheatham and Carter that may constitute a joint understanding or agreement, designed to achieve any objective at all. Where the Magistrate has failed to show where Cheatham and Carter did anything in concert or with any understanding of a common scheme or plan. In fact, the Magistrate has failed to point out any illegal activities or conduct altogether with respect to Cheatham.

14

Where there is no testimony concerning any actions Cheatham took to achieve any purpose at all. Therefore, Salery's declarations to law enforcement could not in any sense meet the in furtherance requirement to be admissible as evidence under 801(d)(2)(E). When considering, the statement must be designed to achieve the objective of the conspiracy in order to meet the in furtherance requirement. **See United States vs. DeLuna**, 763 F.2d 899 at ___ (8th Cir. 1985).

Although the Magistrate has acknowledged that the Court may admit such hearsay statements "subject to being connected up." **See (Magistrate's Recomd. pg 7 and 8).** Where the Magistrate cites **United States vs. Norton**, 755 F.2d 1429 at 1431 (11th Cir. 1985). However, the Magistrate has failed to show where Salery's hearsay testimony was connected up with any independent evidence, in order to be admissible under 801(d)(2)(E). In fact, there is no independent evidence the Magistrate or Government has to offer in support of the reliability of Salery's statement(s).

The Magistrate's observation that **United States vs. James**, 590 F.2d 575 (5th Cir. 1979) did not establish an inflexible rule that a hearing must be held. **See (Magistrate's Recomd. pg. 8).** Where the Magistrate cites **United States vs. Padilla-Martinez**, 762 F.2d 942, 950 (11th Cir. 1985) and **United States vs. Manaco**, 702 F.2d 860 (11th Cir. 1983). The Magistrate makes

a fairly accurate observation. However, it's use of these particular cases are not analogous to the case at bar. Considering the government in the cases cited by the Magistrate had other evidence to establish the existence and participation in the conspiracy apart from the declarant's statement. Unlike, Cheathams case where there is no such evidence apart from Salery's statement(s), and Salery's statements alone appear to be unreliable. Where counsel at trial has pointed out several inconsistent testimony's in relation to Salery. **See (Trial Trans. pg. 33, 34, and 154).**

The Magistrate also recognizes that **Bourjaily vs. United States,** 483 U.S. 171, 97 L.Ed.2d 144 has somewhat undermined **United States vs. James.** **See (Magistrate's Recomd. pg. 8)** and now the standards in **Bourjaily,** appear to be controlling authority. Although District Courts under **Bourjaily,** are now required to prove the initial, determination by a mere preponderance of the evidence. Such standards does not relieve the Court of proving by a preponderance of the evidence standard, (1) The existence of the conspiracy, (2) The declarant and the defendant's participation in the conspiracy and (3) the declaration was made during the course of, and in furtherance of the conspiracy, upon competent evidence. **See United States vs. Underwood,** 446 F.3d 1340 at 1346 (11th Cir. 2006).

The Magistrate also appear to acknowledge that the Supreme Court held in **Bourjaily vs. United States,** 483 U.S. 171, that

16

Federal Rules of Evidence 104(a) may determine the admissibility of co-conspirator's statments today. **See (Magistrate's Recomd. pg. 8).** Although Rule 104(a) may allow the co-conspirator's statement to be considered in determining whether a conspiracy exist and/or whether the declarant at issue was made "during the course of" and in furtherance of the alleged conspiracy. However, if the defendant object to the admissibility of such statements under 801(d)(2)(E). Federal Rules Of Evidence 104(a) require a determination by the trial judge, as to the admissibility of the declaration.

The responsibility for admission is to be determined under Federal Rules of Evidence 104(a) and rest solely upon the trial judge. Whether or not a conspiracy has been established by sufficient independent evidence, so as to permit admission of co-conspirator's declaration is a matter of competency under Federal Rules of Evidence 104(a) not conditional revelency under Rule 104(b). The competency of the evidence is determined by whether or not the probability of it's reliability is sufficient to permit it's admission.

It is well settled that, "The confession of an accused's co-defendant and alleged accomplice inculpating the accused, is not only hearsay, but is viewed with special suspicion and is presumptively unreliable as to the passages detailing the accused conduct or credibiltiy, since the co-defendant may have desire to shift or spread blame, curry favor, or avenge himself

17

or divert attention to another." See **Lee vs. Illinois**, **476 U.S. 530, 90 L.Ed.2d 514 at 525,** "The presumption of reliability of a co-defendant's confession, as it inculpatates the accused may be rebutted, but the presumption is not overcome where the confession is not shown to bear sufficient independent indicia of reliability. **Id. at _____**

Therefore, the Magistrate's contentions that Cheatham has failed to establish how a **"James Hearing"** was necessary to assist the trial court, or how the absence of the hearing led to the admissions of otherwise inadmissible evidence. However, the record of this Court clearly reveal Cheatham's concerns and nececity for a **James Hearing.** Where the record clearly show the unreliable nature of Salery's testimony. Where Salery first testified, that Carter only brought a person with him one time, when he came to do business with Salery. **See (Trial Trans. pg. 154).** Salery previously testified that Cheatham came to him tow or three times alone, and then they made arrangements to have Carter meet with Salery on all the subsequent occasions. **See Trial Trans. pg. 33 and 34).** Then Salery's testimony changed again to claim. Cheatham and Carter together met with him five or six times. **See (Trial Trans pg. 195).**

Obviously, Cheatham knew that Salery was testifying falsely. Therefore, it is also obvious that a **James Hearing** would assistthe Court with making a competency determination concerning Salery's hearsay declaration. Which would have reveal that Salery's out of court declaration to law enforcement was not only unreliable, but the Statement was not

in furtherance of the conspiracy alleged between Cheatham and Carter.

The Magistrates contentions that Salery's testimony as a whole was sufficient to demonstrate the existence of the conspiracy is another false and misleading assertion. **See (Magistrate's Recomd. pg 9).** Considering Salery's testimony as a whole only alluded to a possible conspiracy between Salery and Carter. Where Salery actually testified as to specific actions Carter may have taken to achieve the alleged objective of the conspiracy. However, the Magistrate cannot and has not pointed out any communication during Salery's testimony where he alleged any conduct or actions Cheatham took to achieve the objective of the alleged conspiracy. **See (Trial Trans. Entirely).**

The Magistrate's allegations that "Salery's testimony concerning co-conspirator's statements clearly related to declarations made in the course of and in furtherance of the conspiracy." **See Magistrate's Recomd. pg. 9).** is another factually and lawfully incorrect assertion. Where Salery's testimony concerning Cheatham has not revealed one actual statement made by Cheatham to support a theory of joint undertaking between he and Carter. Even by the Magistrate's own observation, the Magistrate could not find such statements. Where the Magistrate acknowledges that Salery only "Alluded to Statement's by Cheatham and Carter." **See (Magistrate's Recomd. pg. 7).**

19

Rule 801(d)(2)(E) of the Federal Rules of Evidence does not provide for admissions of statements of defendants that are alluded to by other co-conspirator's. The rule is clear and unambiguous. There has to be actual statements in which the Court must determine their admissibility and there were no actual statements communicated as to Cheatham that would meet the in furtherance of the conspiracy requirement. Where it is well settled that the statement must somehow advance the objective of the conspiracy to be admissible under 801(d)(2)(E). **See Eiswick vs. United States, 329 U.S. 211, at 277, 91 L.Ed.2d 196 at 200-01.**

Additionally the Government's attempt to introduce Salery's out of court statement at trial under Rule 801(d)(2)(E) according to the Magistrate's claims would be under false premises and not in accordance with Rule 801(D)(2)(E). Where the Magistrate infer that the statement's of Carter and Cheatham may be admitted, because the same were made in the course of and in furtherance of the conspiracy. However, Rule 801(d)(2)(E) does not provide admittance of the defendant's declarations. The rule allow admittance of Salery's declarations only if such was made "during the course of" and "in furtherance of the conspiracy." **see United States vs. Orellana-Bianco, 294 F.3d 1143 at 1149 (9th Cir. 2002).**

Salery's declaration was not made "during the course of, or in furtherance of the conspiracy. Where the record of the Court reveal that Salery was arrested and convicted in

February 2, 2000. **See (Trail Trans. pg. 107).** The record also show that Cheatham was arrested on September 10, 2002. **See (Criminal Docket Record).** Additionally Carter was arrested on January 14, 2002. When considering, the conspiracy is terminated after the arrest of the co-conspirators. **See United States vs. Postal, 589 F.2d 862 at 888 (5th and 11th Cir. 1979).** Salery's declarations was not in any sense made during the course of, or in furhherance of the conspiracy and is for these reasons inadmissible under Rule 801(d)(2)(E). Where his statement was not made until February 2003. **See (Trail Trans pg. 57).** Where Salery's declaration was not made during the course of the conspiracy and/or had not identified any activities by Cheatham to meet the in furtherance requirement under Rule 801(d)(2)(E). Therefore, Salery's out of court declaration to law enforeement was certainly inadmissible under Rule 801(d)(2)(E) and the Magistrate's claim **that** counsel can not be ineffective for not raising an argument which could not succed, is shown to be an incorrect observation in relation to the facts and applicable authority to Cheatham's case. Where proper objection and challenge to the government, on the part of counsel. **Requesting** that the Government show any specific statement made by Cheatham which was in furtherance of the alleged conspiracy. When considering, the record is void of any such statements and since Salery's proffer is shown to be after the alleged conspiracy had ended. Counsel could have demonstrated that Salery's statement was

inadmissible under Rule 801(d)(2)(E).

After considering, Salery's statement to law enforcement would be inadmissible, had counsel requested a **James Hearing** anytime during or after the close of the Government's case, in order for the Court to make a determination as to it's Admissibility. Where Salery's declaration was not made during the course of, or in furtherance of the alleged conspiracy, a lawful determination of the admissibility of the same would have required it's exclusion. Therefore, the result **of** Cheatham's trial would have been different. Where Sa**lery's** statements were the only evidence upon which **Cheatham's** conviction rested.

Therefore, the Magistrate's claim that counsel can not be ineffective for raising arguments which can not prevail, is another false and incorrect statement. Where the record and governing authority clearly show that counsel could have prevailed. After considering, Salery's declarations was not made during the course of or in furtherance of the alleged conspiracy, nor did he testify concerning any statement made by Cheatham to meet the in furtherance requirement. Such facts and authorities clearly show that it is the Magistrate's recommendation that is deficient to the extent which warrant disregarding.

Cheatham's case in relation to law and the circumstances at trial.

The Magistrate even concede "counsel's argument in his brief was no model of thoroughness." **See (MAgistrate's Recomnd. pg. 10).** However, the Magistrate claim, Cheatham's arguments in this regard - which really may be boiled down to a claim that there was no evidence of an agreement among the conspiraotrs - are not supported by the record." The Magistrate contend that "Salery's testimony was sufficient to show such an agreement. The weight to be afforded such testimony was a matter for the jury to decide. Cheatham has demonstrated no entitlement to any relief on his claim."

The Magistrate's conclusion that Salery's testimony was sufficient to show such an agreement, is a false and misleading accusation. Where Salery's testimony does not show where Cheatham acted in any way to further the objective of any conspiracy. Although the credibility of witnesses testimony is left for the jury's determination. Whenever no reasonable juror could have found the existence of the essential element of the offense, the Court must reverse it's previous judgement. **United States vs. Pedro, 999 F.2d 497 at 500 (11th Cir. 1993).** Furthermore, Cheatham's claim that no such agreement, is in fact supported by the record, and the Magistrate's observation and recommendation concerning

this issue is shown to be incorrect, for all the following reasons:

When reviewing a claim of insufficiency of the evidence. The Eleventh Circuit view all evidence in light most favorable to the Government. **See United States vs. Brown, 53 F.3d 312 at 313 (11th Cir. 1995).** In Cheatham's case the evidence most favorable to the Government, with respect to Cheatham's alleged agreement. Is Salery's hearsay testimony that he and Cheatham made arrangement's for Carter to be the middle man in the alleged conspiracy. **See (Trial Trans. pg. 33).**

Although this is the only statement by Salery which appear to allude to a possible agreement between Salery, Carter and Cheatham. This accusation by itself, does not show that Cheatham or Carter came to such an agreement. Although Cheatham and Carter are the co-conspirators named in the indictment. the evidence must show an agreement between Carter and Cheatham. However, Salery's statment appear to allege an agreement between Salery and Cheatham and is insufficient to establish an agreement between Carter and Cheatham.

Additionally, Carter must have knowledge of the alleged agreement before he can become a willing participant in the conspiracy. **See United States vs. Arbane, 446 F.3d 1223 (11th Cir. 2006).** Where The Eleventh Circuit held "It is

impossible to have an agreement absent knowledge by both parties as to what it is they have agreed to accomplish." In the case at bar, Salery's statement does not show where Carter was present when he allegedly made arrangements with Cheatham. Even more importantly his statement does not show that Carter agreed to such arrangements. Nor does it show where Cheatham followed up or followed through with such arrangement.

Additionally, Salery's statement does not show where Cheatham participated in any activities to achieve the alleged objective of the conspiracy. Although the evidence must show where Cheatham actively participated in some activities to achieve the objective of the conspiracy. **See United States vs. Mendez, 496 F.2d 128 at 130 (11th Cir. 1974)** asserting "mere knowledge, acquiescence or approval without cooperation, or agreement to cooperate is not enough to constitute one a party to a conspiracy." Although Salery alleges he and Cheatham made arrangements. There is no evidence that Carter had any knowledge of the arrangement between Salery and Cheatham, nor agreed to such arrangement. Even more important, there is no evidence that Carter and Cheatham acted in concert in an effort to achieve the objective of the arrangement agreed upon by Salery and Cheatham.

26

Mere presence is insufficient to establish a person's participation in the conspiracy. See **United States vs Villegas**, 911 F.2d 623 at 629 (11th Cir 1990). "The Government must show that each member participated in the conspiracy, with knowledge of it's illegal purpose and not merely that a member associated with a bad person." See **United States vs. Arbana**, at 1230. Whether alleged co-conspirators participated in a conspiracy may be proven by "direct or circumstantial evidence, including inferences from the conduct of the alleges participers, or from circumstantial evidence of a scheme." See **United States vs. Enriquez-Valdes**, 405 F.3d 1260 at 1270 (11th Cir. 2005).

Salery's testimony does not show where or how Cheatham participated in any agreement with anyone. Nor does it explain any circumstances where Cheatham interacted with Carter, or acted in concert with Carter to achieve any purpose at all. More importantly Salery's statement(s) does not reveal any scheme in which could be infered by Cheatham's conduct. When considering Salery has not testified as to any illegal conduct or activities attributable to Cheatham. Therefore, no reasonable or rational juror could have found the essential elements of an agreement between Carter and Cheatham. Where there was no testimony of the two acting in unison in furtherance of a scheme.

In fact, an evidentiary hearing appear to be

appropriate, where there is obviously a dispute between the Government and Cheatham, as to whether there exist evidence of an agreement between Carter and Cheatham. Where this Circuit held "As we have previously stated, if the petitioner alleges facts that if true would entitle him to relief. Then the district court should order an evidentiary hearing. **See Aron vs. United States, 291 F.3d 708 at 714-15 (11th Cir. 2002).** Additionally Title 28 U.S.C. § 2255 provide "[U]nless the motion and file and record of the case conclusively show that the prisoner is entitled to no relief, the court shall.... grant a prompt hearing, thereon." **See Sanders vs. United States, 373 U.S. 1, 10 L.Ed.2d 148 at 156 [1].**

When considering Cheatham has clearly shown that the evidence in this case was insufficient to establish (a) The conspiracy between Cheatham and Carter existed. (b) Cheatham knew of the illegal scheme and it's illegal purpose, and (c) Cheatham knowing joined in the participation of the scheme and it's illegal purpose.

Therefore, counsel's failures to argue these facts, in relation to the governing authorities, is shown to be an unreasonable and unprofessional judgement and effort. Which also resulted in prejudice to Cheatham. Where the facts of this case establish, in relation to law. That Cheatham could have lawfully prevailed on his claim regarding the insufficiency of the evidence. Had counsel

28

demonstrated the previous facts in relation to the previous cited authorities.

In short, where Cheatham has clearly demonstrated that no reasonable counsel would have failed to point out the facts of this case, in relation to the governing authorities, and since counsel's error's has resulted in an invalid conviction for Cheatham. Counsel has certainly rendered ineffective assistance of counsel, within the meaning of **Strickland vs. Washington**. Which should be corrected under 28 U.S.C. § 2255. Which also reveal that the Magistrate's recommendation in opposition to Cheatham's insufficiency argument should be disregarded, or this Court should hold an evidentiary hearing, in order to resolve, all disputed facts.

### c. Petitioner Object To The Magistrate's Recommendation To Deny Petitioner's Relief Regarding His Argument That The Court Improperly Led A Testifying Witness

The Magistrate's claim that, "Cheatham contends that his counsel on appeal also failed to adequately argue the issue of whether the Court's questioning of witnesses during trial improperly influenced the jury." **See (Magistrate's Recomd. pg. 11).** This assertion by the Magistrate is an incorrect statement of the facts of Cheatham's argument. When considering, Cheatham's complaint is not directed at the Court's questioning of any witness. Cheatham's complaint is focused on the Court's leading the witness,

29

after counsel appear to be on the threshold of impeaching the witness.

The Magistrate further claim, Cheatham maintain that his appellate counsel also ineffectively waive this claim, in the same manner as with his sufficiency of the evidnece argument.  By failing to present adequate arguments in support of his appellate brief.  **See (Magistrate's Recomd. pg. 11).**  The Magistrate them claim that it is Cheatham who failed to present legal arguments or point out facts sufficient to establish the merits of his claim.  However, on page 14 of Cheatham's memorandum in support of his motion under 28 U.S.C. § 2255, Cheatham clearly pointed out the subject of counsel's deficient performance.  Where Cheatham asserted "It was without question that the trial judge improperly interjected himself into the trial, by questioning and answering for the witness.  **See (Cheatham's Memorandum pg. 14).**

After considering, the contents of page 14 of Cheatham's memorandum the Magistrate's argument and recommendation is not only shown to be an inaccurate account of the facts of this case, but the fact's also reveal.  That it was not simply a matter of the Court questioning a witness.  The Court answering for a witness was the focus of Cheatam's argument.  After considering counsel appear to be at a point in his questioning of Salery, where

30

impeachment of the witness appeared to be in arms reach, when the Court answered for Salery. Where the communication proceeded as follows:

Counsel:      Who else did you tell them about

AUSA:         Objection Your Honor.

THE COURT:    Unless it _ _ _ _ the question is you told them about Mr. Carter and whoever else did you tell them about?

Counsel:      Yes Sir.

THE COURT:    I presume that he told them about Mr. Cheatham.

The record clearly reveal that the court interjected Cheatham's name in a trial for conspiracy, although the witness had not testifies to such facts. **See (Trial Trans pg. 60).**

A Judge or Court improper interjection in a criminal matter may render a trial fundamentally unconstitutional. See **United States vs. Welliver**, **601 F.2d 203 at 208-09 (5th and 11th Cir. 1979) also see United States vs. Daniels, 572 F.2d at 541 (5th and 11th Cir. 1978).** A judge's question <u>must</u> be for the purpose of aiding the jury in understanding the testimony. **See United States vs Bermea, 30 F.3d 1539 at 1530 (5th Cir. 1994).** In the instant matter the judge appear to began asking a question, and thereafter, the Court volunteered an unsolicited answer at a critical stage of coss-examination.

31

Courts have consistently held that in determining whether a trial judge overstep the bounds of acceptable conduct, that is, violated his duty to conduct the trial impartially, we must review the totality of the circumstances. **United States vs. Lance, 853 F.2d 1177 at 1182 (5th Cir. 1988).** A trial judges comments or questions are placed in proper context by viewing the totality of the circumstances." See **United States vs. Saenz, 134 F.3d 697 at 702 (5th Cir. 1998).** "It is clear error for the trial judge to ask question bearing on the credibility of a defendant-witness prior to the completion of direct examination. **Id. at _____.**

In the case at bar, the Court did not ask a question for the purpose of aiding the jury to understand the testimony. The Court plainly asserted a connection between Cheatham and his alleged co-conspirator, which appear to be in aid of the witness and government. The Court in the case of **United States vs. Saenz,** reversed and remanded the case, where the court observed that "The mere fact that the trial court itself, not the prosecutor elicited such damaging information contributed to the perception that the court was helping the government. **Id. at 707,** and concluded that the court's actions may have led the jury to a predisposition of guilt by improperly confusing the function of judge and prosecutor.

32

The Court's improper interjections are more so prejudicial when the evidence at trial is scant, as in the case at bar. **See United States vs. Saenz, at 714.** Just as in Cheatham's case the Court held, "Here the trial judge in the guise of fair comment, overreached and by adding evidence on the credibility of a key witness seriously impaired appellant's right to a fair and impartial trial." After considering, several courts has found judicial over involvement despite curative instructions. Where another Court held "Some comments however, may be so prejudicial that even good instructions will not cure the error." **See United States vs. Williams, 809 F.2d 1072 at 1088 (5th Cir. 1987).**

Counsel certainly deprive Cheatham of his Sixth Amendment right to reasonable and effective representation, when counsel failed to point out the facts of Cheatham's case in relation to this argument on appeal. Where it is clear from the record the Court improperly interjected, and testified for the witness in this case. After considering such action by the court constitute a clear error. Cheatham was unfairly prejudice by the Court's actions to the extent that the jury's verdict cannot be relied on to be of no influence by the Court, and it's verdict cannot be relied on to have rendered just and fair results. When the Court also failed to give any curative instructions.

33

The Magistrate's contention that "the appellate court reviewed the underlying claim and determined that it is meritless."... That determination became "the law of the case." **See (Magistrate's Recomd. pg. 11).** This accusation by the Magistrate is also false and misleading. Where the record clearly show that Cheatham has never raised his claim of ineffective assistance of counsel on Direct Appeal and the appellate court had not made any determination on the ground at issue here.

Additionally, the Magistrate's allegation that "It is incumbent upon Cheatham to establish the prejudice resulting from counsel's allegedly deficient performance." **See (Magistrate's Recomd. pg. 12).** Where the Magistrate claim Cheatham has failed to do so. However, the previous statd facts and authorities clearly reveal that the court committed 'clear error' by it's actions, which governing authorities ha determine may have improperly influenced the trial jury and rendered his trial unfair and unreliable. The Magistrate's observation and recommendation on this issue is shown to be an incorrect application of the law to the facts of this case. Therefore, it is the Magistrate's recommendation that should be disregarded concerning this ground.

34

**d.    Petitioner Object To Magistrate's Recommendation
To Deny Petitioner's Ineffective Counsel
Claim Under <u>United States vs. Booker</u>.**

The Magistrate recommend denial of Cheatham's **Booker**
based argument on the premises that, "It is well settled
that an attorney's failure to anticipate a change in the
law does not constitute ineffective assistance of counsel.
**See (Magistrate's Recomd. pg 12 and 13).** As the Magistrate
cite various Eleventh Circuit cases in support of it's
position. The Magistrate then conclude that, "Cheatham has
not established that his counsel's failures to raise a
**Booker** claim at sentencing fell below an objective standard
of reasonableness, and Cheatham is entitled to no relief
based on his claim of ineffective assistance of counsel."

The Magistrate's recommendation on this ground is yet
another false and misleading assertion, in relation to the
facts of Cheatham's case and the law applicable to these
circumstances. Where Cheatham does not expect counsel to
predict any change in the law. However, Cheatham does
expect counsel to take advantage of the laws applicable to
his case at the time of appeal. Which counsel failed to
do according to the following facts and record of the court.

The Magistrate's implied belief that counsel would have
had to predict the Supreme court holding in **Booker,** in order
to be ineffective is a false and misleading assertion of
the facts of Cheatham's case and the applicable law. Where
the record of this case clearly show that Cheatham was

35

sentenced on September 23, 2003. **See (Magistrate's Recomd. pg. 12).** However, the record also show that he filed a timely notice of appeal and was actually on appeal in the Eleventh Circuit until August 2 , 2004.

The essential facts in which the Magistrate has conveniently ommitted is. That the Supreme Court decision in **Blakely vs. Washington**, _____ U.S. _____ , 159 L.Ed.2d 403, was rendered on June 24, 2004. Where the Supreme Court held that a defendant's Sixth Amendment right to trial by jury is violated, where under mandatory guideline system a defendant's sentence is increased because of enhancements based on facts found by the judge which either exceed the verdict of the jury, or exceed the facts upon which the defendant admitted pursuant to the plea agreement.

The Magistrate also appear to ignore the relevant authority provided by **Griffith vw. Kentucky**, **479 U.S. 314, at 328, 93 L.Ed.2d 649.** Considering, "The Supreme Court has clearly held 'that a new rule for conduct of criminal prosecution is to be applied retroactively to all cases, state or federal pending on direct appeal or not yet final. **Also see United States vs. Higdon**, 413 F.3d 1136 at 1144 **(11th Cir. 2005).**

Since the record is clear on this point. Cheatham was definitely on Direct Appeal, when the Supreme Court rendered it's decision in **Blakely.** And because it is also clear that the rule in **Blakely** apply to defendants whether state or

36

federal on appeal, Counsel does not have to predict law which is available at the time of litigation, as implied by the Magistrate. Although **United States vs. Booker**, utilized the rule in **Blakely**, which was applied to the Federal Sentencing Guideline. The principle Cheatham desire from **Booker**, were available during the time of his Direct Appeal.

The record is also clear concerning the fact that the Court utilized a (Special Verdict Form) in Cheatham's case. **See (Jury Verdict Form Attached).** Where the trial jury found Cheatham guilty of 50 grams or more of cocaine base (crack). It is well settled that nothing can be added or taken away form a Special Verdict. However, the facts of this case are clear, and show that the Court found by a mere preponderance of the evidence standard at sentencing, that it could exceed the jury's "Special Verdict" in Cheatham's case, despite the mandatory system under the Guideline being in affect at the time to Cheatham's sentencing. **See (Sentencing Trans. pg. 24).**

The record clearly show that the Court found that Cheatham should be held accountable for 30 kilograms of crack and cocaine powder, although the jury only found beyond a reasonable doubt that only 50 grams of crack should be attributable to Cheatham. When considering, the Magistrate appear to acknowledge that such findings by the Court violate Cheatham's Sixth Amendment right to trial by

jury.  **See (Magistrate's Recomd. pg. 12).**  There is no question whether counsel rendered ineffective assistance of counsel.  When counsel obviously had an opportunity to argue the violation on direct appeal.

Additionally, the Court record show that counsel objected to the Court found drug quantities at sentencing.  **See (Sentencing Trans. pg 2 thru 10)(Attached).**  Once counsel objected to the drug quantities found by the preponderance of the evidence standard.  Counsel affectively reserved the argument for appeal.  Then when the Supreme Court rendered it's decision in **Blakely,** on June 24, 2004.  Counsel's failure to raise this Sixth Amendment violation on Direct Appeal pursuant to a supplemental to the appeal brief before the Eleventh Circuit Court of Appeal affirmed Cheatham's sentence and conviction on August 2 , 2004  is an unreasonable and unprofessional judgement and effort expected of a trained and competent attorney in a criminal matter.

After considering, counsel's failure to take advantage of the available authorities governing the Sixth Amendment jury trial guarantee on appeal also resulted in "prejudice" to Cheatham.  Where the facts of this case reveal.  Had counsel raised a **Blakey vs. Washington**, argument on appeal, in relation to the facts of Cheatham's sentence.  Cheatham sentence would have lawfully warranted reduction of at least 9 years.

Even if **Blakey** or **Booker** was not available on appeal, counsel would still be ineffective.  Where counsel failed to challenge the court exceeding the Special Verdict of the jury at sentencing.  Where **75B AM Jur 2d 1847, 1848 and 1858** provide (A) A special verdict in a criminal case must include all essential elements of the offense charged, or there can be no conviction, (B) Nothing can be added to a special verdict by inference, and acquittal results in case of it's omissions of any fact essential to constitute the crime charged, and (C) <u>Whatever is not found in the special verdict is considered as not existing.</u>

It doesn't matter which of these arguments you may choose to look at, counsel has rendered a deficient and unreasonable representation when he failed to raise and point out these defects in Cheatham's sentence.  Which has obviously resulted in prejudice to Cheatham upon his sentence of 19 years.  Therefore, since Cheatham has clearly shown the two prong - under **Strickland.**  And has shown that the Magistrate has erred in it's recommendation.  Cheatham assert it is the Magistrate's recommendation that should be disregarded here.

### Conclusion

**WHEREFORE    PREMISES    CONSIDERED,**    Movant/Cheatham respectfully urge this Honorable Court to disregard the Magistrate's Recommendation in it's entirety for all the

39

reasons pointed out by this pleading. Movant further request that this Honorable Court grant Cheatham the requested discovery, in order for Cheatham to accurately and sufficiently reveal that Cheatham has raised valid and meritorious arguments, which require relief under 28 U.S.C. § 2255.

In the alternative, Movant respectfully request that this Honorable Court respect the provisions under 28 U.S.C. § 2255 and grant an evidentiary hearing on all the issues being disputed as law and justice require.

Respectfully Submitted,

Artrone Cheatham
REg No. 11101-002
Federal Correction Comples
Post Office Box 9000
Forrest City, Arkansas 72336

40

## CERTIFICATE OF SERVICE

The Undersigned Pro-se litigant, hereby certifies that he has caused one original and two true and correct copies of the foregoing document, in the nature of ( Petitioner's Objections To Magistrate's Recommendation ) to be served upon Debra P. Hackett/Court Clerk for the United States Courthouse, One Church Street ( Zip 36104 ) Post Office Box 711 Montgomery, Alabama 36101-0711 and the Assistant U. S. Attorney, Todd Brown, at One Court Square, Suite 201, Montgomery, Alabama 36104 by way of the United States Postal Service.

This 31 Day Of _December_ ,2007

_Artrone Cheatham_
Artrone Cheatham
Reg. No. 11101-002
Federal Corrections Complex
Post Office Box 9,000
Forrest City, Arkansas 72336

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUN 19 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. 02-07-N |
| | ) | |
| ARTRONE CHEATHAM, | ) | |
| a/k/a "MOOCHIE" | ) | |

## VERDICT

1.    We, the Jury, find the Defendant Artrone Cheatham:

    _____ Not Guilty
    ___X___ Guilty

as charged in Count One of the superseding indictment.

[NOTE: If you find the Defendant "Guilty" as charged in Count One, proceed to paragraph 1(a) below. If you find the Defendant "Not Guilty" as charged in Count One, you need not consider paragraph 1(a) below, but should proceed to date and sign the verdict.].

1(a).    We, the Jury, having found the Defendant guilty of the offense charged in Count One, further find with respect to that Count that he conspired to possess with intent to distribute the following controlled substance in the amount shown (place an X in the appropriate box):

    Cocaine base ("crack" cocaine) - -
    (i)    Weighing 50 grams or more        ☒
    (ii)   Weighing 5 grams or more         ☐
    (iii)  Weighing less than 5 grams       ☐.

SO SAY WE ALL.

_Betty Johnson_
Foreperson

Date: 19 June 03

257