IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTRONE CHEATHAM,<br>MOVANT, | )<br>)<br>) |
| VS. | ) CIVIL NO. <u>2:06-CV-210-MEF</u> |
| UNITED STATES OF AMERICA,<br>RESPONDENT, | )<br>)<br>)<br>)<br>) |

<u>**PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**</u>

**COMES NOW,** Artrone Cheatham, herein Movant/Cheatham, Pro-se, and respectfully moves this Honorable Court, pursuant to **Title 28 U.S.C. § 2253(c)(2)** for a Certificate of Appealability, herein a ( COA ) with respect to the final **Order** of the United States District Judge, the Honorable Mark E. Fuller file on January 30, 2008 for which denied Cheatham's motion to vacate, pursuant to **28 U.S.C. § 2255**. And for grounds in support of a COA Movant states and shows the following;

    1.   Movant file a motion pursuant to **28 U.S.C. § 2255** on March 3, 2006. Setting forth six grounds under which Movant sought relief, of what Movant believe were consitutional defects in his trial and sentence.

    2.   Considering, only one witness testified at trial against Movant, where the government's witness appear to testify inconsistantly. Movant reasoned that the witnesses original proffer and interviews with law enforcement would impeach the witnesses testimony, in relation to the facts revealed at trial.

3. Movant also believed that he could show other evidentiary errors. Such as a violation of the Federal Rules of evidence **801(d)(2)(E)** upon disclosure of the sole witnesses proffers. Accordingly, Movant filed a request for discovery pursuant to **Rule 6(a)** of the rules governing § 2255 proceedings on June 9, 2007.

4. The Chief united States Magistrate Judge, issued it's recommendation to deny Movant's request for dicovery, without giving any reasoning on August 13, 2007. Movant submitted his objections to the Magistrate's recommendation on August 23, 2007. And the Court over-ruled Movant's objections on August 30, 2007. Although Movant appeared to show how his request for discovery would likely impeach the government's only witness against him, and reveal other evidentiary errors.

5. Although Movant was never provided the discovery in which Movant requested, in order to fully develope the factual basis of his grounds asserted pursuant to his § 2255 petition. This Court rendered it's final order and judgement, with respect to Movant's § 2255 motion on January 30, 2008. Which appear to violate due process, in light of Movant's demonstrating that he can impeach the government's sole witness against him.

6. The Supreme Court has advised, that due process is violated by the continued concealment of impeachment materials. See **Brady VS. Maryland**, 373 U.S. 83, 10 L.Ed 2d 215 at 218.

7. **Title 28 U.S.C. § 2253(c)(2)** instruct us that "A certificate of appealability may issue under paragraph (1) only if

the applicant has made a substantial showing of a denial of a constitutional right".

8.  Movant assert, that the record of this Court clearly show that Movant was denied discovery without any reasoning at all. Despite Movant demonstrating that the requested evidence would impeach the government's sole witness against him. Certainly the continued concealment of the requested evidence in Movant's case violated due process, to the same extent as the Supreme Court found in **Brady VS. Maryland,**.

9. Finally. this circuit has held that "a petitoner will be granted a certificate of appealability only if he make both a showing that he had a valid claim of a denial of his constitutional right, and a substantial showing that the procedure ruling was wrong.....These two showings both procedural and substantive, mean that it must be debatable among reasonable jurist". See **Jackson VS. Crosby,** 437 F.3d 1290 at 1295 ( 11th Cir. 2006 ).

10.  Movant has demonstrated that the Supreme Court has instructed that his Fifth Amendment right has been violated by the continued concealment of the impeachment materials in his case. Which also appear to satisfy the substantial showing of a denial of a constitutional right requirement. Movant has also shown that Supreme Court authority support his position. Which appear to show that the Court's failures to provide discovery before denying his pleadings under **28 U.S.C. § 2255** was procedurally incorrect. Therefore, Movant appear to have made both the procedural and substantive showing that this circuit has advised shall cause the certificate of appealability

to issue.

11.  Movant also believe he may be entitled to the COA in connection to other violations of Movant's constitutional rights. Such as Movant's Sixth Amendment right to reasonable and effective representaion. Where the record show that counsel failed to point out that the evidence was insufficient to support the essential element of an agreement to commit an illegal act, between the two charged defendants as specified by law in **United States VS. Arbane, 446 F.3d 1223 at 1230 ( 11th Cir. 2006 )**.

12.  Considering, Movant is legally entitled to judgment of acquittal under the Federal Rules of Criminal Procedure, 29(a) when the government lack sufficient evidence to sustain a conviction. Counsel renders an unreasonable and unprofessional performance when counsel fail to observe and comply with the rules and statutes that are beneficial to his client. When also considering counsel's failure to point out this error in Movant's trial also reulted in prejudice upon his conviction. Counsel redered ineffective assistance, to the same extent as described in **Strickland VS. Washington 466 U.S. 668, 80 L.Ed 2d 674.**

13.  In light of **Rule 29(a)** and the record of this Court. Counsel appear to deprive Movant of his Sixth Amendment right to reasonable and effective assistance of counsel. Which satisfies the sustantial showing of a denial of a constitutional right. Also where counsel's actions are prescribed in **Strickland VS. Washington** such actions also appear to show a sustantial procedural showing, which may lawfully require the COA to issue under this circuit standards.

4

14.  Movant also appear to make the showing of a denial of a consitutional right and a showing that Movant's arguments are debatable among jurist of reason, in connection to Movant challenging the Court's leading the witness at a critical stage of Movant's trial without correction or request for mistrial. The Court's interjection is forbidden by circuit law and deprive Movant of his Sixth Amendment right to a fair and impartial trial proceeding, as well as his Sixth Amendment right to reasonable and effective counsel. When considering, **United States VS. Saenz, 134 F.3d 697 at 707 ( 5th Cir. 1998)** support Movant's position that the Court's actions constitute error. Movant appear to have made both showings reuired for the issuance of the COA.

15.  Movant further appear to make a showing of a denial of a constitutional right and a showing that his arguments asserting, that the government violated Federal Rules of Evidence **801(d)(2)(E)** are debatable among jurist of reason. Where the record show that the government relied heavily on Salery's testimony at trial. Although Salery's out-of-court statement(s) to law enforcement was not offered in furtherance of the conspiracy and was therefore inadmissible at trial according to **United States VS. Underwood, 446 F.3d 1340 at 1346 ( 11th Cir. 2006 )** and **Rule 801(d)(2)(E)**. These authorities appear to support a conclusion that the Court's procedural ruling on this argument was incorrect. Which under this circuit standards make this issue debatable among jurist of reason. Since such facts also appear to constitute a violation of due process under the Fifth Amendment. Movant appear to make the showings that lawfully require the COA to

to issue.

16.  Movant appear to make a substantial showing of a denial of his Sixth Amendment right to counsel, as well as his Sixth Amendment right to trial by jury, inconnection with his argument asserting that the Court erred by exceeding the jury's verdict in the case at bar, and finding drug quantities, after the jury had made it's specific finding in connection to the Special verdict use in this case. The Supreme Court in **Blakely VS. Washington, 542 U.S. 296 159 L.Ed 2d 403** in which advises that such findings violate a defendant's Sixth Amendment jury trial guarantee. Considering the record of this Court appear to show such finding. The Court's procedural ruling on this argument appear to be incorrect. Which also appear to constitutute a debatable issue for appeal. According to the facts and authorities shown here.

17.  The AUSA's admitted error, submitting Movant's name to the jury, in connection to evidence that was unrelated to the conspiracy alleged in his indictment not only constituted plain error in the record of the Court. But the error also appear to deprive Movant of his Sixth Amendment right to a fair and impartial trial. Where the jury appeared to focus on the evdence with Movant's name on them. By questoining the Court concerning the same evidence just prior to the return of the guilty verdict. Considering, Movant is entitled to a fair and impartial trial. The Court appear to error by denying relief on this ground. Where Movant has shown a violation of his Sixth Amendment right to a fair trial and a showing that the Court's procedural ruling may have been wrong. Movant has clearly

demonstrated both the constitutional violation and that the Court's procedural ruling may be debatable among jurist of reason. Which should require the COA to issue with respect to this issue.

Considering, Movant have made substantial showings of a violation of a constitutional right. In connection to each of his arguments raised pursuant to his § 2255 petition. And since Movant has also demonstrated that controlling authorities appear to support a position that the arguments pointed out here could have been resolved in a different manner. Title **28 U.S.C. § 2253(c)(2)** advises that the COA requested here should issue for all the grounds and reasons asserted.

## CONCLUSION

**THEREFORE,** Movant respectfully moves this Honorable Court for the Issuance of the Certificate of Appealability in connection to all the previously stated grounds and issues presented here.

Respectfully Submitted

*Artrone Cheatham*
Artrone Cheatham

**CERTIFICATE OF SERVICE**

    The undersigned Pro-se, litigant hereby certifies that he has caused one original and two true and correct copies of the foregoing pleading, in the nature of a ( Request For A Certificate of Appalabilty ) to be served upon Patricia Brune the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division at Post Office Box 711, by way of the United States Postal Service.

This 5 Day of Feb ,2008

                                        Artrone Cheatham 1101-002
                                        Artrone Cheatham
                                        Reg. No. 1101-002
                                        Federal Corrections Complex
                                        Post Office Box 9000
                                        Forrest City, Arakansas 72336