IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.    ) | CR NO. 2:06-cv-0210-MEF |
| ) | |
| ARTRONE CHEATHAM    ) | |

## **O R D E R**

On February 12, 2008 (Doc. #23), the defendant filed a Motion for Certificate of Appealability.

In April 1996, 28 U.S.C.A. § 2253 was amended to provide that a "certificate of appealability" rather than a "certificate of probable cause" is necessary before a defendant may pursue an appeal in a habeas corpus proceeding. To obtain a certificate of appealability, the prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2).[1] The court finds that the defendant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (c)(2).

---

[1] The standard for a certificate of appealability is that the defendant must "make a 'substantial showing of the denial of [a] federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925, (1972)). The Supreme Court further explained that "'in requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the defendant need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court ***could*** resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."' *Id.* at 893 n.4, (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D.Ga. 1980).

Accordingly, it is ORDERED that defendant's request for a certificate of appealability is DENIED.

DONE this the 19th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE